UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD WORRELL, JR.,
        Plaintiff,
v.

THANG, INC., GEORGE CLINTON, SONY MUSIC ENTERTAINMENT, UNIVERSAL MUSIC GROUP, WARNER BROTHERS RECORDS, HDH RECORDS, WESTBOUND RECORDS AND SOUND EXCHANGE, INC.
        Defendants.

Case No. 4:22 cv 11009
Hon. Shalina D. Kumar
Hon. Mag. David R. Grand

_____/

DANIEL D. QUICK (P48109)
Dickinson Wright, PLLC
2600 W. Big Beaver Road
Suite 300
Troy, MI 48084
(248) 433-7200
dquick@dickinsonwright.com
Attorneys for Plaintiff

JAMES P. ALLEN, Sr. (P52885)
Schenk & Bruetsch, PLC
211 W. Fort St., Ste. 1410
Detroit, MI 48226
(313) 774-1000
james.allen@sbdetroit.com
Counsel for Defendants Thang, Inc. and George Clinton only

## DEFENDANTS' GEORGE CLINTON AND THANG, INC.'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, ACCOUTING AND JURY DEMAND

Defendants George Clinton ("Clinton") and Thang, Inc. ("Thang) through its attorneys Schenk and Bruetsch, PLC by James P. Allen, Sr., state as follows for their answer to Plaintiff's Complaint for Declaratory Relief, Injunctive Relief, Accounting and Jury Demand:

## I. NATURE OF PLAINTIFF'S CLAIMS

1. Answering Paragraph 1 of Plaintiff's Complaint, the complaint speaks for itself. Further answering the allegations in Paragraph 1 of Plaintiff's complaint, Defendant Clinton admits only that Plaintiff has attached what purports to be a valid letter testamentary which appears to appoint Judith Worrell executrix of Bernard Worrell's estate. All other allegations in this Paragraph are denied as untrue with Defendants Clinton and Thang leaving Plaintiff to its proofs.

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendants Clinton and Thang, neither admit nor deny the allegations contained therein for the reason that Defendants Clinton and Thang lack knowledge or information sufficient to form a belief as to the truth of the matters set forth therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendants Clinton and Thang admit only that Plaintiff: (1) was known professionally as Bernie Worrell; (2) was a former member of Clinton's band. Defendants Clinton and Thang deny as untrue all remaining allegations in Paragraph 2 as untrue.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendants Clinton and Thang admit the allegations set forth therein.

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendants Clinton and Thang admit only that their relationship with Worrell was governed by contract sworn to by Worrell, the terms of which were described by Worrell and his representatives in prior litigation. Defendants Clinton and Thang lack knowledge or information sufficient to form a belief as to what Worrell "believed" upon executing the contract. All other allegations in this paragraph are denied as untrue.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendants Clinton and Thang admit only that a contract governed their business relationship with Plaintiff's decedent, the terms of which Plaintiff swore to, abided by and which speak for themselves. Defendants Clinton and Thang deny all remaining allegations in this Complaint.

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendants Clinton and Thang admit only that Plaintiff has attached a Last Will & Testament to its Complaint purporting to be genuine. Defendants Clinton and Thang leave Plaintiff to its proofs to establish that the Will is valid and enforceable. Defendants Clinton and Thang deny all remaining allegations in this Paragraph as untrue.

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for they lack

knowledge or information sufficient to form a belief as to the truth of the matters as set forth herein.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendants Clinton and Thang admit only that the New York Complaint was filed and leaves Plaintiff to its proofs to prove any remaining allegations in the Paragraph as Defendants Clinton and Thang lack knowledge or information sufficient to form a belief as to their truth or falsity.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendants Clinton and Thang admit only that the New York Court issued a ruling, the content of which speaks for itself.  Defendants Clinton and Thang deny any remaining allegations in the Complaint for the reason that they are untrue.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason they constitute a legal conclusion and therefore leave Plaintiff to its proofs.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

## II. PARTIES

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendants Clinton and Thang admit only that Plaintiff has submitted documents purporting to be

from Whatcom County Superior Court, the contents of which speak for themselves and whose authenticity is still to be established. Defendants Clinton and Thang deny any remaining allegations in this paragraph.

25. Answering Paragraph 25 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendants Clinton and Thang deny as untrue the allegations contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason that Defendants Clinton or Thang lack knowledge or information sufficient to form a belief as to the truth of the matters set forth therein.

