# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD
WORRELL, JR.,

    Plaintiff,

vs.

THANG, INC.; GEORGE CLINTON;
SONY MUSIC ENTERTAINMENT;
UNIVERSAL MUSIC GROUP;
WARNER BROTHERS RECORDS;
HDH RECORDS; WESTBOUND
RECORDS; and SOUNDEXCHANGE, INC.,

    Defendants.

Case No. 4:22-cv-11009-FKB-DRG
District Judge F. Kay Behm
Magistrate Judge David R. Grand

___

DANIEL D. QUICK (P48109)
Dickinson Wright PLLC
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200 // Fax (844) 670-6009
dquick@dickinsonwright.com

*Attorneys for Plaintiff*

JAMES P. ALLEN, SR. (P52885)
Schenk & Bruetsch PLC
211 W. Fort Street, Suite 1410
Detroit, MI 48226-3236
(313) 774-1000 // Cell 313-779-0053
james.allen@sbdetroit.com

*Attorneys for Defendants Thang, Inc.*
  *& George Clinton, only*

DAVID E. PLUNKETT (P66696)
Williams, Williams, Rattner & Plunkett,
 P.C.
380 N. Old Woodward Avenue
Birmingham, MI 48009
(248) 642-0333 // Fax (248) 642-0856
dep@wwrplaw.com

BARRY I. SLOTNICK
JORDAN A. MEDDY
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
(212) 407-4000
bslotnick@loeb.com
jmeddy@loeb.com

*Attorneys for Def. SoundExchange, Inc.*

___

**STIPULATED ORDER**

**WHEREAS** this Order having been stipulated to by all parties and the Court being fully advised in the premises:

**WHEREAS** Paragraph 67 of Plaintiff's Complaint (the "Complaint") seeks various forms of relief against, among others, defendants Sony Music Entertainment, UMG Recordings, Inc. (erroneously sued as "Universal Music Group") and Warner Records Inc. (erroneously sued as "Warner Brothers Records") (collectively, the "Music Company Defendants"), including but not limited to a "declaration that Plaintiff is a co-owner of all rights and interests in and to [certain sound recordings], including worldwide copyrights therein, and thus has a continuing right to directly administer and control the use and exploitation of those interests." As alleged in Paragraph 2 of the Complaint, the Music Company Defendants were included as parties "in an abundance of caution".

**WHEREAS** Plaintiff and the Music Company Defendants have agreed to this Order; and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that:

1.     Plaintiff dismisses Paragraphs 30, 53, 59, 63, 65 and 67 of the Complaint as to the Music Company Defendants only, without prejudice. Thus, the Music Company Defendants are not necessary parties and the Complaint is hereby dismissed as to the Music Company Defendants, without prejudice, and with all parties to bear their own fees and costs to date, but subject to the terms of this Order.

Plaintiff agrees that it will not seek any remedy or relief against the Music Company Defendants so long as they are not parties, and that any findings or relief granted as to Thang, Inc. and George Clinton (collectively, the "Clinton Defendants") with regard to authorship or ownership of the sound recordings, or copyrights in or related rights to exploit the sound recordings that are the subject of the Complaint (the "Works") shall not be binding on, or have any evidentiary value in any subsequent proceeding against, any of the Music Company Defendants or any entities under common ownership, and the Music Company Defendants and any entities under common ownership shall not be bound by any order or judgment issued in this action, insofar as any such order or judgment would adversely affect the Music Company Defendants or any entities under common ownership with respect to any of their claims of authorship, ownership or control with respect to the Works. For sake of clarification, Plaintiff is not withdrawing any claims or requests for relief as against the Clinton Defendants.

2.   The Music Company Defendants agree to provide documents and information in response to a reasonable subpoena for documents and information (served upon counsel executing this Order via email, without further need of service) necessary for the resolution of the dispute between Plaintiff and the Clinton Defendants. The Music Company Defendants also agree to undertake reasonable efforts to obtain and produce in response to any such subpoena such documents and

information in the possession, custody or control of entities under common ownership of the Music Company Defendants, rather than the Music Company Defendants themselves. Any disputes regarding subpoenas served pursuant to this Order will be adjudicated by this Court.

3. The Music Company Defendants will abide by the Court's determination of, and/or the terms of any settlement between Plaintiff and the Clinton Defendants, concerning what percentage share of royalties that has or would otherwise accrue to the Clinton Defendants, if any, should be credited and/or paid to Plaintiff. In such an event, subject to the provision of appropriate tax and accounting records, the Music Company Defendants will comply with instructions issued by Plaintiff with respect to the rendering of royalty statements and remittance of any such royalty payments (subject to the Music Companies' claimed right to offset any such royalty payments against any unrecouped balance and Plaintiff's claimed right to dispute such unrecouped balance). Pending final judgment or a settlement between Plaintiff and the Clinton Defendants, the Music Company Defendants will hold and not pay to the Clinton Defendants (or any person or entity associated therewith) any royalties or other amounts otherwise payable to the Clinton Defendants related to the recordings at issue in the litigation.

4. By agreeing to the entry of this Order, Plaintiff and the Music Company Defendants agree that the Music Company Defendants are not waiving their ability

to raise any and all challenges to venue and jurisdiction in the Eastern District of Michigan in this action or any future litigation. Except as set forth in Paragraph 2 above, Plaintiff and the Music Company Defendants agree that Plaintiff will not use this Order as a basis to establish personal jurisdiction over the Music Company Defendants in this action or any future litigation or proceeding of any type in the Eastern District of Michigan.

**IT IS SO ORDERED.**

<u>s/F. Kay Behm</u>
Hon. F. Kay Behm
United States District Judge

Dated: August 29, 2023


STIPULATED AND AGREED TO:

<u> /s/ Daniel D. Quick            </u>
Daniel D. Quick (P48109)
Counsel for Plaintiff

<u> /s/ JoAn Cho                   </u>
On behalf of UMG Recordings

<u> /s/ David Jacoby               </u>
On behalf of Sony Music

<u> /s/ Julian K. Petty            </u>
On behalf of Warner Records Inc.

- 6 -

4863-8731-0203 v1 [101112-1]