```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                           SOUTHERN DIVISION
```

ESTATE OF GEORGE WORRELL, JR.,                  Case No. 22-11009

    Plaintiff,                                   F. Kay Behm
v.                                              United States District Judge

THANG, INC., and GEORGE CLINTON,

    Defendants.
_____/

**OPINION AND ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS (ECF No. 81)**

**I.      INTRODUCTION**

Plaintiff, the Estate of George Worrell, Jr., filed this copyright Complaint on May 10, 2022. (ECF No. 1). Worrell was a bandmate and collaborator of George Clinton, and his Estate alleges that Defendants have failed to pay royalties from the musical works at issue. Worrell died in 2016 and conveyed all his intellectual property to his wife, Ms. Worrell. The Estate filed suit in New York against the Defendants alleging breach of contract and seeking unpaid royalties/earnings. Clinton claimed in the New York suit that he never counter signed the parties' agreement. The New York court found the contract unenforceable. However, by renouncing the contract, the Complaint alleges that any of Worrell's rights

purportedly acquired by the record company were never transferred. Thus, the Estate now brings this copyright action.

On September 8, 2022, Clinton and Thang filed a motion to dismiss the complaint under Rule 12(b)(6), which the court denied. (ECF No. 46). Defendants have now filed a motion for judgment on the pleadings under Rule 12(c), arguing that Plaintiffs' joint authorship and accounting claims fail and the complaint must be dismissed. (ECF No. 81). This matter is fully briefed (ECF Nos. 83, 84) and the finds that oral argument is not necessary under Local Rule 7.1(f)(2).

For the reasons set forth below, the court **DENIES** the Motion for Judgment on the Pleadings.

## II.  FACTUAL BACKGROUND

Worrell, professionally known as "Bernie Worrell," was a former bandmate of Clinton's and collaborated with Clinton as a songwriter, musician, producer, and performer on the majority of songs that were recorded in the 1970s and 1980s by Clinton and various bands and/or musical groups, including "Parliament" and "Funkadelic," in which Clinton performed with Mr. Worrell and other musicians. (ECF No. 1, ¶ 3). According to the Complaint, the recordings, including audio and audiovisual recordings, were jointly created by Worrell with Clinton, and/or contain the results of Worrell's musical and/or vocal performances, or

2

upon which his name, image or likeness appear in connection with Defendants. *Id*.

The Complaint alleges that on January 1, 1976, Defendants presented Worrell with a recording contract to sign with Thang, Inc. (ECF No. 1, ¶ 6). Worrell signed and delivered the agreement and Defendants led Worrell to believe that the contract was fully executed ("Agreement"). *Id*. Under the Agreement, Worrell rendered his services as a musician, songwriter, recording artist and producer, individually and as a member of a group, exclusively to Thang, in the production of phonograph records. As consideration for his services in the creation and performance of recordings, Worrell was entitled to ongoing royalty payments and accountings for all records sold, licensed, or otherwise exploited containing the Works. *Id*. at ¶ 7.

Worrell passed away on June 24, 2016. In his will dated March 10, 2016, Worrell conveyed all tangible and intangible property including all intellectual property and rights to royalties to his wife, Ms. Worrell, who is the personal representative of the Estate. (ECF No. 1, ¶ 8). On May 10, 2019, the Estate filed suit in the State of New York against Defendants alleging Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, and asking for Accounting and Declaratory Relief seeking payment of royalties and earnings due pursuant to the

Agreement for the sale and exploitation of recordings embodying the Works that had been jointly created by Worrell and Clinton, and which contained Worrell's musical performances. *Id*. at ¶ 10.

In the New York lawsuit, Clinton claimed that he never countersigned the Agreement. According to the Complaint, Defendants submitted sworn testimony that they did not believe that any contract existed between themselves and Mr. Worrell, as Clinton declared he had never signed the proposed written Agreement. (ECF No. 1, ¶ 11; ECF No. 1-5). Accordingly, the Estate alleges that it first became aware of Defendants' claim that no contract existed between themselves and Mr. Worrell shortly after Clinton's deposition in another matter on May 10, 2019. *Id.* at ¶ 12. In 2021, the New York Supreme Court ruled that Worrell and Defendants did not have a contract due to the lack of bilateral execution—specifically, due to Clinton's declaration that he never signed the Agreement. The New York Supreme Court further determined that any testimony on Worrell's behalf would be a violation of New York's Dead Man's statute. *Id*. at ¶ 13.

The Complaint alleges that, because the Agreement was declared to be null and void, Worrell never transferred his interests in the Works to Defendants. (ECF No. 1, ¶ 15). Thus, according to the Complaint, because Defendants declared

4

in the New York lawsuit and the state court confirmed in an order, no contract existed between themselves and Worrell, then Worrell was a co-creator and joint owner of the master recordings of the Works whose interest therein now rightfully belongs to the Estate. *Id*. at ¶ 16. The first count of the Complaint asks the court to declare that Worrell was a co-creator and joint owner of the Works, and that the Estate has the right to continuing royalties. (ECF No. 1, Count I). The second count of the Complaint seeks an accounting of the books and records of Defendants related to royalties. (*Id.*, Count II).

