# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD
WORRELL, JR.,

    Plaintiff,

vs.

THANG, INC. and
GEORGE CLINTON,

    Defendants.

Case No. 4:22-cv-11009-FKB-DRG
District Judge F. Kay Behm
Magistrate Judge David R. Grand

_____

| DANIEL D. QUICK (P48109) | JAMES P. ALLEN, SR. (P52885) |
| Dickinson Wright PLLC | PETER E. DOYLE (P81815) |
| 2600 W. Big Beaver Road, Suite 300 | Schenk & Bruetsch PLC |
| Troy, MI 48084 | 211 W. Fort Street, Suite 1410 |
| (248) 433-7200 // Fax (844) 670-6009 | Detroit, MI 48226-3236 |
| dquick@dickinsonwright.com | (313) 774-1000 // Cell 313-779-0053 |
| *Attorneys for Plaintiff* | james.allen@sbdetroit.com |
| | peter.doyle@sbdetroit.com |
| | *Attorneys for Defendants* |

_____

## **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERTS**

    Plaintiff Estate of George Bernard Worrell, Jr., by its attorneys, Dickinson Wright PLLC, moves this Honorable Court for an Order striking Defendants' experts. In support of its Motion, Plaintiff relies on the court rules and caselaw set forth in its accompanying Brief in Support of Motion to Strike Defendants' Experts.

Plaintiffs further requests an award of its costs and fees pursuant to Fed. R. Civ. P. 37(c)(1).

Concurrence in the relief requested in this Motion was sought from counsel for Defendants on December 16, 2024, and concurrence was denied.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

/s/ *Daniel D. Quick*
Daniel D. Quick (P48109)
*Attorney for Plaintiff*
2600 W. Big Beaver Road, Suite 300
Troy, MI 4804
248-433-7200

Dated: December 17, 2024

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD
WORRELL, JR.,

    Plaintiff,

vs.

THANG, INC. and
GEORGE CLINTON,

    Defendants.

Case No. 4:22-cv-11009-FKB-DRG
District Judge F. Kay Behm
Magistrate Judge David R. Grand

_____

| | |
|---|---|
| DANIEL D. QUICK (P48109)<br>Dickinson Wright PLLC<br>2600 W. Big Beaver Road, Suite 300<br>Troy, MI 48084<br>(248) 433-7200 // Fax (844) 670-6009<br>dquick@dickinsonwright.com<br>*Attorneys for Plaintiff* | JAMES P. ALLEN, SR. (P52885)<br>PETER E. DOYLE (P81815)<br>Schenk & Bruetsch PLC<br>211 W. Fort Street, Suite 1410<br>Detroit, MI 48226-3236<br>(313) 774-1000 // Cell 313-779-0053<br>james.allen@sbdetroit.com<br>peter.doyle@sbdetroit.com<br>*Attorneys for Defendants* |

_____

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS
MOTION TO STRIKE DEFENDANTS' EXPERTS**

_____

# **TABLE OF CONTENTS**

ISSUE PRESENTED ............................................................................................... II

MOST CONTROLLING AUTHORITIES ............................................................ III

I. INTRODUCTION AND STATEMENT OF FACTS ..................................... 1

II. ARGUMENT ................................................................................................ 3

## ISSUE PRESENTED

Defendants violated the Court's Case Management Order (ECF No. 78) by failing to produce expert reports on or before December 13, 2024. When the Court made clear that it would hold the parties to the Case Management dates, and all of the rest of the dates – including the rest of expert discovery and the deadline for the filing of dispositive motions – was built off of the expert report dates, should Defendants' experts be struck?

    Plaintiff answers: YES

    Defendants presumably answer: NO

## MOST CONTROLLING AUTHORITIES

Fed. R. Civ. P. 26

Fed. R. Civ. P. 37

*RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659 (6th Cir. 2024)

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)

*Domski v. Blue Cross Blue Shield of Michigan*, No. 23-12023, 2024 WL 4433063 (E.D. Mich. Oct. 7, 2024)

