# EXHIBIT 1

## James Allen

| | |
|---|---|
| **From:** | Daniel D. Quick <DQuick@dickinson-wright.com> |
| **Sent:** | Tuesday, December 17, 2024 1:48 PM |
| **To:** | James Allen |
| **Cc:** | Peter Doyle |
| **Subject:** | RE: Settlement Agreement and Release |
| | |
| **Categories:** | Filed to Clio |

Mr. Allen:

There was no "failure" to produce the subject agreement. It is not relevant and we objected to any requests that might be construed to have called for it (even though the agreement did not exist when the responses were served). When you raised the topic generally on September 26, 2024 via email (after having failed to earlier identify alleged discovery shortcomings and having attempted to ambush me on the call with the judge), I responded advising you of the agreement, stating the willingness to produce it despite its lack of relevance, and asking you to confirm. You didn't. Then, Judge Grand on November 20 held that he wanted agreements regarding the sound recordings in the Works with the Boladian Parties produced. We then produced the agreement to you on November 25. Nothing is improper about any of this. Nor is there anything about the agreement that is relevant or speaks to the 'real party in interest.' Suffice to say, we do not consent to your threatened motion.



**Daniel D. Quick**
Member
O:248-433-7242
DQuick@dickinsonwright.com

2600 West Big Beaver, Suite 300, Troy, MI 48084

**From:** James Allen <james.allen@sbdetroit.com>
**Sent:** Monday, December 16, 2024 5:14 PM
**To:** Daniel D. Quick <DQuick@dickinson-wright.com>
**Cc:** Peter Doyle <Peter.Doyle@sbdetroit.com>
**Subject:** Re: Settlement Agreement and Release

Good afternoon, Dan:

On Wednesday, December 4 (below), I sent you an email asking whether there were any circumstances mitigating your failure to provide a copy of the Settlement Agreement and Release between your client and Westbound Records, given that the document was clearly relevant and subject to pending document requests and court orders. Indeed, it appears to change the real party in interest for a substantial portion of the pending claims and to release Mr. Clinton from liability to the Worrell Estate. You didn't respond to that email.

1

Under the circumstances, I must now seek relief from the Court. If there is any reason why your refusal to produce the document for the roughly yearlong period between its execution and production is anything other than intentional withholding of important evidence, it would be important for me to know before involving the Court in the matter.

Failing that, I am asking whether your client consents to the relief we will be seeking in our forthcoming motion, including (a) dismissal of the suit as a sanction; (b) attorney's fees and costs to compensate my clients for the prejudice they have suffered, (c) an extension of the discovery period to permit inquiry into a range of topics including but not limited to the scope of the release, the nature of the real party in interest for all pending claims, and the overall effect of the Settlement Agreement, and (d) order barring plaintiff's use of any evidence relating to the Settlement Agreement, the corporate parties involved, or the principals thereto.

Jim Allen

**From:** James Allen <james.allen@sbdetroit.com>
**Date:** Wednesday, December 4, 2024 at 4:06 PM
**To:** Daniel D. Quick <DQuick@dickinson-wright.com>
**Cc:** Peter Doyle <Peter.Doyle@sbdetroit.com>
**Subject:** Settlement Agreement and Release

Dear Dan:
I received your email dated November 25, 2024 attaching the December 27, 2023 Settlement Agreement and Release between the Worrell Parties and the Westbound Records, Inc.  Can you please tell me why this is only now being produced?
Jim Allen
The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.