# EXHIBIT 4



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD
WORRELL, JR.,

    Plaintiff,

vs.

THANG, INC.; GEORGE CLINTON;
HDH RECORDS; WESTBOUND
RECORDS; and SOUNDEXCHANGE, INC.,

    Defendants.

Case No. 4:22-cv-11009-FKB-DRG
District Judge F. Kay Behm
Magistrate Judge David R. Grand

---

DANIEL D. QUICK (P48109)
Dickinson Wright PLLC
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200 // Fax (844) 670-6009
dquick@dickinsonwright.com
*Attorneys for Plaintiff*

JAMES P. ALLEN, SR. (P52885)
PETER E. DOYLE (P81815)
Schenk & Bruetsch PLC
211 W. Fort Street, Suite 1410
Detroit, MI 48226-3236
(313) 774-1000 // Cell 313-779-0053
james.allen@sbdetroit.com
peter.doyle@sbdetroit.com
*Attorneys for Defendants Thang, Inc.*
  *& George Clinton, only*

DAVID E. PLUNKETT (P66696)
Williams, Williams, Rattner & Plunkett,
  P.C.
380 N. Old Woodward Avenue
Birmingham, MI 48009
(248) 642-0333 // Fax (248) 642-0856
dep@wwrplaw.com

BARRY I. SLOTNICK
JORDAN A. MEDDY
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
(212) 407-4000
bslotnick@loeb.com
jmeddy@loeb.com
*Attorneys for Def. SoundExchange, Inc.*

---

## PLAINTIFF'S RESPONSES TO DEFENDANT GEORGE CLINTON'S FIRST REQUEST TO PRODUCE DOCUMENTS TO PLAINTIFF

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff the Estate of George Bernard Worrell, Jr. ("Plaintiff") submits the following responses and objections to Defendant George Clinton's ("Clinton") First Set of Requests for Production.

## PRELIMINARY STATEMENT

Plaintiff has not completed its investigation, discovery, and preparation for trial. As discovery proceeds, Plaintiff may discover facts, information, evidence, documents, and things not referred to in these responses. Plaintiff bases these responses on its knowledge, information, and belief at this time. Plaintiff provides these responses based on its good faith interpretation and understanding of the individual requests. Notwithstanding the content of these responses, Plaintiff reserves the right to correct any inadvertent errors or omissions, and to refer to and to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation.

## GENERAL STATEMENT

All responses are made without, in any way, waiving or intending to waive:

A. All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose and in any preliminary or subsequent proceeding or in the trial of this or any other action;

B.  The right to object to the use of any of these responses, or the subject matter thereof, in any preliminary or subsequent proceeding or in this trial of this or any other action;

C.  The right to elicit appropriate evidence, beyond the discovery responses themselves, regarding the subjects referred to in or in response to any discovery request; and

D.  The right at any time to supplement, amend, correct, or modify any of the responses set forth below.

## GENERAL OBJECTIONS

1.  Plaintiff objects to the Requests for Production to the extent that they seek discovery of information and production of documents beyond that which is permitted by the Federal Rules of Civil Procedure.

2.  Plaintiff objects to the Requests for Production to the extent that they seek discovery of information or documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege.

3.  Plaintiff objects to the Requests for Production to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to the Requests for Production and each instruction and definition therein to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.

5. Plaintiff objects to the Requests for Production to the extent that they seek information that is not within Plaintiff's possession, custody, or control.

6. Plaintiff objects to the Requests for Production to the extent that they require Plaintiff to analyze or organize factual evidence already known to Defendants.

7. Plaintiff objects to the Requests for Production to the extent that they are not limited to seek information regarding the subject matter of this litigation.

8. Plaintiff may be omitting from these Responses the identification of individuals whose knowledge of relevant facts that Plaintiff has not yet been able to establish. Plaintiff does not waive its right to call as witnesses at trial those persons who are not being individually identified at this time, nor does Plaintiff waive its right to rely upon or use at trial facts and documents that are not being produced or individually identified at this time. Plaintiff will identify for Defendant in advance of trial those persons Plaintiff plans to call as witnesses at trial and the documents that Plaintiff plans to introduce as exhibits at trial.

