# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ESTATE OF GEORGE BERNARD WORRELL, JR., | Case No. 4:22-cv-11009 |
| Plaintiff, | District Judge F. Kay Behm |
| v. | Magistrate Judge David R. Grand |
| THANG, INC., and GEORGE CLINTON, | |
| Defendants. | |

_____/

# DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERTS

## TABLE OF CONTENTS

**Issue Presented** ……………………………………………….iii

**Most Appropriate Authority** ……………………………………iv

**Introduction**……………………………………………………….1

**Background**…………………………………………………..2

**Argument**…………………………………………………..6

**A. The January 6, 2025 deadline applies to all rebuttal reports**…..6

**B. Plaintiff is not entitled to a sur-rebuttal report**…………………8

**C. Plaintiff did not comply with Local Rule 7.1(a)**…………………9

**Conclusion**…………………………………………………….10

## ISSUE PRESENTED

Defendants timely filed their Expert Witness list and disclosed that Defendants would not call independent experts and would only rely on rebuttal reports to two of Plaintiff's experts. The Case Management Order's deadline for expert rebuttal reports is January 6, 2025. Prior to this motion, Defendants' counsel sought concurrence from Plaintiff's counsel in a motion for sanctions arising from Plaintiff's discovery violations. The next day, Plaintiff filed the instant motion to strike Defendants' forthcoming expert rebuttal reports, in a transparent attempt to deflect from Plaintiff's own sanctionable conduct. Under these circumstances, should the Court strike Defendants' rebuttal reports, which have not yet come due under the Case Management Order?

Defendants answer: No.

Plaintiff answers:  Yes.

The Court should answer: No.

## MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 26

Fed. R. Civ. P. 37

*Kramer v. Dadant & Sons, Inc.*, No. 5:22-cv-1736, 2023 U.S. Dist. LEXIS 177632 (N.D. Ohio Oct. 3, 2023)

## INTRODUCTION

The Court should see this motion for what it is: a transparent attempt to deflect from Plaintiff's discovery violations by requesting Rule 37 sanctions against Defendants for failing to file rebuttal reports three weeks before the scheduling order's deadline. Defendants have made clear that they are not filing independent expert reports and are only preparing rebuttal reports to Plaintiff's experts. Under the Case Management Order ("CMO"; ECF No. 82), those reports are not due until January 6, 2025. Plaintiff baselessly claims that this deadline only applies to *Plaintiff's* rebuttal reports, and thus Defendants' affirmative reports and rebuttals were all due December 13, 2024. There is no support for Plaintiff's argument. It is directly contradicted by the plain terms of the CMO and Sixth Circuit case law.

This motion is not about the timing of expert reports. Plaintiff filed it – without a good faith attempt to confer on the relief requested – one day after Defendants indicated they would be filing a motion for sanctions because Plaintiff deliberately concealed a critical settlement agreement and release with Westbound Records that assigned Plaintiff's interest in the most valuable sound recordings at issue in this case. *See* ECF No. 112.

Despite Plaintiff's efforts, these are not dueling motions. Defendants' motion is based on willful discovery misconduct warranting severe sanctions. Plaintiff's motion has no basis in fact or law. The deadline for rebuttal reports is unambiguous

1

and neither the CMO nor the Federal Rules provide for sur-rebuttal reports. The Court should deny Plaintiff's motion and award Defendants' costs and attorneys' fees.

## BACKGROUND

The CMO is clear. Plaintiff's "Expert Witness List/Disclosures/Report" was due November 15, 2024. ECF No. 78, PageID.908. Defendant's "Expert Witness List/Disclosures/Report" was due December 13, 2024. *Id.* The parties' "Rebuttal reports are due" January 6, 2025. *Id.*

Plaintiff served three expert reports on November 15, 2024. However, Plaintiff's expert report on damages did not contain any opinions, findings, or conclusions. Rather, Plaintiff claimed that it would "supplement" its damages report after receiving additional discovery regarding Defendants' revenue. Although Defendants had already produced thousands of pages of financial documents regarding royalties and the Works, Defendants provided the requested additional documentation. But Plaintiff never served a damages report and did not respond to Defendants' multiple requests for an update on the status of the report.

