# Exhibit D

**Peter Doyle**

| | |
|---|---|
| **From:** | Daniel D. Quick <DQuick@dickinson-wright.com> |
| **Sent:** | Tuesday, December 17, 2024 1:45 PM |
| **To:** | Peter Doyle |
| **Cc:** | James Allen |
| **Subject:** | RE: Worrell |

Peter:

We do not agree. As noted previously, we are proceeding to move to strike Defendants' experts.

With regard to Mr. Cohen's report, we are withdrawing it. Defendants had promised but not yet supplied documents and information demonstrating Defendants' exploitation of the subject works, even though that information had been requested in written discovery and promised several times by Defendants. Defendants provided some information on November 25, 2024, but it was dramatically incomplete. Regardless, in this case Plaintiff seeks a declaratory judgment as to its co-ownership of the Works and then an accounting from the co-owner Defendants of amounts realized through exploitation of the works. Since an accounting is a proper remedy once co-ownership is adjudicated, there is no need for Plaintiff to prove damages at this point.



**Daniel D. Quick**
Member
O:248-433-7242
DQuick@dickinsonwright.com

2600 West Big Beaver, Suite 300, Troy, MI 48084

**From:** Peter Doyle <Peter.Doyle@sbdetroit.com>
**Sent:** Monday, December 16, 2024 4:04 PM
**To:** Daniel D. Quick <DQuick@dickinson-wright.com>
**Cc:** James Allen <james.allen@sbdetroit.com>
**Subject:** RE: Worrell

Dan:
The Case Management Order is unambiguous: the deadline for Plaintiff's expert witness list and report is November 15, 2024; the deadline for Defendants' expert witness list and report is December 13, 2024; and all "Rebuttal reports are due January 6, 2025." Defendants have not forfeited any right to rebut Plaintiff's expert reports, one of which is now 31 days late under any reading of the CMO.

The order distinguishes between the timing of the Plaintiff's report and the Defendant's report, but it makes no such distinction for rebuttal reports. There is no support for your assertion that the January 6th

deadline only applies to Plaintiff. The order's use of the plural "rebuttal reports" directly contradicts such a construction.

Moreover, we still have not received Plaintiff's expert report on damages. On November 15, 2025, Plaintiff asserted that it would "supplement the damages report once [Defendants] produce the documents and information" Plaintiff requested. Plaintiff's current expert report merely states that its damages analysis and findings will "be determined and supplemented upon review of applicable documents once produced by Clinton."

While Defendants had already produced thousands of pages of royalty statements relating to the Works, Defendants additionally produced a summary of licensing agreements along with SoundExchange royalty statements (the latter of which Plaintiff could have obtained from SoundExchange at any point in this litigation).

Defendants made this requested production on November 25, 2024. However, Plaintiff still has not served its expert damages report, and has ignored repeated requests for an update on the status of that report. Even if Plaintiff's self-serving interpretation of the CMO were correct -- and both Defendants' affirmative and rebuttal reports were due December 13 -- Plaintiff has not provided Defendants with anything to rebut on damages. Plaintiff's failure to disclose its damages analysis is neither justified nor harmless, given the upcoming close of expert discovery and the limited availability of our experts over the holidays.

We had hoped that a sufficient explanation of Plaintiff's failure to make timely disclosures could lead to an agreement on an amended expert discovery schedule with limited court involvement. But your email this morning seems to only contemplate additional motion practice.

Please let me know if (1) Plaintiff still intends to serve an expert report on damages, and the anticipated timing of that report; and (2) whether Plaintiff will agree to submit a proposed amended schedule to provide Defendants with sufficient time to prepare rebuttal reports.

Defendants reserve all rights.

Peter E. Doyle
**SCHENK & BRUETSCH PLC**
O: (313) 774-1000, ext. 1116
C: (313) 316-6679
peter.doyle@sbdetroit.com

---

**From:** Daniel D. Quick <DQuick@dickinson-wright.com>
**Sent:** Monday, December 16, 2024 9:45 AM
**To:** Peter Doyle <Peter.Doyle@sbdetroit.com>; James Allen <james.allen@sbdetroit.com>
**Subject:** Worrell

Counsel:

ECF78 provided that "Expert Witness List/Disclosures/Report – Defendant" were due on December 13.

Defendants filed a witness list, but not reports.  Those are now overdue and hence forfeited.

The additional date in the case management report ("rebuttal reports") is for plaintiff, not defendants.

The entire case management order was structured around Defendants providing reports on 12/13, and thus the parties had a month to complete expert depositions.

Plaintiff reserves all rights.



**Daniel D. Quick**
Member
O:248-433-7242
DQuick@dickinsonwright.com

2600 West Big Beaver, Suite 300, Troy, MI 48084

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.