# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD
WORRELL, JR.,

    Plaintiff,

vs.

THANG, INC. and
GEORGE CLINTON,

    Defendants.

Case No. 4:22-cv-11009-FKB-DRG
District Judge F. Kay Behm
Magistrate Judge David R. Grand

_____

DANIEL D. QUICK (P48109)
Dickinson Wright PLLC
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200 // Fax (844) 670-6009
dquick@dickinsonwright.com
*Attorneys for Plaintiff*

JAMES P. ALLEN, SR. (P52885)
PETER E. DOYLE (P81815)
Schenk & Bruetsch PLC
211 W. Fort Street, Suite 1410
Detroit, MI 48226-3236
(313) 774-1000 // Cell 313-779-0053
james.allen@sbdetroit.com
peter.doyle@sbdetroit.com
*Attorneys for Defendants*

_____

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS
MOTION TO STRIKE DEFENDANTS' EXPERTS**

_____

## I.    INTRODUCTION

Defendants do not have any good response to Plaintiff's motion to strike. Rather, they mainly attempt to argue their subsequently filed motion for sanctions. However, Defendants are correct – these are not "dueling motions" (*see* Opp. at p. 1). Rather, Plaintiff's motion to strike is a well-taken motion for Defendants' clear violation of the Scheduling Order. Plaintiff will respond to Defendants' Motion in due course, and unlike Defendants will not take the opportunity to further argue the merits of a *different* motion in this brief.[1]

## II.    ARGUMENT

### A. The Rebuttal Report Deadline Did Not Obviate Defendants' Burden to Timely Produce Reports on December 13, 2024.

The Case Management Order (CMO) was clear: Defendants' Expert Reports were due December 13, 2024.

| | |
|---|---|
| Expert Witness List/Disclosures/Report - Plaintiff | November 15, 2024 |
| Expert Witness List/Disclosures/Report - Defendant | December 13, 2024 |
| Rebuttal reports are due: | January 6, 2025 |
| Fact Discovery | October 21, 2024 |
| Expert Discovery | January 13, 2025 |
| Status Conference | September 26, 2024 at 10:30 a.m. |

---

[1] Defendants claim a violation of E.D. Mich. LR7.1 for failure to seek concurrence, but such concurrence was clearly sought, as Defendants admit, on December 16 and 17.

1

That is: Plaintiff's List, Disclosures, and Reports were due on or before November 15, 2024, and Defendants' List, Disclosures, and Reports were due on or before December 13, 2024. Plaintiff could then serve rebuttal reports on or before January 6, 2025.

Defendants primarily claim that since their reports are only rebutting Plaintiff's reports, and Defendants "would not call independent expert witnesses" or tender "affirmative expert reports," the December 13 deadline was inapplicable. Opp. at p. 4.

This does not make sense: the reason to bifurcate the deadlines was so that Defendants would have nearly a month to respond to Plaintiff's experts. Moreover, Defendants' argument doesn't match their actions. If in fact, the disclosed experts were merely rebuttal experts as Defendants claim in their Opposition, why disclose them on December 13? If Defendants truly believed that their experts were simply rebuttal experts, why not wait until January 6, 2025 and provide both disclosures and rebuttal reports on that date?

Occam's Razor suggests that either: (1) Defendants missed the deadline to timely serve reports and are proffering a *post hoc* excuse; or (2) Defendants *deliberately* gamed the system to try to deprive Plaintiff of rights contemplated by the CMO.  Either should be grounds for exclusion.

Defendants' *post hoc* 'interpretation' of the CMO attempts to take advantage of the fact that the Case Management Conference was not held on the record and no transcript exists. The undersigned clearly remembers the discussion surrounding the setting of expert witness discovery. Prior to the conference, the parties' submitted a proposed schedule (ECF No. 77) which contained the following dates:

Expert Reports due: January 20, 2025

Rebuttal Reports due: February 20, 2025

Optional Reply Reports due: March 6, 2025

This structure matches that under Fed.R.Civ.P. 26(a)(2)(D)(ii), wherein a report "intended solely to contradict or rebut the evidence on the same subject matter identified" by an opposing expert is filed "within 30 days" of the opposing expert's report. The parties also added an opportunity for Plaintiff to file reply reports.

