# EXHIBIT C

# Daniel D. Quick

| | |
|---|---|
| **From:** | Peter Doyle <Peter.Doyle@sbdetroit.com> |
| **Sent:** | Tuesday, April 9, 2024 7:04 PM |
| **To:** | Daniel D. Quick |
| **Subject:** | RE: Worrell |

Dan:

Below is an update on the status of discovery following our meet and confer last month.

Regarding the disputed "Works", I explained that Defendants' objections were based on how the term was defined in the discovery requests and the complaint. We now understand that Plaintiff defines the disputed "Works" as the approximately 265 songs listed in Exhibit E to the Complaint. So, we have been reviewing the claims and requests with respect to each of these songs. For instance, during our meet and confer, we discussed the issue of whether Defendants dispute credits or performances attributed to Bernie Worrell on each of the Works. Plaintiff's position is generally that Worrell performed on the works, and jointly participated in the authorship and creation of the works. We have been using any available information to determine specifically what credits/performances have been attributed to Bernie Worrell. For example, see: https://www.discogs.com/release/1924383-Funkadelic-America-Eats-Its-Young listing all credits for the works listed on the album America Eats Its Young. We have been reviewing these credits and performances for each of the listed songs/albums, in addition to Defendants' own records and recollection, for purposes of identifying any areas of dispute and appropriately amending the discovery responses as previously discussed. Please let me know if Plaintiff believes there is another more complete compilation of Mr. Worrell's specific credits and listed performances.

We are in the process of completing the additional document production, which has involved searching for requested agreements, royalty statements, accountings, assignments, licenses, etc. During our meet and confer, I explained that I'd previously offered to confer on this search process, given how old many of the records are and the need to manually search for and digitize requested documents. I understand Plaintiff's position that the document requests do not require conferring on search terms/protocols as parties would in a case more traditionally involving large amounts of ESI. We agreed that when Defendants make their additional document production and have completed their reasonable inquiry requirement under Rule 26, we would provide an account of the reasonable efforts undertaken to search for and produce the responsive documents. This way the parties may be satisfied with the thoroughness and adequacy of the searches.

As for timing, during the meet and confer, I estimated that Defendants would supplement discovery responses and provide documents "next month." I understood our agreement to be that Defendants would provide the discovery in April, and that we would update on the timing of those responses as we continued the searches and would alert Plaintiff to any issues that arise. Defendants are still operating on that timeline. We have received additional documents to review for production, have received documents responding to third-party requests, and are awaiting results of other inquiries such as requests for older court records that may be relevant.

Regarding depositions, we had discussed proposing dates for this summer and agreed to continue the discussion as to whether Plaintiff would sit for a deposition before Mr. Clinton. Without waiving any argument over the order of the depositions, I'll provide dates for Mr. Clinton's availability this summer. I don't know the availability for the requested date of May 30th, but I will follow up once I do.

Finally, during our meet and confer, I raised Plaintiff's responses to two of Defendant's requests for production of documents. Specifically, RFP No. 3 requested tax records for Judy Worrell, Bernie Worrell, Mr. Worrell's estate, and any related corporate entity that may have received royalties. Plaintiff's objection is that such tax records are not relevant. Defendants assert that such records are directly relevant to Plaintiff's contentions that Mr. Worrell and his estate have not received any royalties for the claimed works. RFP No. 14 requested any relevant communications with the record companies or Sound Exchange. These communications, save for those expressly claimed as privileged settlement communications in this litigation, are relevant to Plaintiff's claims that there have been no royalties received, prior

1

positions Plaintiff may have taken with respect to the works, and Plaintiff's asserted copyright interests. Please let me know if Plaintiff will supplement these responses.

Thanks,
Peter


Peter E. Doyle
**SCHENK & BRUETSCH PLC**
(313) 774-1000, ext. 1116
peter.doyle@sbdetroit.com

**From:** Daniel D. Quick <DQuick@dickinson-wright.com>
**Sent:** Monday, April 8, 2024 2:01 PM
**To:** Peter Doyle <Peter.Doyle@sbdetroit.com>
**Subject:** RE: Worrell

And let's get a deposition date.  I see he's performing in Detroit on 5/30….



**Daniel D. Quick**
Member
O:248-433-7242
DQuick@dickinson-wright.com

2600 West Big Beaver, Suite 300, Troy MI, 48084

**From:** Peter Doyle <Peter.Doyle@sbdetroit.com>
**Sent:** Monday, April 8, 2024 7:33 AM
**To:** Daniel D. Quick <DQuick@dickinson-wright.com>
**Subject:** Re: Worrell


Dan,
I'm checking on the status of the supplemental responses we discussed and the remaining document production. Will provide a more detailed update tomorrow.

Peter

Peter E. Doyle

Sent from my iPhone

**From:** Daniel D. Quick <DQuick@dickinson-wright.com>
**Sent:** Friday, April 5, 2024 8:56:37 AM
**To:** Peter Doyle <Peter.Doyle@sbdetroit.com>
**Subject:** Worrell


Peter:

On our 3/5 call you estimated 30 days for your complete document production.  Can you please advise?



**Daniel D. Quick**
Member
O: 248-433-7242
DQuick@dickinson-wright.com

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.
The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.