# EXHIBIT D

# Daniel D. Quick

| | |
|---|---|
| **From:** | James Allen <james.allen@sbdetroit.com> |
| **Sent:** | Friday, August 30, 2024 1:55 PM |
| **To:** | Daniel D. Quick |
| **Cc:** | Peter Doyle |
| **Subject:** | RE: Dates |

I will get you a brief memo outlining my issues with your discovery responses next week.

As for the "why" with respect to Boladian, if you want a proffer on why I intend to call witnesses, then we will have to do that for every witness, including those you would like to call. I am aware of no rule that mandates such a thing.

But I will be happy to share with you that, since your client no longer has relevant records that Boladian and his companies presumably do, I'd like to have those and examine Mr. Boladian and other representatives about them. Mrs. Worrell also testified to conversations with his representatives and the plaintiff is now and, apparently for some time, is using his lawyers to administer an estate in Whatcom County, Washington from good old Nashville, Tennessee. We both know what that means and that bears on your client's credibility and potential ulterior motives for filing suit. Let me remind you that you are seeking an accounting in this case. Some of the missing records for such an accounting would, again, presumably be in Mr. Boladian's possession, custody and control. In short, the records and testimony are directly relevant to my client's defenses. Finally, Westbound was a party to this suit and now no longer is. I am entitled to know why that is and what transpired to cause your client to stridently and explicitly blame Mr. Boladian for her damages in 1994 only to now claim that my client is the cause of those same damages. Mr. Boladian is also a percipient witness to many of the agreements, forgeries, and events surrounding them that have been the subject of some of the testimony. There are many other relevant areas of testimony I am happy to take up with Mr. Busch or whomever else with standing to challenge my subpoenas wants to discuss as well. But you will forgive me, the list is long and I am not about to delay the start of my holiday weekend to list them beyond what I have already listed here. I am also not required to preview my deposition outline to opposing counsel for every deposition I intend to take.

Of course, you and I both know the answer to that question. But, I am surely entitled to get Mr. Boladian's testimony on the matter. If there's a problem, moreover, with my subpoena, as Mr. Boladian's lawyer, I am sure you or Mr. Busch can file the appropriate motion to challenge my subpoena. The question on the table is whether you would like to be consulted on dates. I am giving you the courtesy and respect of taking your availability into account as I schedule my witnesses because courtesy and respect are hallmarks of our profession. If you do not wish to be consulted on dates, that's your prerogative. I suppose if you are confident that the testimony is irrelevant, then there would be no reason for you attend anyway.

---

**From:** Daniel D. Quick <DQuick@dickinson-wright.com>
**Sent:** Friday, August 30, 2024 1:13 PM
**To:** James Allen <james.allen@sbdetroit.com>
**Cc:** Peter Doyle <Peter.Doyle@sbdetroit.com>
**Subject:** RE: Dates

I am in facilitation all day today. On discovery, would you please send me ahead of a meet and confer what your issues are so I can be prepared to discuss substantively? With regard to your emails about taking discovery from Boladian, can you advise how that is relevant to this case? Your clients quite obviously have issues with him, but those aren't my client's concern

and I don't want Defendants grinding some other ax in this case.  If you can get me that, I can make time to talk next week.



**Daniel D. Quick**

Member
O:248-433-7242
DQuick@dickinson-wright.com

2600 West Big Beaver, Suite 300, Troy MI, 48084

**From:** James Allen <james.allen@sbdetroit.com>
**Sent:** Friday, August 30, 2024 11:19 AM
**To:** Daniel D. Quick <DQuick@dickinson-wright.com>
**Cc:** Peter Doyle <Peter.Doyle@sbdetroit.com>
**Subject:** Dates


Dan:


I am writing seeking your ability for a couple of items.  We will be filing a motion to compel production of complete answers to our discovery requests.  Prior to that we request a meet and confer to discuss the specifics of the deficiencies I have identified.  Secondly, we will be serving several subpoenas on Mr. Boladian, his entities, and entity personnel for records and testimony.  We are targeting dates in late September.  If you would be kind enough to send me any dates on which you have CONFLICTS, I will schedule around them.  Mr. Boladian's deposition will likely be 4 to 6 hours, maybe more, depending on his level of cooperation.  I can probably knock out the employees in a day.  As for the 30(b)(6)'s, I think there are going to be three.  I can probably knock all of them out in less than a full 7.5 hour day, but, again, a lot of that depends on a number of factors I cannot predict with any degree of certainty.  I'd like to have my subpoenas served today or Tuesday so your prompt response would be most appreciated.  Thanks and best wishes for a restful holiday weekend.  After a long and hard week of work, I'd say we both earned a little R&R.


Jim Allen

313-779-0053

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.