# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ESTATE OF GEORGE BERNARD WORRELL, JR., | Case No. 4:22-cv-11009 |
| Plaintiff, | District Judge F. Kay Behm |
| v. | Magistrate Judge David R. Grand |
| THANG, INC., and GEORGE CLINTON, | |
| Defendants. | |

_____/

# REPLY TO PLAINTIFF'S RESPONSE TO
# DEFENDANTS' MOTION FOR SANCTIONS

### I. PLAINTIFF VIOLATED A COURT ORDER.

Plaintiff argues that it never violated a court order, because Plaintiff was the party that initially invoked Magistrate Judge Grand's protocol for discussion of discovery disputes and thereby became immune from any orders resulting from that process. ECF 115, PageID.2599. It cites no authority supporting that strange argument. Court orders say what they say; parties cannot flout orders by secretly harboring a belief that they are immune from those orders' express terms.

Plaintiff then mischaracterizes the record, claiming it was never ordered to produce anything. *Id.*, PageID.2600. Except it clearly was. The Order reads:

> "[t]he parties and their counsel shall ensure that good faith searches for documents responsive to discovery requests have been performed, and **all non-privileged responsive documents within their possession, custody, and control shall be produced** by August 2, 2024." Text Only Order, July 8, 2024 (emphasis added).

The Order clearly specifies **both** "parties and their counsel" are subject to its command to search for and produce all non-privileged responsive documents by the required date. Plaintiff ignored that command, refusing to produce the Agreement.

### II. PLAINTIFF'S BOILERPLATE OBJECTIONS DO NOT IMMUNIZE PLAINTIFF FROM RULE 37 SANCTIONS

Plaintiff's second argument is that it relied on its discovery objections when withholding the Agreement, so Defendants were required to file a motion to compel before seeking sanctions. That argument fails both on the law and the facts.

**A. Filing a Motion to Compel Before Seeking Sanctions is Necessary Only When the Response Makes Clear That Information is Being Withheld**

1

Plaintiff stakes its case on what it claims to be a clear rule of law: "where there is no motion to compel filed to address objections, there cannot be sanctions." ECF 115, PageID.2600. Plaintiff cites *Lankford v. Taylor*, 2021 WL 1515504 (D. Ariz. Apr. 16, 2021), in support of that rule. In fact, the case stands for ***the exact opposite proposition***: "The sanctions available under Rule 37(c)(1) are 'self-executing' in the sense that ***there is no need for an intervening motion to compel*** or order compelling production." *Id*. at *5 (quoting treatise) (emphasis added).

*Lankford* is instructive on the relevant legal rules, so some discussion is helpful. In a prisoner's civil rights action, defendants served interrogatories asking for the names of any witnesses plaintiff intended to call at trial. *Id*. In response, plaintiff identified some witnesses but objected and ***expressly refused to provide*** the names of inmate witnesses to protect those inmates. *Id*. at *2. Despite being expressly told that the plaintiff had responsive information he was refusing to provide on the basis of his objections, "Defendants never moved to compel Plaintiff to provide any further response to these interrogatories and Plaintiff never supplemented his responses." *Id*. With respect to ***that*** interrogatory, where it was clear that responsive information was being withheld, the court determined that a motion to compel needed to be filed before any sanctions could attach. *Id*. at *7. But with respect to a different interrogatory, "Defendants had no reason to suspect that Plaintiff might be holding back additional information that was responsive to

2

Interrogatory No. 22 and that they needed to file a motion to compel to obtain the withheld information." *Id*. at *5. In ***that*** circumstance, no motion to compel was required. *Id*. citing, *e.g.*, *Alldread v. City of Grenada*, 988 F.2d 1425, 1436 (5th Cir. 1993) (Rule 26 "imposes no requirement, express or implied, that a motion to compel precede a court's imposition of a sanction").[1]

### B. Plaintiff Did Not Stand on its Boilerplate Objections

As a factual matter, Plaintiff represents to the Court that it did not produce the Agreement because it was standing on its discovery objections, thereby alerting Defendants that they needed to file a motion to compel to obtain it. *See* ECF 115, PageID.2600. Plaintiff is wrong.

The request most clearly requiring production of the Agreement is RFP No. 11, which sought any agreement between Plaintiff and Boladian and/or any of his entities. In response to that request, Plaintiff dutifully recited its boilerplate objections as to burden and relevance, then responded as follows: "to the extent

---

[1] The Sixth Circuit cases Plaintiff cites apply this same rule of law. In *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448 (6th Cir. 2008), the party's failure to provide information was sufficiently clear to the other party that it ***actually moved to compel***, but the district court never ruled on it and plaintiff took no further action. *Id*. at 458. Moreover, the district court's later actions "suggest[ed] that it did not view SMI as having a discovery obligation to provide" the requested information. *Id*. Under these circumstances, the Court found no fraud sufficient to trigger Rule 60(b) – a remedy not even at issue here. Similarly, in *Johnson v. Ventra Group, Inc.*, 191 F.3d 732 (6th Cir. 1999), the Court noted that the requesting party had not moved to compel but primarily affirmed the district court's failure to impose sanctions on the basis that the requesting party already had the documents it was seeking. *Id*. at 749-50.

