# EXHIBIT D

EXHIBIT #1  3-4-25  SB

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------x
GEORGE BERNARD WORRELL,

                Plaintiff,

   -against-

THANG, INC., MALBIZ MUSIC, INC.,
and GEORGE CLINTON,

                Defendants,
-------------------------------------x

Index No. 06238/82

VERIFIED COMPLAINT

    Plaintiff, GEORGE BERNARD WORRELL, by his attorneys, KLAPPER & ROSEN, as and for a Verified Complaint, hereby alleges as follows:

    1. Upon information and belief, at all times herein mentioned, Defendant THANG, INC., (hereinafter "THANG") is a corporation which transacted business within the City, County and State of New York.

    2. Upon information and belief, at all times herein mentioned, Defendant MALBIZ MUSIC, INC., (hereinafter "MALBIZ") is a corporation which transacted business within the City, County and State of New York.

    3. Upon information and belief, at all times herein mentioned, Defendant GEORGE CLINTON (hereinafter "CLINTON") transacted business within the City, County and State of New York.

    4. Upon information and belief, at all times herein mentioned, Defendant CLINTON was an officer of Defendant THANG.

    5. Upon information and belief, at all times herein mentioned, Defendant CLINTON was an officer of Defendant MALBIZ.

    6. At all times herein mentioned, Plaintiff GEORGE BERNARD WORRELL (hereinafter "PLAINTIFF") was, and still is, a professional musician,

MIPRO07463

IQ 1

musical performer and musical composer, and has recorded numerous phonographic albums and written numerous musical compositions which have been sold throughout the United States and in various foreign countries throughout the world.

## AS AND FOR A FIRST CAUSE OF ACTION

7. Upon information and belief, at all times herein mentioned, Defendant THANG is engaged in the business of producing, manufacturing, advertising, publicizing, selling and/or otherwise distributing phonographic recordings of various musical artists, composers and/or performers.

8. In or about January, 1976, Defendant THANG and PLAINTIFF entered into an Agreement (hereinafter "Agreement") whereby and pursuant to which Defendant THANG did engage PLAINTIFF to render certain artistic musical services to and for the benefit of the Defendant THANG in connection with the production of certain phonographic recordings. A copy of the said Agreement is annexed hereto as Exhibit "A".

9. In accordance with the terms of the said Agreement (Exhibit "A"), among other things, Defendant THANG did engage PLAINTIFF to render certain phonographic recordings and PLAINTIFF did further agree to accept such engagement and did render such artistic musical services to Defendant THANG.

10. In accordance with the terms of the Agreement, and more specifically Paragraph 5 thereof, and in return for the artistic

MIPRO07464

-2-

IQ 2

musical services rendered by PLAINTIFF, Defendant THANG did promise and agree to pay to PLAINTIFF certain royalties and/or payments.

11. In accordance with the terms of the said Agreement it was further understood, both explicitly and implicitly, that Defendant THANG in good faith, should devote and exercise its best efforts, knowledge of and general trade experience and expertise in phonographic recording production and marketing, and should utilize its best resources and all available means in furtherance of the timely and sustained production of the said phonographic recordings to the best possible advantage and toward the end of deriving the maximum revenue possible from the distribution, production, marketing, exploitation and licensing of such phonographic recordings.

12. Upon information and belief, and in connection with the aforementioned Agreement, Defendant THANG did enter into various contracts and/or other agreements with certain other companies engaged in the business of recording, distributing and marketing phonographic recordings including, but not limited to, Arista Records, Inc., Warner Bros., Inc., and Casablanca Records, Inc., for the purpose of marketing and distributing certain phonographic recordings in which were contained various musical compositions written and/or performed by PLAINTIFF pursuant to the Agreement with Defendant THANG.

13. Upon information and belief, pursuant to the contracts and/or agreements entered into between Defendant THANG and the aforementioned companies engaged in the business of recording, distributing and marketing phonographic recordings, Defendant THANG did receive certain

-3-  MIPRO07465  IQ 3

sums of monies, payments and/or royalties derived from the marketing and distribution of the phonographic recordings in which were contained various musical compositions written and/or performed by PLAINTIFF pursuant to the Agreement.

