# EXHIBIT E

**EXHIBIT**

# 2   3-4-25   SB

1   JEFFER, MANGELS & BUTLER
    ROBERT E. MANGELS
2   NEIL C. ERICKSON
    1900 Avenue of the Stars
3   Fourth Floor
    Los Angeles, California 90067
4   Telephone: (213) 203-8080

5   Attorneys for Plaintiff
    G. BERNARD WORRELL, JR.

6

7

**FILED**

MAY 17 1984

JOHN J. ~~CORCORAN~~, COUNTY CLERK

*Carol Burger*

BY CAROL A. BURGE, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10                                              C 498616

11  G. BERNARD WORRELL, JR., an      )   CASE NO.
    individual,                      )
12                                   )   COMPLAINT FOR (1) BREACH
                   Plaintiff,        )   OF WRITTEN CONTRACT;
13                                   )   (2) BREACH OF WRITTEN
         v.                          )   CONTRACT; (3) BREACH OF
14                                   )   IMPLIED COVENANT OF GOOD
    TERCER MUNDO, INC., a California )   FAITH AND FAIR DEALING;
15  corporation, GEORGE CLINTON.     )   (4) ACCOUNT STATED;
    an individual, NENE MONTEZ, an   )   (5) SERVICES PERFORMED;
16  individual, ARCHIE IVY, an       )   (6) MONEY HAD AND RECEIVED;
    individual, and DOES I through   )   (7) ACCOUNTING
17  XX, inclusive,                   )
                                     )
18                 Defendants.       )
                                     )
19  ─────────────────────────────────

20

21         Plaintiff G. Bernard Worrell, Jr. ("Worrell") alleges as

22  follows:

23

24              ALLEGATIONS COMMON TO ALL CAUSES

25                       OF ACTION

26

27         1.   Worrell is, and at all relevant times herein was an

28  individual and a resident of Union County, New Jersey.

JEFFER, MANGELS
& BUTLER
A PROFESSIONAL CORPORATION

2.   Defendant Tercer Mundo, Inc. ("Tercer Mundo") is, and at all relevant times herein was, a corporation duly organized and existing under the laws of the State of California. Worrell is informed and believes and, based upon such information and belief, alleges that Tercer Mundo maintains its principal place of business in Los Angeles County, California. On December 1, 1983, Tercer Mundo was suspended by the California Secretary of State.

3.   Defendant George Clinton ("Clinton") is, and at all relevant times herein was, an individual. Worrell is informed and believes and, based upon such information and belief, alleges that Clinton is, and at all relevant times herein was, a resident of Jackson County, Michigan. Worrell is further informed and believes and, based upon such information and belief, alleges that Clinton conducts business, owns real and personal property and business interests in the State of California.

4.   Defendant Nene Montez ("Montez") is, and at all relevant times herein was, an individual. Worrell is informed and believes and, based upon such information and belief, alleges that Montez is, and at all relevant times herein was, a resident of Los Angeles County, California. Worrell is further informed and believes and, based upon such information and belief, alleges that Montez conducts business, owns real and personal property and business interest in the State of California.

/ / /

/ / /

/ / /

JEFFER, MANGELS
& BUTLER

5.   Defendant Archie Ivy ("Ivy") is, and at all relevant times here was, an individual and a resident of Los Angeles County, California.

6.   Worrell is not presently aware of the true names or capacities, whether individual, associate, corporate or otherwise, of defendants DOES I through XX, and therefore sues each said defendants by such fictitious names.  Worrell will amend this complaint to show such true names and capacities when they have been ascertained.

7.   Worrell is informed and believes and, based upon such information and belief, alleges that at all relevant times herein defendants, and each of them, were agents, servants, employees or co-participants with each of the remaining defen-dants, acted in concert with each of the remaining defendants, acted within the purpose and scope of their respective agency or employment and were responsible for the damages sustained by Worrell.

## FIRST CAUSE OF ACTION
## AGAINST MONTEZ AND IVY
(Breach of Written Contract)

8.   Worrell realleges and incorporates by reference in this Cause of Action each and every allegation contained in paragraphs 1 through 7 hereof as if set forth in full herein.

