# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD
WORRELL, JR.,

    Plaintiff,

vs.

THANG, INC. and
GEORGE CLINTON,

    Defendants.

Case No. 4:22-cv-11009-FKB-DRG
District Judge F. Kay Behm
Magistrate Judge David R. Grand

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS
## TO PAY PLAINTIFF'S EXPERTS FOR DEPOSITIONS NOTICED
## AND TAKEN BY DEFENDANTS

Plaintiff Estate of George Bernard Worrell, Jr., by its attorneys, Dickinson Wright PLLC, pursuant to Fed. R. Civ. P. 26(b)(4)(E), moves this Honorable Court for an Order compelling the payment of invoices for time Plaintiff's experts spent in deposition and imposing sanctions upon Defendants. In support of its Motion, Plaintiff relies on the law and reasoning set forth in its accompanying Brief, the Federal Rules of Civil Procedure, and the files and records in this case. Concurrence in the relief requested in this Motion was sought from Counsel for Defendants on May 30, 2025, and concurrence was denied.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion.

                                    Respectfully submitted,

                                    DICKINSON WRIGHT PLLC

                                    */s/ Daniel D. Quick*
                                    Daniel D. Quick (P48109)
                                    *Attorneys for Plaintiff*
                                    2600 W. Big Beaver Road, Suite 300
                                    Troy, MI 48084
                                    (248) 433-7200
                                    dquick@dickinsonwright.com

Dated:  June 20, 2025

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD
WORRELL, JR.,

    Plaintiff,

vs.

THANG, INC. and
GEORGE CLINTON,

    Defendants.

Case No. 4:22-cv-11009-FKB-DRG
District Judge F. Kay Behm
Magistrate Judge David R. Grand

_____

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DEFENDANTS
TO PAY PLAINTIFF'S EXPERTS FOR DEPOSITIONS NOTICED
AND TAKEN BY DEFENDANTS**

_____

## ISSUE PRESENTED

Should Defendants have to abide by Fed. R. Civ. P. 26(b)(4)(E) and pay Plaintiff's experts for their time attending depositions Defendants' noticed?

Plaintiff answers: YES

Defendants presumably answer: NO


Should the Court impose sanctions on Defendants under Fed.R.Civ.P. 11 and/or 28 U.S.C. 1927?

Plaintiff answers: YES

Defendants presumably answer: NO

# CONTROLLING AUTHORITIES

**Cases**

*Phillips v. Tangilag*, 14 F.4th 524, 543 (6th Cir. 2021)

*El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 1:07-CV-598, 2012 WL 4794589 (W.D. Mich. Sept. 18, 2012), *report and recommendation adopted,* No. 1:07-CV-598, 2012 WL 4794584 (W.D. Mich. Oct. 9, 2012)

*Cohen v. Jaffe, Raitt, Heuer, & Weiss, P.C.*, 322 F.R.D. 298, 301 (E.D. Mich. 2017)

*Metz v. Unizan Bank,* 655 F.3d 485, 489 (6th Cir. 2011)

*Rentz v. Dynasty Apparel Indus., Inc.,* 556 F.3d 389, 395 (6th Cir. 2009)


Fed.R.Civ.P. 26(b)(4)(E)

Fed.R.Civ.P. 11

28 U.S.C. §1927

## I.     INTRODUCTION

Defendants George Clinton and Thang, Inc. (collectively "Defendants") noticed and conducted depositions of Plaintiff's retained expert witnesses, Dr. Ellen Exner and Mr. Robert "Bob" Kohn. Those experts appeared and testified as required. Pursuant to Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure, Defendants are obligated to pay the experts for their time at said depositions. Indeed, Plaintiff noticed and took the deposition of Defendants' rebuttal expert Mr. Alan Elliot and as required, paid Mr. Elliot's invoice. Despite repeated requests, Defendants have refused to pay Dr. Exner and Mr. Kohn and have now taken the position that they can transform their *obligation* under the Rule into extortion, writing, "[p]erhaps we could facilitate the payment if Plaintiff stipulates to release funds currently being embargoed by the record companies." **Ex. 1,** May 30, 2025, Email from James Allen to Daniel Quick. Plaintiff respectfully requests that the Court issue an order compelling payment and for sanctions for having to bring the instant motion to compel Defendants to comply with their obligations under the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

Fed.R.Civ.P. 26(b)(4)(E) provides: "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or

1

(D)." This provision reflects the standard that an opposing party should not be able to obtain the benefit of expert testimony without bearing the cost of the experts' time spent providing such. District Courts have routinely enforced this provision. *See Phillips v. Tangilag*, 14 F.4th 524, 543 (6th Cir. 2021). This language in the rule is **_mandatory_**. *El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 1:07-CV-598, 2012 WL 4794589 (W.D. Mich. Sept. 18, 2012), *report and recommendation adopted,* No. 1:07-CV-598, 2012 WL 4794584 (W.D. Mich. Oct. 9, 2012).

### III.    FACTUAL BACKGROUND

Defendants took the deposition of Plaintiff's experts Mr. Bob Kohn on March 4, 2025, and Dr. Ellen Exner on March 6, 2025. Invoices were provided to Defendants on March 20, 2025. **(Ex. 2)** On April 24, Plaintiff's counsel followed up with Defendants' counsel about this and stated that Plaintiff was prepared to pay Defendants' expert once he let Plaintiff know Defendants were willing and ready to pay. Counsel for Defendants stated that he would respond the following week. **(Ex. 1)** He did not. Plaintiff's counsel followed up again on May 6 and got no response and sent another follow up on May 29. On May 30, Defendants responded and would not commit to a time for payment and suggested that payment be conditioned upon receiving substantive prejudgment relief. Plaintiff has paid Defendants' expert. **(Ex. 1)**

2

IV. **ARGUMENT**

Plaintiff's experts should not have their payments delayed any longer. Defendant is plainly obligated to pay Plaintiff's experts in connection with their depositions. The hourly rates charged are within the standard range for experts in their fields with comparable education, experience and specialization, less than that of Defendant's expert (who charged $1000/hour; see **Ex. 3**), and unlike Defendant's expert, were disclosed in their timely expert reports.

