UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE WORRELL,

    Plaintiff,

v.

THANG, INC., and
GEORGE CLINTON,

    Defendants.
_____/

Case No. 22-11009

Hon. F. Kay Behm

**ORDER GRANTING MOTION
FOR ATTORNEY'S FEES (ECF NO. 142)**

Before the court is Plaintiff's motion for attorney's fees. The court held oral argument on July 30, 2025, and took the matter under advisement. For the reasons explained below, Plaintiff's motion is granted.

I.    Factual Background

Plaintiff seeks attorney fees in connection with its filing of a motion to strike Defendants' experts (ECF No. 109). The court held a hearing on that motion on February 19, 2025, and issued an order denying the motion to strike. However, the court further ruled that "Plaintiff's motion to strike is granted to the extent that the court will allow Plaintiff to file a motion for

reasonable costs and fees incurred in bringing the motion to strike." ECF No. 125. Plaintiff understood this to mean that he was entitled to an award of fees and would need to support the amount requested in a motion. Defendants respond that the court's permission to "file a motion" did not mean that the court was awarding fees, but that Plaintiff would need to justify an award of fees on the merits in the motion.

At the hearing, the court stated as follows:

> I do agree with Mr. Quick that defendant's interpretation of the prior CMO was creative at best. I thought that the CMO was clear that defendant's reports were due by December 13 regardless of whether they were rebuttal reports or affirmative reports, so at this point I am granting Mr. Quick's motion. Any request for costs, reasonable costs, that he would ask for would have to be in a separate motion identifying what those costs might be. So if Mr. Quick chooses to pursue a motion specifically for costs with attachments, then that's up to him.

ECF No. 126 at PageID.2763 (Tr.). As the transcript indicates, the court ("granting Mr. Quick's motion") intended to award Plaintiff reasonable fees, if Plaintiff filed a motion supporting those fees. Therefore, to the extent Defendants argue that Plaintiff is not entitled to an award of fees, the issue has already been decided.

Plaintiff seeks $5,265.00 in fees connected with the filing of the motion to strike and $2,774.00 related to the present motion for fees. ECF No. 142-2 (Affidavit of D. Quick); ECF No. 142-8 (invoices). Attorney Dan

2

Quick drafted the motion to strike and seeks reimbursement for 7.5 hours of work at $725 per hour. With respect to the present motion, Plaintiff seeks reimbursement for 7.6 hours of work performed by associate Elle Kersten at $365 per hour.

II.   Analysis

Determining a reasonable fee begins with calculating the product of a "reasonable hourly rate" and the "number of hours reasonably expended on the litigation," known as the "lodestar" amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (noting that the court may adjust the fee based upon the circumstances of the case, including the "results obtained"). Defendants object that Plaintiff's request for fees is too high, both with respect to the number of hours expended and the requested hourly rate. In calculating a reasonable fee, "district courts are not required to act as 'green-eyeshade accountants' and 'achieve auditing perfection' but instead must simply to do 'rough justice.'" *The Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). In other words, the court may rely estimates based upon its "overall sense of a suit." *Id*.

According to the 2023 Michigan State Bar survey, an attorney with Mr. Quick's level of experience (over 30 years), geographic location, and

3

practice area (commercial litigation), in the 95th percentile, charges in a range from $600-$660 per hour. ECF No. 142-5; ECF No. 142-6. The mean is in the range of $354-392. ECF No. 142-5. In this regard, Mr. Quick's hourly rate of $725 is on the high side, and the court will exercise its discretion to reduce it. *See Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994) ("A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney."). For Mr. Quick's work on this particular motion, which was not complex, the court determines that a reasonable hourly rate is $400. The court finds that the amount of time expended by Mr. Quick (7.5 hours) is reasonable and will award the lodestar amount of $3,000, which the court finds no further reason to adjust.

    The court concludes that Plaintiff is also entitled to fees for having to file the present motion, which was drafted by Ms. Kersten. The average hourly rate for an attorney with Ms. Kersten's level of experience, practice area, and location is in the range of $251-$454. ECF No. 142-5; ECF No. 142-7. Given her level of experience and the routine nature of the work, the court will reduce her rate to $300. The court finds that the amount of time Ms. Kersten spent (7.6 hours) to be reasonable and will award the lodestar amount of $2,280, which the court finds no further reason to adjust.

III.    <u>Conclusion</u>

It is **ORDERED** that Plaintiff's motion for attorney's fees is **GRANTED** in the amount of $5,280, to be paid by Defendants' counsel.

**SO ORDERED.**

Dated: August 8, 2025                       <u>s/F. Kay Behm</u>
                                                                               F. Kay Behm
                                                                               United States District Judge