# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD
WORRELL, JR.,

    Plaintiff,

vs.

THANG, INC. and
GEORGE CLINTON,

    Defendants.

Case No. 4:22-cv-11009-FKB-DRG
District Judge F. Kay Behm
Magistrate Judge David R. Grand

## PLAINTIFF'S SUPPLEMENTAL BRIEF

# **ISSUES PRESENTED**

1. Whether this case should be tried by the bench or a jury.

    Plaintiff answers: Bench

2. The effect of the answer to the first question on Defendants' pending *Daubert* motions.

    Plaintiff answers: It renders them improper and they should be denied (in addition to all of the other reasons previously submitted).

3. Whether Plaintiff's declaratory judgment claim requires a track-by-track analysis at trial.

    Plaintiff answers: No.

# **MOST CONTROLLING AUTHORITIES**

**Cases**

*Assessment Techs. Inst., LLC v. Parkes*, No. 19-2514-JAR, 2022 U.S. Dist. LEXIS 33900 (D. Kan. Feb. 25, 2022) ................................................................. 4

*Bercovici v. Chaplin*, 7 F.R.D. 61 (S.D.N.Y. 1946) ..................................................... 3

*Bowen v. Massachusetts*, 487 U.S. 879 (1988) ....................................................... 2, 4

*Boyd v. Nelson Credit Centers, Inc.*, 132 Mich. App. 774, 348 N.W.2d 25 (1984) .. 4

*Collin v. Huntington Nat'l Bank*, 881 F.3d 424 (6th Cir. 2018) ................................. 4

*Corwin v. Quinonez*, 858 F. Supp. 2d 903 (N.D. Ohio 2023) ................................ 7, 8

*Hildebrand v. Bd. of Trs. Of Mich. State Univ.*, 607 F.2d 705 (6th Cir. 1979) ......... 1

*Home Owners Ins. Co. v. Moffitt*, No. 1:11-cv-517 2013 U.S. Dist. LEXIS 17242 *(E.D. Mich. Feb. 8, 2013)* ................................................................................ 5

*League of Women Voters Mich. V. Benson,* No. 2:17-CV-14148 2019 U.S. Dist. LEXIS 6914 (E.D. Mich. Jan. 14, 2019) ................................................................. 5

*Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003) .................................................... 1

*Maurel v. Smith*, 220 F. 195 (D.C.N.Y. 1915) ....................................................... 2, 3

*McDonald v. Green Tree Servicing, LLC*, No. 13-12993, 2014 U.S. Dist. LEXIS 40749 (E.D. Cal. Mar. 27, 2014) ............................................................................ 4

*Michigan State A, Philip Randolph Inst. V. Johnson,* No. 16-CV-11844, 2018 U.S. Dist. LEXIS, 37112 (E.D. Mich. Mar. 7, 2018) ................................................ 5

*Poffenbarger v. Kendall*, 137 F.4th 563 (6th Cir. 2024) ........................................ 2, 4

*Siegel v. Warner Bros. Entm't, Inc.*, 581 F. Supp. 2d 1067 (C.D. Cal. 2008) ........... 3

*Simpson v. Total Renal Care, Inc.,* 629 F. Supp. 3d 680 (E.D. Mich. 2022) ............ 9

*Stanford v. United States*, No. 12-93-ART, 2015 U.S. Dist. LEXIS 191154 (S.D. Ohio Mar. 16, 2015) ................................................................................................ 5

*Summer v. Detroit Pub. Sch. Cmty. Dist.,* 714 F. Supp. 3d 832 (E.D. Mich. 2024) ..................................................................................................................9

*United States v. Conces*, No. 1:05-CV-739, U.S. Dist. LEXIS 7627 (W.D. Mich. Feb. 15, 2006) ......................................................................................................1

*United States v. Porath*, 764 F. Supp. 2d 883 (E.D. Mich. 2011) ..............................3

*Winnett v. Caterpillar, Inc.*, No. 3:06-cv-00235, 2009 U.S. Dist. LEXIS 106643 (M.D. Tenn. Nov. 16, 2009) .................................................................................5

**Other Authorities**

1 Nimmer on Copyright § 2.10 (2025) ......................................................................6

3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.10 (Matthew Bender rev. ed. 2025) ............................................................................2

H.R. Rep. No. 92-487, 92d Cong., 1st Sess. 5 (1971); S. Rep. No. 92-72, 92d Cong., 1st Sess. 5 (1971) .......................................................................................7

Nimmer on Copyright §12.10[A] n.14 (Matthew Bender rev. ed. 2025)...................3

**Rules**

Fed.R.Civ.P. 39(c)(1)................................................................................................4

## I. Introduction

At oral argument the Court requested supplemental briefing regarding the three above-referenced questions. As discussed below, each of Plaintiff's claims must be tried by the Court, which strengthens the reasons to simply deny Defendants' *Daubert* motions. As to the third question, by Defendants' own admissions, Plaintiff has already established that Mr. Worrell contributed to the creation of the sound recordings at issue in this case, such that a particularized analysis of each track is not necessary. Plaintiff asks for summary judgment in its favor on this issue but should the Court find factual issues for trial, a track-by-track analysis is not required.

