# Exhibit 1

# ESTATE OF GEORGE BERNARD WORRELL, JR.

## v

## THANG, INC., and GEORGE CLINTON.

## Case No. 4:22-cv-11009

### AUGUST 20, 2025

## Independently Copyrightable Contribution Requirement

The "copyrightable subject matter test has been adopted, in some form, by a majority of the courts that have considered the issue."
*Tang v. Putruss*, 521 F. Supp. 2d 600, 605 (E.D. Mich. 2007) (J. Cox)

### Sixth Circuit
- *BancTraining Vid. Sys. v. First Am. Corp.*, (6th Cir. 1992)
- *Balkin v. Wilson*, (W.D. Mich. 1994)
- *Perry v. Herd*, (E.D. Tenn. 2006)
- *Tang v. Putruss*, (E.D. Mich. 2007)
- *Chambers v. Ingram Book Co.*, (E.D. Mich. 2010)
- *Downey v. Downey*, (S.D. Ohio 2010)
- *Dorchen/Martin Assocs. v. Brook of Cheboygan, Inc.*, (E.D. Mich. 2012)
- *Corwin v. Quinonez*, (N.D. Ohio 2012)
- *Brittney Gobble Photography LLC v. Wenn Ltd.*, (E.D. Tenn. 2017)
- *Navarro v. P&G*, 515 F. Supp.3d 718, 747 (S.D. Ohio 2021)
- *Hanna v. Jespersen & Assocs. LLC*, (E.D. Mich. 2025)

### Other Cited Circuits
- *Childress v. Taylor*, (2d Cir. 1991)
- *Thomson v. Larson*, (2d Cir. 1998)
- *Aalmuhammed v. Lee*, (9th Cir. 2000)
- *Erickson v. Trinity Theatre, Inc.*, (7th Cir. 1994)
- *Gaylord v. U.S.*, (Fed. Cir. 2010)
- *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, (11th Cir. 1990)

*Gaiman v. McFarlane*
(7th Cir. 2004)

**Janky v. Lake Cnty. Conv.,**
(7th Cir. 2009)

2

## **Plaintiff's Proposed Multi-Stage Declaratory Judgment Process**

▶ "There is no triable issue of fact pertaining to Mr. Worrel's [sic] entitlement to co-ownership. He is therefore entitled to summary judgment on liability, leaving the only triable issues for trial to be:

  ▶ (1) the percentage of ownership **for each Sound Recording**, and

  ▶ (2) once those percentages are determined, the accounting of past royalties due to Mr. Worrell."

ECF No.133, PageID.3462-63 (emphasis added)

3

**Step 1: "summary judgment on liability" in favor of Worrell**

- There is no "liability" in Plaintiff's DJ
- Would preclude jury from examining facts presented in the Step 2 jury trial
- Would fail to meet the first 3 elements of a DJ



**Step 2: a trial to determine "the percentage of ownership for <u>each Sound Recording</u>"**

- Jury would need to hear the same evidence on Worrell's contributions to determine ownership percentage.
- Analysis would need to be done on a track-by-track basis.
- If no evidence for a particular song, jury precluded from awarding a 0% ownership interest because of Step 1.

**Step 3: "the accounting of past royalties due to Mr. Worrell" based on ownership %**

- Ignores all the other P-Funk members who would necessarily have ownership/accounting rights under Plaintiff's theory

4

# Plaintiff Acknowledges that this is a Jury Trial

"…if the Court in its sound discretion determines that Mr. Worrell is entitled to a non-zero percentage, it of course may issue such an Order and **provide such an instruction to the jury**."

ECF No. 153, PageID.4918 (emphasis added)

motion would not dispose of *all* issues does not preclude the judgment it seeks here. Indeed, this is *precisely* what Rule 56 contemplates. *See* FED. R. CIV. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case."). That is, regardless of the words Defendants try to put into the Plaintiff's mouth (*see* Opp. at p. 36), if the Court in its sound discretion determines that Mr. Worrell is entitled to a non-zero percentage, it of course may issue such an Order and provide such an instruction to the jury. Indeed, this happens routinely where a Defendant is found liable on motion for partial summary judgment where a trial proceeds on damages.

5

# Plaintiff Concedes Self-Repudiation

▶ "Regardless, the Plaintiff's theory is that while the 1976 Agreement was in place (and adhered to), **Mr. Worrell consented to Clinton's ownership of the Sound Recordings** as part of the bargained-for consideration."

ECF No. 153, PageID.4908  (emphasis added).

release the instant claims. *See* P's Opp. at p. 24. The same is true for Defense 23 (accord and satisfaction and/or release) which merely parrots Defense 4. Defenses 7 and 19 for (license and consent) were also dealt with at length and would only serve as a defense to infringement. Regardless, the Plaintiff's theory is that while the 1976 Agreement was in place (and adhered to), Mr. Worrell consented to Clinton's ownership of the Sound Recordings as part of the bargained-for consideration.

6