28. Answering Paragraph 28 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason that Defendants Clinton or Thang lack knowledge or information sufficient to form a belief as to the truth of the matters set forth therein.

### III. JURISDICTION AND VENUE

29. Answering Paragraph 29 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason they constitute a legal conclusion and therefore leave the Plaintiff to its proofs.

30. Answering Paragraph 30 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason they constitute a legal conclusion and therefore leave the Plaintiff to its proofs.

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

33. Answering Paragraph 33 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

34. Answering Paragraph 34 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason they constitute a legal conclusion and therefore leave the Plaintiff to its proofs.

35. Answering Paragraph 35 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason they constitute a legal conclusion and therefore leave the Plaintiff to its proofs.

## IV. COMMON ALLEGATIONS

36. Defendants Clinton and Thang incorporate their answers to Paragraphs 1-35 as fully stated herein.

37. Answering Paragraph 37 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny whether Plaintiff's decedent "produced, wrote or co-wrote hundreds of musical compositions which have been reproduced, distributed, sold and exploited throughout the United States and the world" as they lack sufficient knowledge or information to form a belief as to the number of recordings for which Plaintiff's decedent can claim credit. Further answering, Defendants Clinton and Thang admit that Plaintiff was both accomplished and acclaimed and deny all remaining allegations in this paragraph for the reason they are untrue.

38. Answering Paragraph 38 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason they lack knowledge or information sufficient to form a belief as to the truth of the matters set forth therein and therefore leave the Plaintiff to its proofs.

39. Answering Paragraph 39 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason they constitute a legal conclusion and therefore leave the Plaintiff to its proofs.

40. Answering Paragraph 40 of Plaintiff's Complaint, Defendants Clinton and Thang admit only that Clinton and Worrell's professional relationship was, at all times, governed by a binding contract(s) and deny as untrue all remaining allegations in this paragraph.

41. Answering Paragraph 41 of Plaintiff's Complaint, Defendants Clinton and Thang admit only that Worrell entered the contract at issue. Defendants Clinton and Thang neither admit nor deny the remaining allegations in this paragraph for the reason that they lack knowledge or information sufficient to form a belief as to the truth of the matters contained therein.

42. Answering Paragraph 42 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

43. Answering Paragraph 43 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

44. Answering Paragraph 44 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

45. Answering Paragraph 45 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason that Defendants Clinton or Thang lack knowledge or information sufficient to form a belief as to the truth of the matters set forth therein.

46. Answering Paragraph 46 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

47. Answering Paragraph 47 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

48. Answering Paragraph 48 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

49. Answering Paragraph 49 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

50. Answering Paragraph 50 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

51. Answering Paragraph 51 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

52. Answering Paragraph 52 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

53. Answering Paragraph 53 of Plaintiff's Complaint, Defendants Clinton and Thang neither admit nor deny the allegations contained therein for the reason that they lack knowledge or information sufficient to form a belief as to what Plaintiff truly seeks from the Court and deny any remaining allegations in this paragraph as untrue.

54. Answering Paragraph 54 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

55. Answering Paragraph 55 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

56. Answering Paragraph 56 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

57. Answering Paragraph 57 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

## COUNT I-DECLARATORY RELIEF

58. Defendants Clinton and Thang incorporate its answers to Paragraphs 1-57 as fully stated herein.

59. Answering Paragraph 59 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

60. Answering Paragraph 60 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

61. Answering Paragraph 61 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

62. Answering Paragraph 62 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

63. Answering Paragraph 63 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

## COUNT II--ACCOUNTING

64. Defendants Clinton and Thang incorporate its answers to Paragraphs 1-63 as fully stated herein.

65. Answering Paragraph 65 of Plaintiff's Complaint, Defendants Clinton and Thang deny the allegations contained therein as untrue.

## JURY DEMAND

66. Defendants Clinton and Thang Answer by relying on Plaintiff's Jury Demand.

## PRAYER FOR RELIEF

67. WHEREFORE, Defendants Clinton and Thang seek an order of dismissal and judgment of no cause of action in their favor, together with their fees and costs incurred in connection with the defense of this matter.

                        Respectfully submitted,
                        Schenk & Bruetsch, PLC

                        /s/James P. Allen, Sr.
                        James P. Allen, Sr. (P52885
                        Attorneys for Clinton and Thang
                        211 W. Fort St., Ste. 1410
                        Detroit, MI 48226
                        (313) 962-7777

May 15, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/Veronica Sanford
211 W. Fort St., Ste. 1410
Detroit, MI 48226
veronica.sanford@sbdetroit.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD WORRELL, JR.,

        Plaintiff,

v.