### III. ANALYSIS

#### A. Standard of Review

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) may be brought "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). Motions under Rule 12(c) are typically analyzed under the same standard as motions to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549-50 (6th Cir. 2008). As such, the court "must construe the complaint in the light most favorable to the [nonmoving party] ... [and] accept all well-pled factual allegations as true*." League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). The complaint must

5

provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, the complaint must "contain[ ] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief, such as "when an affirmative defense ... appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (quotation marks omitted). A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[ ] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id*. at 678. However, a claim does not have "facial plausibility" when the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527. Showing entitlement to relief "requires more than labels and conclusions, and a formulaic

6

recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

In evaluating the allegations in the complaint, the court must be mindful of its limited task when presented with a motion to dismiss under Rule 12(b)(6). At the motion-to-dismiss stage, the court does not consider whether the factual allegations are probably true; instead a court must accept the factual allegations as true, even when skeptical. *See Twombly*, 550 U.S. at 555 (a court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *id*. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable"); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"). Indeed, in assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged." *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

B.   Joint Authorship and Accounting Claims

Defendants argue that they are entitled to judgment on the pleadings because the complaint fails to allege that Worrell intended to be a joint author in the works at issue, relying on *Childress v. Taylor*, 945 F.2d 500 (2d Cir. 1991) and its progeny.  Defendants argue that the complaint must allege that the putative co-authors made "objective manifestations of a shared intent to be coauthors" of the work.  (ECF No. 81, PageID.934, quoting *Aalmuhammed v. Lee*, 202 F.3d 1227, 1234 (9th Cir. 2000)).  Defendants further argue that the complaint must alleged that this is the intent of all putative co-authors, not just the person claiming co-authorship.  *Id.* (citing *Richlin v. MGM Pictures*, 2006 U.S. Dist. LEXIS 103960, at *9 (C.D. Cal. Jan. 30, 2006) (citing *Childress*)).  Defendants assert several variations on this argument including that the complaint only contains conclusory allegations of authorship intent, and the lack of an agreement with Worrell does not automatically create joint authorship.

Defendants' arguments fail.  Importantly, all of the cases on which they rely were decisions made in the summary judgment or bench trial context, after the record was fully developed, not the context of a motion to dismiss or a motion for judgment on the pleadings.  None of those decisions Defendants cite actually hold that a <u>complaint</u> must contain certain allegations to state a claim for joint

authorship.[1] As such, Defendants' motion is deficient because it failed to cite any authority that imposes the standards set forth in Defendants' case law on Plaintiffs in the pleading context. Indeed, Defendants ask this court to impose an evidentiary burden on Plaintiffs at the pleading stage, which this court is not inclined to do. *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (In assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged.") (quoting *Swierkiewicz*, 534 U.S. at 511). As the court held in *Nock v. Boardroom, Inc.*, 2023 WL 3572857, at *4 (E.D. Mich. May 19, 2023) (Friedman, J.), such an evidentiary attack on a complaint "misconceives how pleadings are evaluated on a Rule 12(b)(6) motion." *See also Russett v. NTVB Media, Inc.*, 2023 WL 6315998, at *3 (E.D. Mich. Sept. 28, 2023) (same).

---

[1] Defendants cited one case in the motion to dismiss context in their reply brief, but that case was dismissed because the allegation of joint authorship was based solely on the contribution to a prior independent work, a claim not at issue here. *See Jefferson v. Raisen*, 2021 U.S. Dist. LEXIS 199127, at *15 (C.D. Cal. Apr. 27, 2021). A second case cited in the reply was decided in the context of a motion for judgment on the pleadings, however, there, the court considered extensive materials outside the complaint via judicial notice, including (1) the copyright registrations; (2) the publicly released labels, credits, and liner notes; (3) a related decision from another court; (4) other court orders; and (5) SAG-AFTRA's Sound Recording Distribution Guidelines. *See Aalmuhammed. Steward v. West*, 2014 U.S. Dist. LEXIS 186012, at *7-14 (C.D. Cal. Aug. 14, 2014). Accordingly, these cases are not persuasively applicable in this procedural context.

Lastly, Defendants argue that the accounting claim necessarily fails because Plaintiffs' joint authorship claim fails. However, because the court rejects Defendants' argument that the joint authorship claim fails, so too will it reject the argument that the accounting claim must fail.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss the Complaint is **DENIED**.

**SO ORDERED**.

Date: November 7, 2024   <u>s/F. Kay Behm</u>
F. Kay Behm
United States District Judge