## I. INTRODUCTION AND STATEMENT OF FACTS

This case was filed in July 2022. Defendants Clinton and Thang, Inc. ("Defendants") were promptly served and discovery ensued. On June 20, 2024, the Court held a case management conference and subsequently entered its Case Management Order (ECF No. 78). During that conference, the Court explained that it was setting firm deadlines for the completion of discovery and intended to hold the parties to the schedule. The key features of the Case Management Order were the following:

| | |
|---|---|
| Expert Witness List/Disclosures/Report - Plaintiff | November 15, 2024 |
| Expert Witness List/Disclosures/Report - Defendant | December 13, 2024 |
| Rebuttal reports are due: | January 6, 2025 |
| Fact Discovery | October 21, 2024 |
| Expert Discovery | January 13, 2025 |
| Status Conference | September 26, 2024 at 10:30 a.m. |
| Facilitation: The parties **must** notify the judicial assistant by September 13, 2024 (one month before the close of discovery) of their choice of facilitator and scheduled date[1] | January 13, 2025 |
| Dispositive Motions and Motions to Limit/Exclude Expert Testimony | February 10, 2025 |

Each part of this schedule relied upon timely completion of other dates. Hence, for experts, Plaintiff's reports were due by November 15, providing Defendants with roughly a month to provide their expert reports. Then Plaintiff had three weeks to

1

file rebuttal reports and the parties had only a month to complete expert discovery and facilitate the case. The Court set the dispositive motion deadline a month later to provide space for the facilitation.

On November 15, 2024, Plaintiff timely issued its expert witness reports. (See Ex. A, Ellen Exner Report; Ex. B, Bob Kohn Report). Plaintiff also initially included a third report regarding damages, but this has been withdrawn.[1] The email transmitting the reports stated, in part: "We look forward to receiving any expert reports from Defendants on or before December 13." (Ex. C)

Defendants did not respond to that email or communicate further with regard to its expert reports. On the date required by the Case Management Order, December 13, Defendants filed an expert disclosure but did not provide any reports. (Ex. D) The next business day, Plaintiff informed Defendants of their violation of the Court's

---

[1] Defendants had promised but not yet supplied documents and information demonstrating Defendants' exploitation of the subject works, even though that information had been requested in written discovery and promised several times by Defendants. Defendants provided some information on November 25, 2024, but it was dramatically incomplete. Regardless, in this case Plaintiff seeks a declaratory judgment as to its co-ownership of the Works and then an accounting from the co-owner of amounts realized through exploitation of the works. Since an accounting is a proper remedy once co-ownership is adjudicated, there is no need for Plaintiff to prove damages at this point. See, e.g., *Derminer v. Kramer*, No. 04-CV-74942-DT, 2005 WL 8154857, at *11 (E.D. Mich. July 14, 2005) (under the 1976 Copyright Act, as well as under the 1909 Act, co-owners of copyrights are "treated generally as tenants in common, with each co-owner having an independent right to use or license the use of a work, subject to a duty of accounting to the other co-owners for any profits."). Hence, the damages report was withdrawn.

Order. Defendants subsequently responded claiming that the Case Management Order was "unambiguous" and insisted that in fact their deadline was January 6, the date listed for "rebuttal" expert reports. Thus, what Defendants propose is that Plaintiff will have only seven calendar days to digest Defendants' reports, depose Defendants' experts, and conduct facilitation. Further, Defendants' position eliminates Plaintiff's right under the Case Management Order to issue rebuttal reports.

## II.   ARGUMENT

The Case Management Order is clear and unambiguous: Defendants had an obligation to provide expert "reports" by December 13, 2024. This is further supported by the structure of the Case Management Order and the rest of the dates provided therein. And Plaintiff expressly told Defendants on November 15 that their deadline for reports was December 13. Defendants did not disagree nor seek clarification from the Court for some alleged ambiguity. The only logical conclusion is that Defendants just disregarded the Court's Order, perhaps as part of its ongoing quest to extend discovery and heap further delay and costs upon Plaintiff.

The legal framework for this Motion was recently summarized by Judge Lawson in an opinion which should be instructive in this matter, *Domski v. Blue Cross Blue Shield of Michigan*, No. 23-12023, 2024 WL 4433063 (E.D. Mich. Oct. 7, 2024)(copy attached as Ex. E).

3

It is well established that the pretrial disclosures required by Federal Rule of Civil Procedure 26 are mandatory. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003). Rule 26(a)(2)(A) says that "a party must disclose to the other parties the identity of any witness it may use at trial to present [expert] evidence." The disclosure must include "a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

Rule 37(c)(1) lays out the Court's obligation when dealing with non-compliant disclosures. That rule "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." *Vance, by & Through Hammons v. United States,* 182 F.3d 920, 1999 WL 455435, at *3 (6th Cir. 1999) (table). The harshness of that rule can be ameliorated if the offending party can show that "the violation was harmless or is substantially justified." *Roberts*, 325 F.3d at 782 (citation omitted).