9. Plaintiff objects to the Requests for Production to the extent that they seek information that is already known to Defendant or its counsel, or in the

possession, custody, or control or that can be obtained from some other source that is more convenient to Defendant, less burdensome to Plaintiff and less expensive for both parties.

10. Plaintiff's investigation of the facts and preparation for trial is incomplete as discovery is ongoing. Plaintiff reserves the right to supplement, amend, and/or correct all or any part of the responses provided herein without waiver of any of the foregoing objections. Plaintiff asserts each of these general objections to each of the Requests for Production herein. The failure to assert a general objection or the assertion of a specific objection in response to a particular request does not constitute a waiver of any general objection. Subject to and without waiving the foregoing general objections to all paragraphs of the Requests for Production, Plaintiff responds as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST TO PRODUCE NO. 1:**

Please produce any expert witness reports prepared for the above captioned case or for Estate of George Bernard Worrell, Jr. v. Thang, Inc. and George Clinton, New York Supreme Court, Case No. 652872/2019.

**RESPONE TO REQUEST NO. 1:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request on the grounds that it seeks

5

documents and information that are protected by attorney-client privilege, work-product doctrine, confidentiality obligations, and/or any other applicable privilege or immunity. Plaintiff objects to this request to the extent it encompasses documents and communications that are not relevant to the claims or defenses in this Action. Plaintiff also objects to the extent this request seeks information and documentation equally available to Defendant, already in Defendants' possession, or in the possession, custody, or control of persons or entities other than Plaintiff.

Subject to and without waiving the foregoing, Plaintiff responds as follows: none.

**REQUEST TO PRODUCE NO. 2:**

Please produce any documents, data, and/or information provided to your experts in connection with the above case or Estate of George Bernard Worrell, Jr. v. Thang, Inc. and George Clinton, New York Supreme Court 652872/2019.

**RESPONE TO REQUEST NO. 2:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request on the grounds that it seeks documents and information that are protected by attorney-client privilege, work-product doctrine, confidentiality obligations, and/or any other applicable privilege or immunity. Plaintiff objects to this request to the extent it encompasses documents and communications that are not relevant to the claims or defenses in this Action.

Plaintiff also objects to the extent this request seeks information and documentation equally available to Defendant, already in Defendants' possession, or in the possession, custody, or control of persons or entities other than Plaintiff.

Subject to and without waiving the foregoing, Plaintiff responds as follows: none.

**REQUEST TO PRODUCE NO. 3:**

Please produce any income tax returns together with schedules and proof of income (1099's, W-2's etc) for:

(a)  Estate of George Bernard Worrell, Jr. 2016-pres.

(b)  George Bernard Worrell, Jr. 1996-2016

(c)  Judy Worrell 1996-pres

(d)  Any corporate entity owned/controlled by George Bernard Worrell or those in privity with him that received royalties of any sort or nature for any copyrighted work.

**RESPONE TO REQUEST NO. 3:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome. Plaintiff objects to this Request on the grounds that it seeks documents and information that are protected by attorney-client privilege, work-product doctrine, confidentiality obligations, and/or any other applicable privilege or

7

immunity. Plaintiff objects to this request to the extent it encompasses documents and communications that are not relevant to the claims or defenses in this Action. While Plaintiff is in possession of certain tax returns, unless and until Defendants demonstrate the basis or relevance of the request, no documents will be produced. See also response to No. 4, below.

**REQUEST TO PRODUCE NO. 4:**

Please produce any royalty statements or other proof of payment of royalties paid to George Bernard Worrell, Jr. for any copyrighted work that is the subject of your Complaint.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome and without any temporal limitation. Plaintiff also objects to the extent this request seeks information and documentation in the possession, custody, or control of persons or entities other than Plaintiff.

Subject to and without waiving the foregoing, Plaintiff has not received any royalties as claimed in this litigation from any source.