Plaintiff's expert disclosures consisted of three reports: musicologist Ellen Exner (ECF No. 109-2), attorney Bob Kohn (ECF No. 109-3), and damages expert

2

Gary Cohen (attached as **Ex. A**).[1] Cohen's report simply stated that his analysis and findings would be made "upon review of applicable documents once produced by Clinton." Ex. A at 4.

In discovery, Defendants produced thousands of pages of financial documents, including Defendants' own royalty records and those received from Defendants' third-party subpoenas. One week before the close of discovery, Plaintiff requested that Defendants supplement their production with documents reflecting revenues realized from Works where Defendants or any related entity owns the sound recording. ECF No. 112-11, PageID.2521. Defendants reviewed the previously produced documents and subsequently produced (1) a report from Rights Recapture, LLC identifying several licensing fees; and (2) royalty statements from former defendant SoundExchange, which Plaintiff could have obtained at any point during discovery. Defendants produced these additional documents on November 25, 2024. **Exhibit B.**

---

[1] As an aside, Plaintiff's chosen experts further evidence Boladian's control of this litigation. *See* ECF No. 112. Bob Kohn has previously been retained by Boladian's attorneys, King & Ballow, in at least four other litigations. *See, e.g.*, *Eight Mile Style, LLC v. Spotify United States Inc.*, No. 3:19-cv-0736, 2020 U.S. Dist. LEXIS 58134 (M.D. Tenn. Apr. 2, 2020); *Bluewater Music Services Corporation V. Spotify Usa Inc.*, 3:17cv1051 (MD Tenn) (2019 U.S. DIST. CT. MOTIONS LEXIS 449038); *Artem Stoliarov V. Marshmello Creative, Llc Et Al*, 2:19cv3934 (CD Cal.); *Yellow Rose Productions, Inc. V. Pandora Media, Llc*, 2:22cv809 (CD Cal.) (2024 U.S. DIST. CT. MOTIONS LEXIS 62245). Gary Cohen provided expert opinions on Boladian's behalf in *Armen Boladian v. George Clinton*, Case No. BC576665; and *Pharrell Williams v. Bridgeport Music, Inc.*, 13-cv-06004, (C.D. Cal. 2014).

On December 10, 2024, Defendants' counsel emailed Plaintiff's counsel: "We provided the requested documents over two weeks ago. Please advise on when Plaintiff will serve its expert damages report." **Exhibit C**. Plaintiff did not provide any update.

On December 13, 2024, Defendants filed their expert witness list in accordance with the CMO. ECF No. 108. Defendants explained that they would not call independent expert witnesses and thus did not have any affirmative expert reports to disclose. Defendants identified rebuttal experts to Plaintiff's musicology and damages experts, even though Defendants still had not received the damages report. *Id.* Defendants further asserted that as a result of Plaintiff's failure to produce a damages report three weeks before the deadline for rebuttals, Defendants would be forced to file a motion to amend the CMO "unless the parties can reach an agreement on scheduling." *Id.*

Plaintiff still did not provide any update on its damages report or explain its failure to timely provide expert disclosures. Three days later, Plaintiff's counsel asserted that Defendants' expert reports were "overdue and hence forfeited." **Exhibit D.**

Defendants' counsel responded that Plaintiff's expert report on damages was "now 31 days late" and thus "Plaintiff has not provided Defendants with anything to rebut on damages." *Id.* Defendants "had hoped that a sufficient explanation of

4

Plaintiff's failure to make timely disclosures could lead to an agreement on an amended expert discovery schedule with limited court involvement." *Id.* Defendants again asked for an update as to whether "(1) Plaintiff still intends to serve an expert report on damages, and the anticipated timing of that report; and (2) whether Plaintiff will agree to submit a proposed amended schedule to provide Defendants with sufficient time to prepare rebuttal reports." *Id.* Plaintiff then filed the instant motion to strike Defendants' experts.