During the conference, the Court stated the desire to wrap up discovery in the case faster than the parties had proposed. There was then a discussion about maintaining the bifurcation between fact discovery and expert discovery, and providing enough time for the expert discovery before dispositive motions became due. Thus, with consent of both counsel, the Court maintained the precise structure proposed by the parties but simply adjusted the dates and shortened the period for when dispositive motions would be due. The entire point of what the parties proposed, and what this Court ordered, was that Plaintiff would know what

3

Defendants' experts would say on December 13, and then have a month to take those depositions (and prepare rebuttal reports, if necessary) during the expert discovery window. This would also provide time (if necessary) for rebuttal reports by January 6 and preparation of motions to strike by January 13.

Now, Defendants act as if none of this happened, and instead claim that the Court's CMO suddenly made a distinction between Defendants filing "independent" or "affirmative" expert reports and reports which responded to Plaintiff's expert(s). No such discussion ever took place with the Court, nor was such a distinction contemplated when the parties submitted their joint case management plan. And for good reason – Defendants have stated no counterclaims and have no "affirmative" claims. Defendants' current argument makes a mockery out of the CMO and runs completely contrary to their own representations to the Court in ECF No. 77 and during the case management conference.

Defendants frivolously argue that "the CMO's use of "rebuttal reports" plural, as opposed to the singular use of "report" for Plaintiff's and Defendants' alleged 'independent' expert disclosure deadlines, directly contradicts Plaintiff's construction. Opp. at pg. 6. Such logic fails to understand that the CMO contemplated the possibility that Plaintiff would need to issue *multiple* rebuttal reports. This further underscores why the CMO called for Defendants' reports to be served on December 13; even if Defendants had timely served their expert reports

4

in accordance with the CMO, Plaintiff would have had less time than Defendants were provided to digest and provide rebuttal reports.

Expert discovery was *already* on an extremely truncated timeline but has been made a nullity through Defendants' actions, leaving only a week between the Rebuttal Report Deadline and the close of Expert Discovery. That is, Defendants, by their gamesmanship, will leave only **<u>one week</u>** to digest their expert's "rebuttal" reports, depose them, and prepare any applicable motion to strike and related dispositive motions – clearly an impossibility. This was not the intention of the CMO.

Another straw man that takes up the entirety of a sub-section of the argument is the notion that Plaintiff is asking for a sur-rebuttal report. This is simply something Defendants crafted out of thin air. The point is that the CMO clearly contemplated that Plaintiff would have the benefit of Defendants' reports on December 13, 2024, and an opportunity to respond. Plaintiff has been stripped of the opportunity to rebut Defendants' experts.

### B. Exclusion is the Proper Remedy

The late disclosure implicates Rule 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

5

harmless." The Sixth Circuit has interpreted this rule as requiring the "automatic and mandatory [exclusion of non-disclosed evidence] unless non-disclosure was justified or harmless." *Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004). The burden is on the potentially sanctioned party to prove harmlessness. *R C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d 262, 271-72 (6th Cir. 2010). Whether a party's late disclosure is "substantially justified" or "harmless" under Rule 37(c)(1) is determined by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

Here, the failure to timely serve reports was neither justified nor harmless. Plaintiff has been denied an opportunity to submit rebuttal reports, to depose Defendants' experts, and to meet the Court's January 13 deadline for motions to strike and summary judgment.[2] This deprivation would also affect Plaintiff's ability

---

[2] Defendants served what purported to be the "Rebuttal Report of Alan Elliott" on January 6, 2025, which states it is rebutting the report of one of Plaintiff's experts, Dr. Exner, but which in fact goes outside the scope of Dr. Exner's report. While Plaintiff believes that this and other aspects of the Elliott report would be proper to raise in a motion to strike, and thus would similarly impact a summary judgment motion (because Plaintiff's proofs would otherwise be uncontested), Plaintiff has

6

to prepare for trial and potentially to respond to dispositive motions. If the Court does not strike Defendants' experts, it could order that Plaintiff pay Plaintiff's costs associated with this Motion, and Plaintiff (but not Defendants) be given fair time to depose the expert, submit rebuttal reports, and submit any motion to strike and dispositive motions. But this Court's CMO should not be able to be so simply ignored by Defendants, and neither the Court nor Plaintiff should have to countenance additional delay by what amounts to Defendants taking for themselves a *de facto* extension of CMO dates.

### III.  CONCLUSION

Plaintiff respectfully requests the Court strike Defendants' Experts as untimely disclosed.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

 /s/ *Daniel D. Quick*
Daniel D. Quick (P48109)
*Attorney for Plaintiff*

Dated:  January 7, 2025

---

been deprived of a fair opportunity to depose the expert and present those matters to the Court.

7

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2025 the foregoing document was electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing upon all registered counsel and serve same.

By: /s/ *Daniel D. Quick*