3

agreements with Westbound Records exist related to the subject works, **Plaintiff does not have a copy** for the reasons explained in the cover letter sent herewith." ECF 112-5, PageID.2056 (emphasis added). Thus, contrary to Plaintiff's direct representations to this Court, **Plaintiff did not stand on its objections** but rather responded and **claimed it did not possess any responsive documents**. Even if true at the time the document was filed, it was not true one month later when the Agreement was executed, and Plaintiff never supplemented its Response.[2] And Defendants were never placed on notice that they needed to file a motion to compel, because Plaintiff represented (and never amended/corrected the representation) that **it possessed no documents to compel**.

The story is similar with RFP Nos. 6 and 7. In both instances, Plaintiff recited its boilerplate objections and then **actually produced documents**, never providing any clue that anything was withheld. *See* ECF 112-5, PageID.2051-53. Plaintiff is subject to sanctions under Rule 37. The implication of Plaintiff's proposed rule is clear: in order to avoid disclosure of clearly relevant evidence, all one must do is propound a specious objection which, in every case, will require requesting parties

---

[2] For the avoidance of doubt, Plaintiff's counsel received the signed Settlement Agreement on December 27, 2023. **Exhibit A**, email from Judie Worrell to Plaintiff's counsel and Richard Busch of King & Ballow. Notably, Defendants only received this email in the Boladian Parties' document production. Plaintiff withheld the email without notice or explanation, despite otherwise producing the exact same Agreement-related emails and documents as the Boladian Parties.

4

to move to compel even where they are misled as to the existence of concealed evidence. It is hard to imagine a rule more inimical to Rule 26's "free and liberal discovery" requirement, Rule 1's "just, speedy and inexpensive" standard, or this Court's Local Rules and Practice Guidelines on discovery motions.

### III. SANCTIONS ARE PROPER UNDER BOTH THIS COURT'S INHERENT AUTHORITY AND SECTION 1927

Plaintiff denies that either it or its counsel took any action in bad faith. ECF 115, PageID.2602-06. But there is overwhelming evidence of bad faith here.

First there are the actions taken by Mrs. Worrell at her deposition. At that time, she had just signed the Agreement eight months prior. Either she negotiated that Agreement, or she had others do so on her behalf. Yet, under oath, she disclaimed ***any direct or indirect contact*** with Boladian, sole owner of Westbound, over the last year. ECF 112-7, PageID.2132. Despite the payment she had just received for sale of the Estate's putative copyrights in the most valuable songs, she disclaimed any action to recoup money from any third party relating to those copyrights. *Id.*, PageID.2301. She claimed to have no role in the decision to dismiss Westbound despite personally signing the Agreement in several places. *Id.*, PageID.2169. And she testified that there was no agreement with Westbound with respect to the recovery in this case. *Id.*, PageID.2274. None of those statements could possibly have been made in good faith.

5

In an act of remarkable chutzpah, Plaintiff *faults Defendants' counsel* for the fact that Mrs. Worrell "was not asked about . . . a settlement agreement with Westbound." ECF 115, PageID.2592. Of course she wasn't. Plaintiff had concealed the existence of the document by failing to produce it, and Worrell disclaimed any contact with Boladian or Westbound. ECF 112-7, PageID.2132-33. With this information concealed from Defendants, counsel had no ability to ask those highly pertinent questions. That is precisely why an extension to the discovery period and an opportunity to ask those questions is one of the necessary remedies for the misconduct here.

Second, there are Plaintiff's counsel's actions. The decision to withhold the crucial Agreement until the Boladian Parties had been ordered to produce it was a consummate act of bad faith. As described in Defendants' Motion, Plaintiff's counsel acted in concert with Boladian's counsel to make a series of misrepresentations to avoid having the Boladian Parties being ordered to produce the Agreement. ECF 112, PageID.2002-05. Most egregiously, counsel filed a brief claiming that the Agreement – which sold the Estate's putative co-ownership of many of the Works at issue in this case to Westbound – "has nothing to do with the issue of Mr. Worrell's co-ownership of the sound recordings." ECF 91, PageID.1407. At the time that statement was made, counsel was well aware that the Agreement – by selling the central rights at issue in this litigation – had *everything* to do that issue and was

6

highly relevant. With the best will in the world, there is no innocent gloss that can be put on that knowingly false representation.

## IV. ALL REMEDIES SOUGHT BY DEFENDANTS ARE PROPER

Finally, Plaintiff asserts that the remedies Defendants seek are improper. ECF 115, PageID.2606. It spills most of its ink arguing against further discovery. That argument is treated in our Reply to the Boladian Parties.

In arguing only against dismissal as a sanction (and conceding the other remedies)[3], Plaintiff asserts "the written discovery request was overbroad and in any event called for irrelevant information." *Id.*, PageID.2606. Beyond that, Plaintiff claims in conclusory fashion the elements of the four-factor test have not been met. As we showed, they have been. In particular, Plaintiff articulates no reason why the claims relating to the Works sold in the Agreement – which Plaintiff no longer owns and has no standing to prosecute – should not be dismissed with prejudice.

## V. CONCLUSION

The Court should grant the remedies enumerated in the Motion.

Respectfully submitted:

January 16, 2025                By: /s/ James P. Allen, Sr.
                                *Attorneys for Defendants*

---

[3] Plaintiff does not make ***any*** argument against monetary sanctions or evidentiary preclusion and has therefore conceded their propriety. They should be awarded as discussed in Defendants' motion.

7

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/ Peter E. Doyle