14. In accordance with the terms of the said Agreement, PLAINTIFF was entitled to recieve a certain percentage of the monies, payments and/or royalties received by Defendant THANG from the aforementioned companies, and others, in connection with the recording, marketing and distribution of the phonographic recordings in which were embodied certain musical compositions written and/or performed by PLAINTIFF pursuant to the Agreement.

15. Defendant THANG has failed, neglected and/or refused to pay to PLAINTIFF the aforesaid monies, payments and/or royalties to which PLAINTIFF is entitled pursuant to the terms of the Agreement.

16. PLAINTIFF, his agents, and/or attorneys, have demanded from Defendant THANG, its agents, servants and/or employees, the aforesaid royalties and/or other sums of money to which PLAINTIFF is entitled pursuant to the terms of the Agreement, and such demands have been refused.

17. By reason of the foregoing, PLAINTIFF has been damaged in the sum of TWO HUNDRED AND FIFTY SIX THOUSAND SIX HUNDRED AND SIXTY ($256,660.00) DOLLARS.

MIPRO07466

## AS AND FOR A SECOND CAUSE OF ACTION

18. PLAINTIFF repeats and reiterates all of the allegations contained in paragraphs "1" through "6" inclusive of this Verified Complaint as if fully set forth at length herein.

19. Upon information and belief, at all times herein mentioned, Defendant MALBIZ is engaged in the business of producing, manufacturing, advertising, publicizing, selling and/or otherwise distributing phonographic recordings of various musical artists, composers and/or performers.

20. In or about October, 1976, Defendant MALBIZ and PLAINTIFF entered into various Assignment agreements (hereinafter "Assignments") whereby and pursuant to which PLAINTIFF did assign his rights to and in various musical compositions written and/or composed by PLAINTIFF in conjunction with other composers to Defendant MALBIZ.

22. In accordance with the terms of the said Assignments, it was further understood both implicitly and explicitly, that Defendant MALBIZ, in good faith, should devote and exercise its best efforts, knowledge of and general trade experience and expertise in marketing the aforementioned musical compositions to the best possible advantage and toward the end of deriving the maximum revenue possible from the marketing, exploitation and licensing of such musical compositons.

23. Upon information and belief, and in connection with the Assignments, Defendant MALBIZ did enter into various contracts and/or other agreements

-5-

MIPRO07467

IQ 5

with certain other companies engaged in the business of marketing and distributing musical compositions, including, but not limited to, Rick's Music Inc., Arista Records Inc., Atlantic Records Inc., and Warner Bros. Records, Inc., for the marketing and distribution of the musical compositions written and/or composed by PLAINTIFF in conjunction with other composers and assigned to Defendant MALBIZ.

24. Upon information and belief, and pursuant to the contracts and/or other agreements entered into between Defendant MALBIZ and the aforementioned companies engaged in the business of marketing and distributing musical compositions, Defendant MALBIZ did receive certain sums of money, payments and/or royalties for the marketing and distribution of the aforementioned musical compositions written and/or composed by PLAINTIFF in conjunction with other composers and assigned to Defendant MALBIZ.

25. Pursuant to the terms of the Assignments, PLAINTIFF was entitled to receive a certain percentage of the monies, payments and/or royalties received by Defendant MALBIZ in connection with the marketing and distribution of the aforementioned musical compositions.

26. Defendant MALBIZ has failed, neglected and/or refused to pay to PLAINTIFF the aforesaid percentage of the monies, payments and/or royalties to which PLAINTIFF is entitled pursuant to the Assignments.

27. PLAINTIFF, his agents and/or attorneys, have demanded from Defendant MALBIZ, its agents, servants, and/or employees, the aforesaid royalties and/or

MIPRO07468

IQ 6

other sums of money to which PLAINTIFF is entitled pursuant to the terms of the Assignments, and such demands have been refused.

28. By reason of the foregoing, PLAINTIFF has been damaged in the sum of FIFTEEN THOUSAND ONE HUNDRED AND FIFTY NINE ($15,159.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION

29. PLAINTIFF repeats and reiterates all of the allegations contained in paragraphs "1" through "6" inclusive and "19" through "28" inclusive of this Verified Complaint as if fully set forth at length herein.