/ / /

1    9.   On or about January 30, 1981, at Los Angeles,

2   California, Worrell on the one hand and Montez and Ivy on the

3   other hand, entered into a written agreement ("January 30, 1981

4   agreement").  A true and correct copy of the January 30, 1981

5   agreement is attached hereto as Exhibit "A" and incorporated

6   herein by this reference.  The relevant terms of the January 31,

7   1981 agreement provide that Montez and Ivy were to pay to Worrell

8   a total sum of $50,000 on or before February 28, 1981 in return

9   for services performed, or to be performed, by Worrell at the

10  request of Montez and Ivy.

11

12   10.  Worrell has duly performed, or was excused from

13  performing, all the conditions and covenants imposed on him by the

14  January 30, 1981 agreement.

15

16   11.  Montez and Ivy have failed and refused to pay all or

17  any part of the agreed sum to Worrell.  Worrell has continually

18  demanded that Montez and Ivy pay him the money to which he is

19  entitled under the January 30, 1981 agreement, but Montez and Ivy

20  continue to fail and refuse to pay such monies.

21

22   12.  Worrell has been damaged by the failure and refusal

23  of Montez and Ivy to perform their obligations under the

24  January 30, 1981 agreement in a sum of at least $50,000, together

25  with interest on such sum at the legal rate from February 28,

26  1981.

27  / / /

28  / / /

4

SECOND CAUSE OF ACTION

AGAINST ALL DEFENDANTS

(Breach of Written Contract)

13.   Worrell realleges and incorporates by reference in this Cause of Action each and every allegation contained in paragraphs 1 through 7 hereof as if set forth in full herein.

14.   On or about September 9, 1982, at Los Angeles, California, Worrell on the one hand and defendants on the other hand entered into a written agreement ("September 9, 1982 agreement") which memorialized Worrell's prior understanding that defendants would pay Worrell for services he performed at defendants' request.  A true and correct copy of the September 9, 1982 agreement is attached hereto as Exhibit "B" and incorporated herein by this reference.  The relevant terms of the September 9, 1982 agreement provide that defendants pay to Worrell a total sum of $130,000, payable as follows:  (1) Worrell was to receive from defendants five percent (5%) of all gross sums of money received by defendants or defendants' related companies from the date of the agreement within seven days after any such monies were first received by defendants; (2) notwithstanding the provisions of (1), in no event was Worrell to receive less than $30,000 during each of three successive six month periods beginning October 1, 1982, and $40,000 in the fourth six month period after October 1, 1982. The September 9, 1982 agreement also preserves Worrell's legal rights and remedies to enforce the September 9, 1982 agreement following 90 days written notice to defendants.  On October 10,

1    1983, written demand for payment and notice of Worrell's intent to

2    pursue legal remedies was given to defendants in a letter from

3    Worrell's attorney to defendants' attorney.  A true and correct

4    copy of the October 10, 1983 letter is attached hereto as Exhibit

5    "C" and incorporated herein by this reference.

6

7        15.  Worrell has duly performed, or was excused from per-

8    forming, all the conditions and covenants imposed on him by the

9    September 9, 1982 agreement.

10

11       16.  Defendants have failed and refused to pay all or any

12    part of the agreed sum to Worrell.  Worrell has continually

13    demanded that defendants pay him the money to which he is entitled

14    under the September 9, 1982 agreement and to render a proper

15    accounting to Worrell, but defendants continue to fail and refuse

16    to pay such monies or to render any accounting whatsoever.

17

18       17.  Worrell has been damaged by the failure and refusal

19    of defendants to perform their obligations under the September 9,

20    1982 agreement in a sum of at least $130,000, together with

21    interest on such sum at the legal rate from October 1, 1982.