To wit, both Mr. Kohn and Dr. Exner expressly disclosed their hourly rates for testimony in their timely-produced expert reports. *See* **Ex. 4** at p. 53 (Excerpt of Kohn Report) ("My fees for services rendered as an expert witness in this case are $875.00 per hour, except that the hour rate for deposition and trial testimony is $975.00 per hour); **Ex. 5** at p. 11 (Excerpt of Exner Report) ("My fee to draft this initial report is $2500.00. My hourly rate for deposition and trial testimony is $500.00 per hour plus travel costs.").

Comparatively, Mr. Elliott disclosed that he was not charging for his testimony. **Ex. 6** at p. 22 (Excerpt of Elliott Report) ("I am providing this testimony voluntarily."). Regardless, Mr. Elliott sent an invoice for his time at deposition charging $1,000 per hour (a figure seemingly pulled from thin air, and at odds with "voluntary" testimony). **(Ex. 3)** Regardless, Plaintiff, through her transactional counsel, King & Ballow, mailed Mr. Elliott a check for $3,000.00 in full satisfaction

3

of the invoice on June 9, 2025. In the various emails on this topic, there has been no suggestion of any challenge to the reasonable rates of the experts; indeed, Defendants affirmatively said "we will pay the experts", but they simply won't commit to when that will actually happen (Ex. 1), and thus have vexatiously forced Plaintiff to seek assistance of this Court for invoices already nearly 3 months old.[1]

There is no good faith basis for Defendants to continue to withhold payment. Worse, Defendants' insinuation that payment should be conditioned on receiving prejudgment substantive relief is simply bad faith. Defendants have proffered *no* explanation to withhold payment. Defendants have not challenged the reasonableness of the invoices or hourly rate and cannot earnestly do so given their own expert's decision to arbitrarily charge *more* than his stated fee *and* more per hour than Plaintiff's experts. *Cent. Transp., LLC v. Thermofluid Techs., Inc.*, No. 3:18-CV-80-TWP-DCP, 2020 WL 50393, at *14 (E.D. Tenn. Jan. 3, 2020)(finding Plaintiff's expert rate reasonable where "Defendant hired similar experts with much higher rates…."). Furthermore, the invoices sent were limited to the time actually

---

[1] And those rates are reasonable. They are lower than the rate charged by Defendants' expert, someone who does not come close in terms of experience, education or training to provide expert testimony. (The Court has the full expert reports and depositions as part of other pending Motions, ECF No. 128-2 and -3 (Kohn) and 129-2 and -3 (Exner).) Based upon their extensive credentials and (in the case of Mr. Kohn, his standard expert witness rates, which were used here per his deposition testimony, ECF No. 128-3, PageID 2986 at lines 12-13), the billed hourly rates are reasonable.

sitting for the deposition rather than the preparation time, which is compensable under the rules. *Phillips*, 14 F.4th at 543; *Cohen v. Jaffe, Raitt, Heuer, & Weiss, P.C.*, 322 F.R.D. 298, 301 (E.D. Mich. 2017).

While Defendants have provided no legitimate basis to not pay the fees, nor any challenge to the fees themselves, if history is any guide, Defendants will attempt to take advantage of their own wrongdoing by larding in to their Response Brief broadside attacks against the case, the experts, Plaintiff, Plaintiff's counsel, and the Court's past rulings. None of that is germane to payment of the fee, which Defendants are obliged to pay independent of any subsequent motion to strike their testimony. See, e.g., *Cloutier v. City of Lowell*, No. CV 15-12780-FDS, 2017 WL 3038247(D. Mass. July 18, 2017)("Whether or not the expert testimony is ultimately used at a later stage of the proceedings because it is excluded under Fed. R. Evid. 702 or for any other reason, does not determine who should bear the cost for expert discovery. *See*, *e.g.*, *Brown v. Butler*, 30 Fed.Appx. 870, 876 (10th Cir. 2002) (finding that the argument that a party should not be required to pay a fee for an expert's time because the expert was ultimately not called to testify at trial "borders on the specious").").

Because Defendants' position is specious, Plaintiff also asks for an award of fees and costs under Fed.R.Civ.P. 11 and/or 28 U.S.C. §1927. *Metz v. Unizan Bank,*

5

655 F.3d 485, 489 (6th Cir. 2011); *Rentz v. Dynasty Apparel Indus., Inc.,* 556 F.3d 389, 395 (6th Cir. 2009).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order compelling Defendants to:

1. Pay Plaintiff's experts, Dr. Exner and Mr. Kohn, pursuant to their invoices.

2. Pay the reasonable fees incurred by Plaintiff in bringing this motion, including attorney's fees under Rule 11 of the Federal Rules of Civil Procedure and/or 28 U.S.C. §1927;[2] and

3. Grant such other further relief as the Court deems just and proper.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Daniel D. Quick*
Daniel D. Quick (P48109)
*Attorneys for Plaintiff*
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
dquick@dickinsonwright.com

Dated: June 20, 2025

---

[2] In addition, or in the alternative, the Court may exercise its discretion to allow Plaintiff to submit revised invoices reflecting both testimonial and preparation time and order payment thereof by Defendants.

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, the foregoing document was electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing upon all registered counsel, and serve same.

By: <i>/s/ Nancy Cohen</i><br>
Legal Secretary, Dickinson Wright PLLC

4907-4395-19514[101112-1]