## II. Each of Plaintiff's Claims Must Be Tried by the Court

Plaintiff presents plainly equitable claims where no right to a jury trial exists. "The Sixth Circuit has held that there is no right to a jury trial under the Seventh Amendment where the claims are equitable in nature." *United States v. Conces*, No. 1:05-CV-739, U.S. Dist. LEXIS 7627, at *10 (W.D. Mich. Feb. 15, 2006) (citing *Leary v. Daeschner*, 349 F.3d 888, 910 (6th Cir. 2003)). While pre-merger custom is relevant in determining whether a particular claim is equitable, "the chief focus to be made when determining whether a jury trial right exists is the nature of the relief sought." *Hildebrand v. Bd. of Trs. Of Mich. State Univ.*, 607 F.2d 705, 708 (6th Cir. 1979). However, "it is reasonably clear, based on pre-merger doctrines, that a

plaintiff seeking only remedies determined by the judge—*e.g.,* injunction, seizure, fees, and declaratory relief—is not entitled to trial by jury. That conclusion applies to the copyright sphere as to all others…." 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.10 (Matthew Bender rev. ed. 2025).

"[E]quity seeks to prevent a legal wrong, or to change the status quo so that what was wrong becomes right; whereas legal damages leave the wrong in place but afford the plaintiff compensation for it." *Poffenbarger v. Kendall*, 137 F.4th 563, 567 (6th Cir. 2024) (citing *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988)). Plaintiff's declaratory judgment claim seeks to (1) prevent a legal wrong (Defendants leading Mr. Worrell and Plaintiff on for decades to believe that the 1976 Contract was fully executed and in place, only to disavow it in the New York Action with no ramifications) and, (2) change the status quo so that Plaintiff is declared the owner of the rights it would have had in the absence of Defendants' manipulation.

Further highlighting that claims equivalent to Plaintiffs have long been established to be equitable is the groundbreaking case *Maurel v. Smith*, 220 F. 195 (D.C.N.Y. 1915), where Judge Learned Hand held that a claim for joint ownership of copyright[1] sounds in equity. *Id.* at 201-02. Said Judge Hand,

---

[1] The *Maurel* appellate court discussed how the lower court "determine[ed] the interest of the appellee" and "declared the appellee a co-owner…" of the copyrights at issue. *Maurel*, 271 F. at 216.

2

> [T]he plaintiff's rights arise from a constructive trust, created and cognizable only by a court of equity. . . . Her suit, so far as concerns the statutory copyrights, is clearly on the equity side of the court, because at law she could get no declaration of those rights, nor, indeed, could a court of law look at any but legal interests in the copyrights.

*Id.*; *see also*, *Siegel v. Warner Bros. Entm't, Inc.*, 581 F. Supp. 2d 1067, 1070 (C.D. Cal. 2008) (quoting *id.*). In affirming the *Maurel* decision the Circuit Court of Appeals stated:

> The action was properly maintainable in equity. The Action is brought to secure an adjudication that the copyrights taken up by the [appellant] are held in trust for the appellee -- at least to the extent of her rights as co-owner. Where two or more persons have a common interest in a property, equity will not allow one to appropriate it exclusively to himself, or to impair its worth as to others. The settlement of rights between joint tenants or joint owners of property is the subject-matter of equity jurisdiction.

*Maurel v. Smith*, 271 Fed. 211, 216 (2d Cir. 1921). See also *Bercovici v. Chaplin*, 7 F.R.D. 61 (S.D.N.Y. 1946)(a plaintiff who sought a finding of co-authorship in a copyright and a share of profits had no right to a jury); Nimmer on Copyright §12.10[A] n.14 (Matthew Bender rev. ed. 2025) ("To the extent a simple declaration of rights is sought, the action is equitable.").

While the above settles the matter, the equitable nature of Plaintiff's claim is further solidified by the fact that ownership determinations are the Intellectual Property equivalent of quiet title, which is "quintessentially equitable" and carries no jury right. *United States v. Porath*, 764 F. Supp. 2d 883, 891 (E.D. Mich. 2011).