THANG, INC., GEORGE CLINTON, SONY MUSIC ENTERTAINMENT, UNIVERSAL MUSIC GROUP, WARNER BROTHERS RECORDS, HDH RECORDS, WESTBOUND RECORDS AND SOUND EXCHANGE, INC.

        Defendants.

_____/

Case No. 4:22 cv 11009
Hon. Shalina D. Kumar
Hon. Mag. David R. Grand

| | |
|---|---|
| DANIEL D. QUICK (P48109)<br>Dickinson Wright, PLLC<br>2600 W. Big Beaver Road<br>Suite 300<br>Troy, MI 48084<br>(248) 433-7200<br>dquick@dickinsonwright.com<br>Attorneys for Plaintiff | JAMES P. ALLEN, Sr. (P52885)<br>Schenk & Bruetsch, PLC<br>211 W. Fort St., Ste. 1410<br>Detroit, MI 48226<br>(313) 774-1000<br>james.allen@sbdetroit.com<br>Counsel for Defendants Thang, Inc. and George Clinton only |

_____

# **DEFENDANTS GEORGE CLINTON AND THANG, INC.'S AFFIRMATIVE AND OTHER DEFENSES**

Defendants George Clinton ("Clinton") and Thang, Inc. ("Thang"), through their attorneys, Schenk & Bruetsch, PLC, by James P. Allen, Sr. (P52885) state as follows for their Affirmative and Other Defenses:

1

1. For their first affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

2. For their second affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by promissory, judicial and/or other (e.g. estoppel by acquiescence) estoppel.

3. For their third affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the doctrine of laches.

4. For their fourth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by waiver, release, and/or prior settlement agreements.

5. For their fifth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the fair use doctrine.

6. For their sixth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by defendant Clinton's independent creation of the works at issue.

7. For their Seventh affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by express or implied license.

8. For their eighth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by their abandonment of them.

9. For their ninth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred, in whole or in part, by the first sale doctrine.

10. For their tenth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the *de minimis* use doctrine.

11. For their eleventh affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

12. For their twelfth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by Plaintiff's fraudulent conduct.

13. For their thirteenth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the doctrine of mutual mistake/mistake.

14. For their fourteenth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the misrepresentations of Plaintiff and his/her agents and representatives.

15. For their fifteenth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the acquiescence of Plaintiff's decedent.

16. For their Sixteenth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the doctrine of Impossibility

17. For their seventeenth affirmative defense, Defendants Clinton and Thang state that Plaintiff lacks standing to bring this suit affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by Plaintiff's lack of standing.

18. For their eighteenth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the doctrine of preemption.

19. For their nineteenth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by express or implied consent.

20. For their twentieth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis* use.

21. For their twenty-first affirmative defense, Defendants Clinton and Thang rely upon any other parties' validly stated affirmative defenses and adopt them here as if fully set forth herein.

22. For their twenty-second affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel, *res judicata*, and any other preclusive doctrine related to the issuance of prior court decisions in which a court of competent jurisdiction has ruled upon some aspect of this relief sought in Plaintiff's current complaint.

23. For their twenty-third affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by a prior accord and satisfaction, prior payment, and/or release.

24. For their twenty-fourth affirmative defense, Defendants Clinton and Thang state that Plaintiff's claims are barred in whole or in part by Plaintiff's own negligence and/or other conduct for which Defendant's bear no responsibility.

25. For their twenty-fifth affirmative defense, Defendants Thang and Clinton state that Plaintiffs have denied Defendants the opportunity to conduct discovery and, therefore, they reserve the right to amend these affirmative and other defenses as Defendants acquire knowledge that may be relevant to other defenses.

26. For their twenty-sixth affirmative defense, Defendants Thang and Clinton state that Plaintiff has failed to state a claim on which relief can be granted.

Respectfully submitted,

SCHENK & BRUETSCH, PLC

/s/James P. Allen, Sr.
James P. Allen, Sr. P52885
Attorneys for Clinton and Thang
211 W. Fort Street, Ste. 1410
Detroit, MI 48226
313-774-1000
James.allen@sbdetroit.com

May 15, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/Veronica Sanford
211 W. Fort St., Ste. 1410
Detroit, MI 48226
veronica.sanford@sbdetroit.com