The determination of harmlessness and substantial justification is committed to the Court's discretion, which is "broad." *Bisig v. Time Warner Cable, Inc.,* 940 F.3d 205, 219 (6th Cir. 2019). The Sixth Circuit has provided guidance for exercising that discretion, suggesting five factors to consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)).

Id at *3.

With regard to surprise, while Defendants have disclosed the names of their experts, nothing substantive has been provided. This means Plaintiff has no idea what will be in the reports or what they will require to rebut. This is surprise. "[E]ven if the [plaintiff] was informed that expert witnesses might be part of the [defendants'] evidentiary presentation, that information was not much use without the detail required by Rule 26(a)(2)(B)." *Domski, supra* (citing *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 671 (6th Cir. 2024) ("Although Defendants had notice that Lockhart was Plaintiffs' proposed expert witness, Defendants had no information about Lockhart's qualifications, opinions, and the bases for such opinions.").

With regard to an ability to cure and disruption to trial, the only solution offered by Defendants is to extend discovery. Defendants have already sought to extend discovery and it was denied. (ECF No. 106) While Defendants were granted very limited third-party discovery by Magistrate Judge Grand, that discovery was conducted expeditiously and completed on December 4, well within the existing Case Management Order deadlines (and, in any event, none of that discovery bore any relevance to the matters addressed in the expert reports). Defendants' bid to once again extend discovery is part of a delay tactic that has nothing to do with the expert reports. Moreover, if discovery is extended, it will cause Plaintiff to incur additional costs, delay the filing of dispositive motions, and delay trial. As the Sixth

5

Circuit has held in similar circumstances, "reopening discovery would reward [defendants] for their inability to obey the district court's orders while punishing [plaintiff]." *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 670 (6th Cir. 2024). Further, allowing late will cause Plaintiff "to bear the effort and expense necessary to cure [the defendants'] failure to disclose, which would arguably reward [the defendants] for [their] untimeliness and does nothing to deter similar conduct from future litigants." *Id.* (*quoting EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, 768 F. App'x 459, 469 (6th Cir. 2019) (internal quotations omitted)). Or, as Judge Lawson put it in *Domski*, while "issuing a new scheduling order would cure all of these difficulties," the plaintiff must demonstrate good cause for that relief under Fed. R. Civ. P. 16(b)(4) (stating that a scheduling order establishing discovery deadlines "may be modified only for good cause and with the judge's consent"). This Defendants cannot do, because "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Here, there was no diligence, just blatant disregard.

As to the importance of the evidence, it is unknown at this point whether or how Defendants can actually rebut Plaintiff's experts. Defendants will undoubtedly claim that their use of experts is important, but as the Sixth Circuit has noted, "this factor can cut both ways." *RJ Control Consultants, Inc.*, 100 F.4th 659, 670 (quoting

6

*Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 220 (6th Cir. 2019)). "The more important the proof, the greater the effect of preclusion, but also the greater the harm in tardy disclosure." *EQT Prod. Co.,* 2017 WL 2295906, at *5.

Lastly, as to the explanation offered by Defendants, there is none that can be squared with the Court's Order. And it is Defendants themselves who have created this problem, by ignoring Plaintiff's November 15 email which clearly stated the view that Defendants' reports were due December 13. Defendants did nothing to gain allegedly needed clarity, but simply sat back, ignored the December 13 deadline, and shifted all of the prejudice, cost and inconvenience of their actions upon Plaintiff. This should not be permitted to stand.

All of the *Howe* factors favor the requested relief. Plaintiff respectfully requests the Court to grant its motion and strike Defendants' experts. Further, Plaintiff asks the Court to award costs and fees pursuant to Fed. R. Civ. P. 37(c)(1) (stating that the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure").

        Respectfully Submitted,

        DICKINSON WRIGHT PLLC

        /s/ *Daniel D. Quick*
        Daniel D. Quick (P48109)
        *Attorney for Plaintiff*
        2600 W. Big Beaver Road, Suite 300
        Troy, MI 4804
        248-433-7200

Dated:  December 17, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2024 the foregoing document was electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing upon all registered counsel and serve same.

By: /s/ *Daniel D. Quick*

4857-3307-2703 v1 [101112-1]

8