**REQUEST TO PRODUCE NO. 5:**

Please produce any document that You claim establishes your interest in any copyrighted work for which you seek damages in Your Complaint.

**RESPONE TO REQUEST NO. 5:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff also objects to the extent this request seeks information and documentation equally available to Defendant, already in Defendants' possession, or in the possession, custody, or control of persons or entities other than Plaintiff.

Subject to and without waiving the foregoing, Plaintiff will produce non-privileged documents in its custody responsive to this request, although most of the required information is in the public domain or in the possession of others.

**REQUEST TO PRODUCE NO. 6:**

Please produce any Communication between You and any other Party named as a defendant in Your Complaint.

**RESPONE TO REQUEST NO. 6:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome and notes, *inter alia*, that the request is unbound from any subject-matter or time. Plaintiff objects to this request to the extent it encompasses documents and communications that are not relevant to the claims or defenses in this Action, or communications which constitute confidential settlement communications. Plaintiff also objects to the extent this request seeks information and documentation equally available to Defendant, already in Defendants'

9

possession, or in the possession, custody, or control of persons or entities other than Plaintiff. Without waiving any objections, see documents produced herewith.

**REQUEST TO PRODUCE NO. 7:**

Please produce any communications between Armen Boladian or anyone/any entity acting on his behalf and:

(a) Judy Worrell

(b) George Bernard Worrell

(c) Any attorney at Dickenson [sic] Wright law firm concerning George Clinton and/or the allegations in the Complaint.

**RESPONE TO REQUEST NO. 7:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome and notes, *inter alia*, that the request is unbound from any subject-matter or time. Plaintiff objects to this Request on the grounds that it seeks documents and information that are protected by attorney-client privilege, work-product doctrine, confidentiality obligations, and/or any other applicable privilege or immunity. Plaintiff objects to this request to the extent it encompasses documents and communications that are not relevant to the claims or defenses in this Action. Plaintiff also objects to the extent this request seeks information and documentation in the possession, custody, or control of persons or entities other than Plaintiff.

Plaintiff objects to this request as the term "or anyone/any entity acting on his behalf" is vague and ambiguous. Without waiving any objections, see documents produced herewith.

**REQUEST TO PRODUCE NO. 8:**

Please produce any document that you intend to rely upon to establish any allegation in Your Complaint.

**RESPONE TO REQUEST NO. 8:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome. Plaintiff objects to this Request on the grounds that it seeks documents and information that are protected by attorney-client privilege, work-product doctrine, confidentiality obligations, and/or any other applicable privilege or immunity. Plaintiff also objects to the extent this request seeks information and documentation in the possession, custody, or control of persons or entities other than Plaintiff. Plaintiff objects to this request as the term "rely upon" is vague and ambiguous.

Subject to and without waiving the foregoing, Plaintiff directs Defendants to its other responses and the documents referenced in the Complaint.

**REQUEST TO PRODUCE NO. 9:**

11

Please produce a copy of any witness statement, whether written, on video or in other media, electronic or otherwise, relating to or supporting in any way any allegation set forth in the Complaint.

**RESPONE TO REQUEST NO. 9:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome. Plaintiff objects to this Request on the grounds that it seeks documents and information that are protected by attorney-client privilege, work-product doctrine, confidentiality obligations, and/or any other applicable privilege or immunity. Plaintiff objects to the extent this request seeks information and documentation in the possession, custody, or control of persons or entities other than Plaintiff. Plaintiff objects to this request as the term "witness statement" is vague and ambiguous.

Subject to and without waiving the foregoing, Plaintiff responds as follows: none.

**REQUEST TO PRODUCE NO. 10:**

Please produce any document that contains any evidence that you took any step to perfect any copyright interest in any work that is the subject of the Complaint.

**RESPONE TO REQUEST NO. 10:**

12

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome. Plaintiff objects to this Request on the grounds that it seeks documents and information that are protected by attorney-client privilege, work-product doctrine, confidentiality obligations, and/or any other applicable privilege or immunity. Plaintiff objects to the extent this request seeks information and documentation in the possession, custody, or control of persons or entities other than Plaintiff. Plaintiff objects to this request as the entire request is vague and ambiguous and unintelligible as phrased.