The motion to strike immediately followed Defendants' request for concurrence in Defendants' motion for sanctions based on Plaintiff's deliberate withholding of the Settlement Agreement and Release between Plaintiff and Westbound Records. ECF No. 112-2, PageID.2027. Plaintiff and Westbound Records, through its owner Armen Boladian, executed the Settlement Agreement on December 27, 2023, but Plaintiff withheld this document for nearly a year. ECF No. 112, PageID.1975. This critically important agreement assigned Plaintiff's purported interest in the most valuable sound recordings at issue in this litigation and retroactively released ***all*** Westbound employees (where Westbound had previously claimed Clinton as an employee). *Id.* Defendants filed their motion for sanctions on December 27, 2024. ECF No. 112.

5

# ARGUMENT

Plaintiff seeks to strike Defendants' expert reports as a Rule 37(c)(1) sanction by conflating the CMO's deadlines for initial expert reports and rebuttal reports. ECF No. 109, PageID.1786. Plaintiff further contends that "Defendants' position eliminates Plaintiff's right under the Case Management Order to issue rebuttal reports." *Id.* at PageID.1785. There is no support for Plaintiff's argument. The deadline for rebuttal reports applies to both parties and does not provide Plaintiff with any right to serve sur-rebuttal reports.

**A.    The January 6, 2025 deadline applies to all rebuttal reports.**

The CMO clearly states that the deadline for Defendants' "Expert Witness List/Disclosures/Report" is December 13, 2024. ECF No. 78, PageID.908. The "Rebuttal reports" are due January 6, 2025. *Id.* The CMO does not distinguish between Plaintiff's or Defendants' rebuttal reports, so there is no basis for Plaintiff's assertion that the January 6th deadline only applies to Plaintiff. Indeed, the CMO's use of "rebuttal reports" plural, as opposed to the singular use of "report" for Plaintiff's and Defendant's independent expert disclosure deadlines directly contradicts Plaintiff's construction.

Under the Federal Rules of Civil Procedure, the timing for rebuttal reports is first determined by the deadlines set forth in a stipulation or court order. Fed. R. Civ. P. 26(a)(2)(D). It is only absent an express deadline that rebuttal reports must be

served within 30 days of the opposing party's initial report. *Id. See also*, *Avendt v. Covidien Inc.*, No. 11-cv-15538, 2015 U.S. Dist. LEXIS 48539, at *8 (E.D. Mich. Apr. 14, 2015) (explaining that "a lack of deadlines for rebuttal witnesses in a scheduling order does not mean that rebuttal witnesses are prohibited; it means that rebuttal witnesses must be disclosed according to Rule 26(a)(2)(D)(ii).").

Here, the Court's scheduling order does set forth a specific deadline for rebuttal reports. The CMO does not distinguish between the timing of Plaintiff's and Defendants' rebuttals, and thus the deadline can only be interpreted as applying to all parties. *See, e.g. Kramer v. Dadant & Sons, Inc.*, No. 5:22-cv-1736, 2023 U.S. Dist. LEXIS 177632, at *4-5 (N.D. Ohio Oct. 3, 2023). In *Kramer*, the case management order stated that the initial expert reports were due on August 22, 2023, and "rebuttal reports were due on September 11, 2023." *Id.* at *4. The plaintiff, " the party with the burden of proof" disclosed its expert report by the initial deadline. *Id.* The defendant did not serve an initial report and only prepared a rebuttal report. *Id.* In response to plaintiff's motion to strike, the court held that the defendant's "report was intended as a rebuttal" and "[b]ecause it was filed on the date rebuttal reports were due, it is timely." *Id.* at *5.