30. Upon information and belief, Defendant MALBIZ has accepted roylaty statements from certain companies with regard to the musical compositions referred to in the Second Cause of Action of this Verified Complaint without verifying the accuracy of such royalty statements, in breach of its (MALBIZ'S) fiduciary duty to the musical composers, including PLAINTIFF.

31. By reason of the foregoing, PLAINTIFF has been damaged in the sum of TWENTY ONE THOUSAND SEVEN HUNDRED AND SEVENTY ONE ($21,771.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION

32. PLAINTIFF repeats and reiterates all of the allegations contained in paragraphs "1" through "31" inclusive of this Verified Complaint as if fully set forth at length herein.

MIPRO07469

33. Upon information and belief, at all times herein mentioned, Defendant CLINTON was an officer of Defendant THANG, and, as such, owed PLAINTIFF a fiduciary duty with respect to the funds, payments, monies and/or royalties which he (CLINTON) collected and/or received on behalf of PLAINTIFF in connection with the Agreement.

34. Upon information and belief, at all times herein mentioned, Defendant CLINTON was an offficer of Defendant MALBIZ, and, as such, owed PLAINTIFF a fiduciary duty with respect to the funds, payments, monies and/or royalties which he (CLINTON) collected and/or received on behalf of PLAINTIFF in connection with the Assignments.

35. Defendant CLINTON, in derogation of his said fiduciary duty to PLAINTIFF, intentionally, wrongfully, and fraudulently misappropriated and converted the said funds, payments, monies, and/or royalties to his own use which he (CLINTON) collected and/or received on behalf of PLAINTIFF in connection with the Agreement and the Assignments.

36. At all times herein mentioned, and prior to the commencement of this action, PLAINTIFF, his agents, and/or attorneys, has duly demanded of defendants CLINTON, THANG, and MALBIZ, their agents, servants and/or employees that they account for their acts relating to the Agreements and Assignments and that they turn over to PLAINTIFF, his agents and/or attorneys, all records in their possession relating to the said Agreement and the Assignments and that they pay over to PLAINTIFF his lawful percentage of the funds, payments, monies and/or royalties to which PLAINTIFF is entitled, but Defendants

MIPRO07470

-8-

IQ 8

CLINTON, THANG and MALBIZ have failed, neglected, and refused to do so and have never rendered to PLAINTIFF a true and valid accounting for the said monies received by them.

37. By reason of the foregoing, PLAINTIFF is entitled to compensatory and punitive damages in the sum of FIVE MILLION ($5,000,000) DOLLARS.

WHEREFORE, PLAINTIFF demands judgment against Defendant THANG on the FIRST CAUSE OF ACTION in the sum of TWO HUNDRED AND FIFTY SIX THOUSAND SIX HUNDRED AND SIXTY ($256,660.00) DOLLARS; on the SECOND CAUSE OF ACTION against Defendant MALBIZ in the sum of FIFTEEN THOUSAND ONE HUNDRED AND FIFTY NINE ($15,159.00) DOLLARS; on the THIRD CAUSE OF ACTION against Defendant MALBIZ in the sum of TWENTY ONE THOUSAND SEVEN HUNDRED and SEVENTY ONE ($21,771.00) DOLLARS; and on the FOURTH CAUSE OF ACTION against Defendants CLINTON, THANG, and MALBIZ in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, and for an accounting to PLAINTIFF of all monies received by Defendants CLINTON, THANG and MALBIZ in connection with the Agreement and the Assignments; with interest thereon, together with the costs and disbursements of this action, and for such other and further relief as to this Court may seem just and proper.

Yours, etc.

KLAPPER & ROSEN
Attoneys for Plaintiff
299 Broadway - Suite 1205
New York, New York 10007
(212) 619-3485

MIPRO07471

IQ 9

STATE OF NEW Jersey )
: ss.:
COUNTY OF Union )

GEORGE BERNARD WORRELL, being duly sworn, deposes and says that he is the Plaintiff in the within action; that deponent has read the foregoing complaint and knows the contents thereof; that the same is true to deponent's own knowlege, except as to matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true.

*George Bernard Worrell*
GEORGE BERNARD WORRELL

Sworn to before me this 4th day of December, 1981.

*Linda U. Potts*
NOTARY PUBLIC

LINDA Y. POTTS
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV. 15, 1983

MIPRO07472

IQ 10