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /


FFER, MANGELS
& BUTLER
...INCLUDING
...CORPORATIONS

THIRD CAUSE OF ACTION

AGAINST ALL DEFENDANTS

(Breach of Implied Covenant of Good

Faith and Fair Dealing)

18.   Worrell realleges and incorporates by reference in this Cause of Action each and every allegation contained in paragraphs 1 through 17 hereof as if set forth in full herein.

19.   Every contract was an implied covenant requiring the parties to act in good faith and deal fairly with each other, to refrain from doing anything that would render performance of the contract impossible and to do everything that the contract pre-supposed the parties would do to accomplish the purposes of the contract.   Defendants breached the implied covenant of good faith and fair dealing contained in the January 30, 1981 and September 9, 1982 agreements by acting in the manner alleged herein.

20.   As a proximate result of defendants' breach of the implied covenant of good faith and fair dealing, Worrell has been injured in the sum of at least $180,000, plus interest at the legal rate according to proof.

/ / /

/ / /

/ / /

/ / /

/ / /

7

## FOURTH CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

### (Account Stated)

21.  Worrell realleges and incorporates by reference in this Cause of Action each and every allegation contained in paragraphs 1 through 7 hereof as if set forth in full herein.

22.  On or about January 30, 1981 and September 9, 1982, at Los Angeles, California, accounts were stated in writing by and between Worrell on the one hand and defendants on the other hand.  True and correct copies of the written accounts are attached hereto as Exhibits "A" and "B", respectively, and incorporated herein by this reference.  The written accounts state that sums of $50,000 and $130,000, respectively, are due Worrell from defendants.

23.  Although Worrell has made both written and oral demand for payment, defendants have failed and refused to pay all or any part of the agreed sums to Worrell.

24.  There is now due, owing and unpaid from defendants to Worrell the sums of at least $50,000, together with interest on such sum at the legal rate from February 28, 1981, and at least $130,000, together with interest on such sum at the legal rate from October 1, 1982, for a total sum of at least $180,000, plus interest as alleged.

/ / /



## FIFTH CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

(Services Performed)

25.   Worrell realleges and incorporates by reference in this Cause of Action each and every allegation contained in paragraphs 1 through 7 hereof as if set forth in full herein.

26.   Within the last four years, defendants became indebted to Worrell in the total sum of at least $180,000 for services performed by Worrell at the special request of defendants, namely, among others, as a recording artist, co-producer, session leader, writer/composer/arranger and entertainer.

27.   No part of the above sum has been paid by defendants to Worrell, although demand therefor has been made to defendants, and there is now due, owing and unpaid at least $180,000, together with interest on such sum at the legal rate according to proof.

## SIXTH CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

(Money Had And Received)

28.   Worrell realleges and incorporates by reference in this Cause of Action each and every allegation contained in paragraphs 1 through 7 hereof as if set forth in full herein.

/ / /

9

29.  Within the last four years, defendants became in-debted to Worrell in a total sum of at least $180,000 for money had and received by defendants for the use of Worrell.  Said sum was wrongfully had and received by defendants as a result of services performed by Worrell at the special request of defendants, namely, among others, as a recording artist, co-producer, session leader, writer/composer/arranger and entertainer.

30.  No part of the above sum has been paid by defendants to Worrell, although demand therefor has been made to defendants, and there is now due, owing and unpaid at least $180,000, together with interest on such sum at the legal rate according to proof.

SEVENTH CAUSE OF ACTION

AGAINST ALL DEFENDANTS

(Accounting)

31.  Worrell realleges and incorporates by reference in this Cause of Action each and every allegation contained in para-graphs 1 through 7 hereof as if set forth in full herein.

32.  There exists a balance due from defendants payable to Worrell, the exact amount of said sum cannot be ascertained by Worrell.  Said sum cannot be ascertained due to the fact that the records of sales and receipts, acceptance by customers, payments and all other relevant information needed for determining the balance due to Worrell are within the sole custody and control of

defendants.  An accounting is needed in order to ascertain with certainty the exact sum due and owing to Worrell.