3

Plaintiff's accounting claim is also unequivocally an equitable claim. "An action for accounting seeks an equitable remedy." *McDonald v. Green Tree Servicing, LLC*, No. 13-12993, 2014 U.S. Dist. LEXIS 40749, at *23 (E.D. Cal. Mar. 27, 2014) (citing *Boyd v. Nelson Credit Centers, Inc.*, 132 Mich. App. 774, 779-80, 348 N.W.2d 25 (1984)). Just because a claim may include an award of money does not render it a claim for money damages allowing for a jury trial. "To the contrary, the 'Supreme Court has long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order for the recovery of specific property or monies.'"" *Poffenbarger*, 137 F.4th at 567 (quoting *Collin v. Huntington Nat'l Bank*, 881 F.3d 424, 429 (6th Cir. 2018) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988)) (cleaned up)).

At oral argument, Defendants mused about an advisory jury, although no motion to appoint one has been filed. Under Fed.R.Civ.P. 39(c)(1), even if there is no right to a jury trial, the Court "on motion or on its own . . . may try an issue with an advisory jury." "Whether to use an advisory jury on an equitable claim is within the Court's sound discretion." *Assessment Techs. Inst., LLC v. Parkes*, No. 19-2514-JAR, 2022 U.S. Dist. LEXIS 33900, at *13 (D. Kan. Feb. 25, 2022). One here is neither necessary nor useful. "[E]mpaneling an advisory jury would impose

4

additional expense and burden on the parties and the court system"[2] and "would just add complexity and possible confusion to the case."[3] This is especially true when "[e]ven with an advisory jury, the responsibility for the decision-making process remains at all times with the court." *Winnett*, 2009 U.S. Dist. LEXIS 106643, at *10.*

### III. The Court Need Not Entertain Defendants' *Daubert* Motions

As Plaintiff has established that its claims are equitable, Defendants' (meritless) *Daubert* motions "need not be decided pretrial because this matter is a bench trial." *Stanford v. United States*, No. 12-93-ART, 2015 U.S. Dist. LEXIS 191154 at *4 (S.D. Ohio Mar. 16, 2015). "[D]aubert challenges are inapplicable to bench trials." *League of Women Voters Mich. V. Benson,* No. 2:17-CV-14148 2019 U.S. Dist. LEXIS 6914, at *1-2 (E.D. Mich. Jan. 14, 2019). "The proper course of action for this Court, therefore, is to admit the evidence and then afford it whatever weight the Court deems appropriate." *Id.* (quoting *Michigan State A, Philip Randolph Inst. V. Johnson,* No. 16-CV-11844, 2018 U.S. Dist. LEXIS, 37112, at *2 (E.D. Mich. Mar. 7, 2018).

---

[2] *Id.*; *see also Winnett v. Caterpillar, Inc.*, No. 3:06-cv-00235, 2009 U.S. Dist. LEXIS 106643, at *10 (M.D. Tenn. Nov. 16, 2009) ("Numerous additional activities and time associated with empanelling and instructing an advisory jury would be required on the part of the attorneys and the court.")

[3] *Home Owners Ins. Co. v. Moffitt*, No. 1:11-cv-517 2013 U.S. Dist. LEXIS 17242, at *22 (E.D. Mich. Feb. 8, 2013).*

5

### IV. Plaintiff Has Sufficiently Established His Co-Authorship for All Works At Issue.

As referenced in the Reply, Mr. Clinton has admitted that Worrell's contributions were vital to the creation of all of the various groups' recordings. Worrell served as musical director and was heavily involved in both the playing and production of the Sound Recordings. Ex. 4, Clinton Depo. at 11:20-12:7, 94:11-13, 98:20-23, 109:5-24, 110:8-17. His contributions were "intrinsic". *Id.* at 108:20-25. This was not just a one-off aside from Clinton; he further testified that: (1) Mr. Worrell added to the arrangement of the recordings; (2) served as the musical director in charge of directing the band; (3) both sat in on studio sessions *and* overdubbed; (4) added a "great deal of coloring" to the recordings; (5) wrote parts for the underlying songs and was given co-writer credits on musical compositions; (6) "got the record finished" in some instances; (7) participated in the mixing; and (8) that Mr. Worrell "knew how to merge everything" "and he did it very well." Ex. 4, Clinton Depo. at 11:1-13:5, 15:2-8; 18:13-24; 19:14-15; 94:11-13; 101:4-8.

*And* Clinton's Expert is in accord. "George Clinton was blessed to have Bernie Worrell" who was "essential in shaping the sound and energy of Parliament-Funkadelic." Ex. 3, Elliott Rebuttal at ¶¶ 19, 20.