**REQUEST TO PRODUCE NO. 11:**

Please produce any agreement between You and Armen Boladian or any entity in which he has or had an ownership interest.

**RESPONE TO REQUEST NO. 11:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome. Plaintiff objects to this Request on the grounds that it seeks documents and information that are protected by attorney-client privilege, work-product doctrine, confidentiality obligations, and/or any other applicable privilege or immunity. Plaintiff objects to this request to the extent it encompasses documents and communications that are not relevant to the claims or defenses in this Action.

13

Plaintiff also objects to the extent this request seeks information and documentation in the possession, custody, or control of persons or entities other than Plaintiff. Plaintiff objects to this request as the term "or anyone/any entity in which he has or had an ownership interest" is vague and ambiguous.

Subject to and without waiving the foregoing, Plaintiff responds as follows: to the extent agreements with Westbound Records exist related to the subject works, Plaintiff does not have a copy for the reasons explained in the cover letter sent herewith.

**REQUEST TO PRODUCE NO. 12:**

Please produce any document on which George Bernard Worrell relied in verifying on December 4, 1981 the complaint he filed in the New York Supreme Court entitled George Bernard Worrell v. Thang, Inc, Malbiz Music, Inc., and George Clinton, Index No 06238/82.

**RESPONE TO REQUEST NO. 12:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome. Plaintiff objects to this Request on the grounds that it seeks documents and information that are protected by attorney-client privilege, work-product doctrine, confidentiality obligations, and/or any other applicable privilege or immunity. Plaintiff objects to this request to the extent it encompasses documents

14

and communications that are not relevant to the claims or defenses in this Action. Plaintiff also objects to the extent this request seeks information and documentation equally available to Defendant, already in Defendants' possession, or in the possession, custody, or control of persons or entities other than Plaintiff.

Subject to and without waiving the foregoing, Mr. Worrell has passed away and Plaintiff did not have direct knowledge to respond to this request as to an event which occurred 42 years ago.

**REQUEST TO PRODUCE NO. 13:**

Please produce any communication between You and any witness in this case concerning any allegation in the Complaint or defense asserted by any defendant in this case.

**RESPONE TO REQUEST NO. 13:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome. Plaintiff objects to this Request on the grounds that it seeks documents and information that are protected by attorney-client privilege, work-product doctrine, confidentiality obligations, and/or any other applicable privilege or immunity. Plaintiff objects to this request to the extent it encompasses documents and communications that are not relevant to the claims or defenses in this Action. Plaintiff also objects to the extent this request seeks information and documentation

15

in the possession, custody, or control of persons or entities other than Plaintiff. Plaintiff objects to this request as the term "witness in this case" is vague and ambiguous.

Subject to and without waiving the foregoing, Plaintiff responds as follows: none known. While there may have been emails or correspondence with some of the band members from time to time, Plaintiff currently does not have a copy.

**REQUEST TO PRODUCE NO.14:**

Please produce any communication pertaining to the case at bar between Plaintiffs' counsel and counsel for any of Defendants identified in ECF 35 PageID 248 as Warner Records, Sony Music Entertainment, Universal Music Group, and SoundExchange, Inc.

**RESPONE TO REQUEST NO. 14:**

Plaintiff incorporates herein its Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request as overbroad and unduly burdensome and not calling for information relevant to any claim or defense. The request also calls for confidential settlement communications.

Respectfully submitted,
DICKINSON WRIGHT PLLC

*/s/ Daniel D. Quick*
Daniel D. Quick (P48109)
*Attorneys for Plaintiff*
2600 W. Big Beaver Road, Suite 300

Troy, MI 48084
(248) 433-7200

Dated: November 15, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2023, I served the foregoing document upon all counsel of record via their e-mail addresses of record, as stated in the above caption.

By: */s/ Daniel D. Quick*

4854-8571-5853 v2 [101112-1]

17