7

The same applies here. The only deadline for rebuttals in the CMO is January 6, 2025, and Defendants will timely serve rebuttal reports by that date.[2]

**B.   Plaintiff is not entitled to a sur-rebuttal report.**

Plaintiff's motion is based on the false premise that the January 6, 2025 deadline eliminates Plaintiff's right to issue its own rebuttal reports. But that could only be true if Defendants were attempting to serve untimely affirmative expert reports after the initial report deadline. Here, Defendants only intend to serve rebuttal reports. Plaintiff essentially seeks to file a "sur-rebuttal expert report" without any authority to do so. "Sur-rebuttal expert reports—unlike rebuttal reports—are not contemplated by this Court's Scheduling Order … nor the Federal Civil Rules." *Shupe v. Rocket Cos.*, No. 1:21-cv-11528, 2024 U.S. Dist. LEXIS 177472, at *102 n.21 (E.D. Mich. Sep. 30, 2024) citing *Melnick v. TAMKO Bldg. Prod. LLC*, No. 19-cv-02630, 2023 U.S. Dist. LEXIS 53137 at *4 (D. Kan. Mar. 28, 2023) (denying defendant's motion for leave to file sur-rebuttal expert reports because, although "affirmative and rebuttal expert disclosures are permitted under" Rule 26, this rule "does not . . . contemplate . . . sur-rebuttal expert disclosures . . . nor does the Scheduling Order").

---

[2] Furthermore, even if the CMO's December 13, 2024 deadline could somehow be interpreted as applying to Defendants' affirmative *and* rebuttal reports, Defendants could not have met this deadline because Plaintiff never served its damages report and never told Defendants it was withdrawing its damages expert.

8

Defendants are not relying on affirmative expert reports, so there is nothing for Plaintiff to rebut. Contrary to Plaintiff's disingenuous assertions, Defendants have not "ignored the December 13 deadline" or "disregarded the Court's Order." ECF No. 109, PageID.1785, 1789. Defendants timely filed an expert witness list that clearly explained Defendants were foregoing affirmative expert reports and proceeding only with rebuttal reports. It is Plaintiff who has ignored this explanation – and Defendants' prior request to confer on expert scheduling – in the attempt to manufacture a violation of the CMO and detract from Plaintiff's own sanctionable conduct.

## C. Plaintiff did not comply with Local Rule 7.1(a).

Lastly, Plaintiff hastily filed this motion without making a good faith attempt to confer with opposing counsel. Local Rule 7.1(a) "is quite comprehensive—requiring 'a good faith interactive exchange'—to ensure the parties engage in reasonable efforts to resolve disputes before expending their time and effort to brief an issue and the Court's time and effort to resolve it." *In re Ftca Flint Water Cases*, No. 17-cv-11218, 2023 U.S. Dist. LEXIS 209321, at *9 (E.D. Mich. Nov. 22, 2023).[3]

As the rebuttal deadline neared, Defendants repeatedly asked for a status update on Plaintiff's damages report. Had Plaintiff responded to these requests, and

---

[3] Plaintiff has sought denial of at least three prior motions based on the moving parties' alleged failure to satisfy L.R. 7.1(a). *See*, ECF No. 58, PageID.571; ECF No. 65, PageID.661; ECF No. 83, PageID.954.

9

explained that it was withdrawing its damages expert, the parties could have conferred on timing for the rebuttal to Plaintiff's musicologist expert and scheduled expert depositions prior to the parties' facilitation. However, Plaintiff was only interested in getting out in front of Defendants' motion for sanctions by baselessly asserting that Defendants should be sanctioned for missing a rebuttal report deadline that has not yet come due. The Court should not permit such tactics.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Strike Defendants' Experts, award Defendants their costs and fees incurred in connection with Plaintiff's motion, and award any additional relief the Court deems appropriate.

          Respectfully submitted:

          SCHENK & BRUETSCH PLC

          By: /s/ Peter E. Doyle
          Peter E. Doyle (P81815)
          James P. Allen, Sr. (P52885)
          211 W. Fort Street, Suite 1410
          Detroit, MI 48226
          (313) 774-1000
          james.allen@sbdetroit.com
          peter.doyle@sbdetroit.com
          *Attorneys for Defendants*

December 31, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/ Peter E. Doyle