WHEREFORE, Worrell prays for judgment as follows:

### FIRST CAUSE OF ACTION

### AGAINST MONTEZ AND IVY

1.   For damages in the sum of at least $50,000, plus interest on such sum at the legal rate from February 28, 1981.

### SECOND CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

2.   For damages in the sum of at least $130,000, plus interest on such sum at the legal rate from October 1, 1982.

### THIRD CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

3.   For damages in the sum of at least $180,000, plus interest on such sum at the legal rate according to proof.

### FOURTH CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

4.   For damages in the sum of at least $180,000, plus interest on such sum at the legal rate according to proof.

## FIFTH CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

5.   For damages in the sum of at least $180,000, plus interest on such sum at the legal rate according to proof.

## SIXTH CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

6.   For damages in the sum of at least $180,000, plus interest on such sum at the legal rate according to proof.

## SEVENTH CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

7.   For an accounting to determine with certainty the balance due and owing to Worrell.

## ALL CAUSES OF ACTION

8.   For attorneys' fees;

9.   For costs of suit incurred; and

/ / /

/ / /

/ / /

/ / /

/ / /

10.   For such other and further relief as the Court deems just and proper.

JEFFER, MANGELS & BUTLER
ROBERT E. MANGELS
NEIL C. ERICKSON


By _Neil C. Erickson_____
NEIL C. ERICKSON
Attorneys for Plaintiff
G. BERNARD WORRELL, JR.

13

## VERIFICATION

STATE OF ~~CALIFORNIA, COUNTY OF~~ NEW JERSEY

I have read the foregoing COMPLAINT FOR (1) BREACH OF CONTRACT; (2) BREACH OF WRITTEN CONTRACT; (3) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; (4) ACCOUNT STATED; and know its contents. (5) SERVICES PERFORMED; (6) MONEY HAD AND RECEIVED; (7) ACCOUNTING ☒ CHECK APPLICABLE PARAGRAPH

☒ I am a party to this action. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing document and know its contents. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I have read the foregoing document and know its contents. I am informed and believe and on that ground allege that the matters stated in it are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on  April   20 , 19 84 , at  Plainfield, New Jersey   ~~California~~

*G. Bernard Worrell, Jr.*
Signature
G. Bernard Worrell, Jr.

## ACKNOWLEDGMENT OF RECEIPT OF DOCUMENT
### (other than summons and complaint)

Received copy of document described as _____

on _____ , 19 _____

_____
Signature

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On _____ , 19 _____ , I served the foregoing document described as _____

_____
_____
_____ on _____
in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at: _____
_____

addressed as follows:

☐ **(BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at _____ , California.

**(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.
☐ Executed on _____ , 19 ____ at _____ , California.
☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Signature

Jan 30, '81

We, the undersigned
agree and contract to
pay to Bernie Worrell
the sum of $50,000
(Fifty Thousand Dollars)
to be paid on account
towards the audit. Balance
due in one Month.

NENE MONTEZ

ARCHIE IVY

B Worrell

Judie Worrell
Judie Worrell

WITTNESS:

Alise Nelson

Tercer Mundo, Inc.
270 North Canyon Drive
Beverly Hills, California

September 9, 1982

Mr. Bernie Worrell
956 Melrose Place
Plainfield, New Jersey  07063

Dear Mr. Worrell:

Notwithstanding anything to the contrary contained in the General Release Agreement between Bernie Worrell, Thang, Inc., Malbiz Music, Inc. and George Clinton dated September 9, 1982.  The following shall constitute our understanding with respect to sums owed to you for past services rendered to us, George Clinton and to all of Mr. Clinton's related companies.  We agree to pay to you for said services rendered the sum of $130,000. payable as follows:

(1)   We shall pay to you 5% of all gross sums of money received by us on behalf of Clinton and or Clinton's related companies that we received within seven days after receipt by us of any such monies.

(2)   Notwithstanding the foregoing, in no event shall you receive less than $30,000. during each six month period commencing October 1, 1982 and in the fourth sixth month period after October 1, 1982, you shall not receive less than $40,000.