That is, the record clearly establishes that Mr. Worrell had a vital, integral part in "capturing and electronically processing the sounds, and compiling and editing them to make the final sound recording." 1 Nimmer on Copyright § 2.10 (2025)

6

(citing H.R. Rep. No. 92-487, 92d Cong., 1st Sess. 5 (1971); S. Rep. No. 92-72, 92d Cong., 1st Sess. 5 (1971)). Given the breadth of his overall contributions, widely recognized throughout the music industry, admitted to by Clinton, and supported by Plaintiff's experts, Plaintiff should prevail.

Defendants argue that Plaintiff must go track-by-track to establish co-authorship. None of the authorities cited by Defendants expressly require such a fine inquiry as a track-by-track analysis or deal with an oeuvre such as is present in this case. For example, Defendants rely on *Corwin v. Quinonez*, 858 F. Supp. 2d 903 (N.D. Ohio 2023), to argue that Plaintiff must individually articulate contributions to *each* track at issue. However, that is not the *Corwin* Court's holding. Rather, there the *Corwin* Court noted that Plaintiff had utterly failed to adduce *any* evidence pertaining to three of the works at issue and had otherwise failed to adduce sufficient evidence with regards to the others.

Nonetheless, the *Corwin* Court then went on to analyze Plaintiff's claims for co-authorship in general terms, discussing, *inter alia*, Defendants' purported acknowledgement of Plaintiff's ownership being insufficient, determining that Plaintiff did not have requisite decision making authority to demonstrate mutual intent to be joint authors, and that the band's songs were registered with BMI in the *bandmembers'* names rather than his. *Id.* at 909-14.

Further underscoring the difference between the case at bar and *Corwin*, is the undisputed facts regarding the creation of the songs and recordings at issue there:

> The parties disagree about the extent of Plaintiff's input and control over the writing and recording process…Plaintiff agrees that Defendant independently programed and recorded each basic electronic song using music production software called FL Studio. Once the basic song was created, Plaintiff and Defendant collaborated on how Plaintiff could perform live instrumental components on top of the basic track. For "Dance Transylvania," "I Consume You," and "Baby Got Her Gun Out," Plaintiff apparently contends that he brought the original idea for these songs to Defendant, but concedes that he had no working knowledge of FL Studio during the production of the first album, and only limited knowledge during production of the second.

*Id.* at 905-06.

These facts could not be more different from the "intrinsic," "essential" contributions made by Worrell serving as band director and who admittedly "got the record finished" and participated in the mix with overdubbing and by knowing "how to merge everything." Furthermore, Plaintiff *has* adduced specific evidence with regard to specific tracks: Clinton admitted that songwriting credit was given to those tracks for which Mr. Worrell had a special contribution to the writing and recording process (MSJ Ex. 4, Clinton Depo. 12:8-13:5), Bedrosian's book lists numerous tracks which credit Worrell for contributing to the actual recordings (MSJ Ex. 22); and Clinton's Supplemental Interrogatory responses detail Worrell's contributions to the recordings (MSJ Ex. 24).

8

While the Court's question for supplemental brief was directed at a practical question about how trial would proceed, Plaintiff emphasizes that for purposes of the pending dispositive motions, Plaintiff should prevail.  As to Defendants' Motion, even if Defendants met their initial burden under Rule 56, Plaintiff met its obligation to present sufficient evidence; "In order to fulfill this burden, the non-moving party only needs to demonstrate the minimal standard that a [trier of fact] could ostensibly find in his favor." *Summer v. Detroit Pub. Sch. Cmty. Dist.,* 714 F. Supp. 3d 832, 841 (E.D. Mich. 2024)(citation omitted). "The evidence is to be considered carefully and all reasonable inferences are to be drawn in favor of the nonmovant to determine 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" *Simpson v. Total Renal Care, Inc.,* 629 F. Supp. 3d 680, 686 (E.D. Mich. 2022)(citation omitted). The cumulative evidence cited above and in the summary judgment briefing – giving due deference to Plaintiff as the non-movant – covers the breadth of the Works at issue in this case. That alone is sufficient.  As to the weight to give that evidence in trial, should the Court not grant Plaintiff's Motion, that is another matter for another day.

9

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Daniel D. Quick*
Daniel D. Quick (P48109)
*Attorneys for Plaintiff*
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
dquick@dickinsonwright.com

Dated:  August 13, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, the foregoing document was electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing upon all registered counsel, and serve same.

By: */s/ Nancy Cohen*
Legal Secretary, Dickinson Wright PLLC

4920-5722-91504[101112-1]