In the event we do not meet the payment schedule provided hereinabove, you shall have the right to exercise any legal rights or remedies at law you may choose in order to secure said $130,000. which is due and oweing to you from us, George Clinton or any of George Clinton's related companies.  However, before you exercise said legal rights or remedies, you must notify us in writing of your intent to do so and we shall have ninety (90) days from the date of such written notice to pay you the sum owing as of that date.

We recognize that your personal contribution to future recordings and musical

1

activities to George Clinton ⬤ related companies is necessary ⬤ us to be able to fulfill our obligations in this agreement. In order to secure your services in the future, you and us will negotiate in good faith with respect to any and all services to be rendered by you to us from this day forward. We shall give you reasonable notice with respect to any of your services which we wish you to render to us. However, any services so rendered by you to us shall be pursuant to terms and conditions mutually agreeable to you and us.

If the following is acceptable, kindly execute this letter of agreement wherein indicated below.

Very truly yours,

Tercer Mundo, Inc.

Accepted and Agreed To:

Bernie Worell

2

# GRUBMAN INDURSKY & SCHINDLER, P.C.

## ATTORNEYS AT LAW

ALLEN J. GRUBMAN
ARTHUR I. INDURSKY
PAUL D. SCHINDLER
STEPHEN L. KOPITKO
HENRY D. GOLDSTEIN

ROBERT H. FLAX
JUDY H. TINT

575 MADISON AVENUE
NEW YORK, N.Y. 10022

TELEPHONE 212-888-6600
TELEX 426104 AJO

October 10, 1983

Mr. Robert Besser
1901 Avenue of the Stars
Suite 888
Los Angeles, California 90067

Re:  Bernie Worrell/George Clinton

Dear Bob:

There is a substantial amount of money due Bernie Worrell from George Clinton. On June 30, I sent you a letter with a copy of the settlement agreement. I have not heard from you since then. Please call me to work out a payment schedule.

If I do not hear from you I will have to take other steps to procure this money for Bernie.

With best regards.

Very truly yours,

Paul D. Schindler

PDS:md

cc:  Bernie Worrell

Tercer Mundo, Inc.
270 North Canyon Drive
Beverly Hills, California


September 9, 1982


Mr. Bernie Worrell
956 Melrose Place
Plainfield, New Jersey  07063

Dear Mr. Worrell:

Notwithstanding anything to the contrary contained in the General Release Agreement between Bernie Worrell, Thang, Inc., Malbiz Music, Inc. and George Clinton dated September 9, 1982.  The following shall constitute our understanding with respect to sums owed to you for past services rendered to us, George Clinton and to all of Mr. Clinton's related companies.  We agree to pay to you for said services rendered the sum of $130,000. payable as follows:

(1)  We shall pay to you 5% of all gross sums of money received by us on behalf of Clinton and or Clinton's related companies that we received within seven days after receipt by us of any such monies.

(2)  Notwithstanding the foregoing, in no event shall you receive less than $30,000. during each six month period commencing October 1, 1982 and in the fourth sixth month period after October 1, 1982, you shall not receive less than $40,000.

In the event we do not meet the payment schedule provided hereinabove, you shall have the right to exercise any legal rights or remedies at law you may choose in order to secure said $130,000. which is due and oweing to you from us, George Clinton or any of George Clinton's related companies.  However, before you exercise said legal rights or remedies, you must notify us in writing of your intent to do so and we shall have ninety (90) days from the date of such written notice to pay you the sum owing as of that date.

We recognize that your personal contribution to future recordings and musical

1

activities to George Clinton and related companies is necessary for us to be able to fulfill our obligations in this agreement. In order to secure your services in the future, you and us will negotiate in good faith with respect to any and all services to be rendered by you to us from this day forward. We shall give you reasonable notice with respect to any of your services which we wish you to render to us. However, any services so rendered by you to us shall be pursuant to terms and conditions mutually agreeable to you and us.

If the following is acceptable, kindly execute this letter of agreement wherein indicated below.

Very Truly yours,

Tercer Mundo, Inc.

Accepted and Agreed To:

Bernie Worell

2