UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ESTATE OF GEORGE BERNARD WORRELL, JR., | Case No. 4:22-cv-11009 |
| Plaintiff, | District Judge F. Kay Behm |
| v. | Magistrate Judge David R. Grand |
| THANG, INC., and GEORGE CLINTON, | |
| Defendants. | |

___

**DEFENDANTS THANG, INC, AND GEORGE CLINTON'S MOTION TO STAY ENFORCEMENT OF SANCTIONS ORDER PENDING RESOLUTION OF COUNSEL'S MOTION'S FOR ATTORNEYS' FEES AND SANCTIONS**

Defendant Thang, Inc, and George Clinton through undersigned counsel, pursuant to Federal Rule of Civil Procedure 62, respectfully moves this Court to stay enforcement of the sanctions order entered against undersigned counsel (ECF 164) pending resolution of counsel's motions for attorneys' fees and sanctions against Plaintiff (ECF 159). Stay of Proceedings to Enforce a Judgment. In support of this Motion, counsel states as follows:

1. On August 8, 2025, this Court entered an order imposing sanctions against the undersigned counsel in the amount of $5,280.

2. On September 4, 2025, this Court granted summary judgment in favor of Defendant (ECF 170), making Defendant the prevailing party in this

1

copyright action.

3. As the prevailing party in this copyright action, Defendant will file a motion for attorneys' fees in accordance with the stipulated order entered on September 18, 2025 (ECF 173).

4. Defendant also has a pending motion for sanctions against Plaintiff for vexatious and frivolous litigation pursuant to Federal Rule of Civil Procedure 11 (ECF 159), 28 U.S.C 1927, and the Court's inherent powers.

5. Plaintiff has repeatedly represented to this Court that she is destitute and lacks financial resources.

6. Enforcing the sanctions order against counsel at this time would create a substantial risk that counsel would be unable to recover the $5,280 from Plaintiff if the Court subsequently grants Defendant's motions for attorneys' fees and sanctions, which are expected to total several hundred thousand dollars.

7. Federal Rule of Civil Procedure 62(h) expressly authorizes this Court to "stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered." Stay of Proceedings to Enforce a Judgment.

8. This Court has inherent authority to manage its docket and stay proceedings to ensure the just and efficient resolution of matters before it. Writs.

9. Federal Rule of Civil Procedure 1 directs that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

10. Staying enforcement of the sanctions order against counsel until the Court resolves Defendant's pending motions for attorneys' fees and sanctions would promote judicial efficiency and prevent potentially inequitable results.

11. A stay would not prejudice Plaintiff, as it would merely delay enforcement of the sanctions order until the Court determines the parties' respective financial obligations.

12. Conversely, denying a stay could result in substantial prejudice to counsel if counsel is required to pay $5,000 to Plaintiff, who has claimed to be destitute, and then is unable to recover those funds if the Court grants Defendant's motions for attorneys' fees and sanctions.

13. The balance of equities strongly favors granting a stay of enforcement of the sanctions order against counsel pending resolution of Defendant's motions for attorneys' fees and sanctions.

WHEREFORE, counsel respectfully requests that this Court enter an Order staying enforcement of the sanctions order against counsel pending resolution of

Defendant's motions for attorneys' fees and sanctions against Plaintiff, and for such other and further relief as this Court deems just and proper.

                                  Respectfully submitted,

                                  SCHENK & BRUETSCH, PLLC

                                  */s/ James P. Allen Sr.*
                                  James P. Allen, Sr. (P52885)
                                  *Attorneys for Defendants*
                                  211 W. Fort Street,
                                  Detroit, MI 48226
                                  (313) 774-1000
Dated: September 24, 2025         james.allen@sbdetroit.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ESTATE OF GEORGE BERNARD WORRELL, JR., | Case No. 4:22-cv-11009 |
| Plaintiff, | District Judge F. Kay Behm |
| v. | Magistrate Judge David R. Grand |
| THANG, INC., and GEORGE CLINTON, | |
| Defendants. | |

_____

**DEFENDANTS THANG, INC, AND GEORGE CLINTON'S BRIEF IN SUPPORT OF MOTION TO STAY ENFORCEMENT OF SANCTIONS ORDER PENDING RESOLUTION OF COUNSEL'S MOTION'S FOR ATTORNEYS' FEES AND SANCTIONS**

## I.   INTRODUCTION

Defendant respectfully moves this Court to stay enforcement of the sanctions order pending resolution of Defendant's pending and anticipated motions for attorneys' fees and sanctions. This motion seeks temporary relief to preserve the status quo while related motions are resolved, not pending any appeal.

## II.   LEGAL STANDARD

Federal courts apply a four-factor test when considering motions to stay enforcement of orders. The court balances the traditional factors governing injunctive relief in ruling on motions to stay. The factors are: "(1) whether the

1

defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies." *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). "These factors are to be balanced." *Id.*

Importantly, "[t]hese factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). To justify the granting of a stay, a movant need not always establish a high probability of success on the merits. *Id.* (citation omitted). "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer from the stay." *Id.* (citation omitted).

### III.   ANALYSIS

#### A. <u>Likelihood of Success on Pending Motions</u>

Defendant has raised serious questions about the legitimacy of this suit in the underlying sanctions motion and will do so in the anticipated motion for attorneys' fees and sanctions because Defendants prevailed in the underlying action. The Court has also found that Plaintiff has "no plausible basis" for recovery on the sound

recordings that pre-date January 1, 1976, the period where most of the recordings at issue were made. The balancing test does not require a high probability of success where other factors weigh in favor of granting the stay.

### B. Irreparable Harm

Enforcement of the sanctions order while related motions remain pending would cause irreparable harm to Defendant. The immediate enforcement of monetary sanctions creates financial harm that may be difficult to recover if Defendant's pending motions are ultimately successful. This harm is particularly acute given Mrs. Worrell's repeated assertions of poverty.

### C. Harm to Other Parties

A temporary stay pending resolution of related motions will not substantially injure other parties. The stay merely preserves the status quo for a limited time while the Court resolves the pending and anticipated motions. Any delay in enforcement is minimal and temporary, lasting only until the Court can rule on the related motions.

### D. Public Interest

The public interest favors allowing the Court to fully consider all related motions before enforcing sanctions. Judicial efficiency and fairness are served by resolving all related issues comprehensively rather than piecemeal. The temporary

3

nature of the requested stay serves the public interest in ensuring that sanctions are enforced only after full consideration of all relevant arguments.

## IV. CONCLUSION

The four-factor test supports granting Defendant's motion to stay enforcement of the sanctions order. Defendant has demonstrated serious questions going to the merits through its pending motions, irreparable harm from immediate enforcement, minimal harm to other parties from a temporary stay, and that the public interest favors comprehensive resolution of related issues. Accordingly, Defendant respectfully requests that this Court grant the motion to stay enforcement pending resolution of the pending and anticipated motions for attorneys' fees and sanctions.

Respectfully submitted,

SCHENK & BRUETSCH, PLLC

Dated: September 24, 2025

*/s/ James P. Allen Sr.*
James P. Allen, Sr. (P52885)
*Attorneys for Defendants*
211 W. Fort Street,
Detroit, MI 48226
(313) 774-1000
james.allen@sbdetroit.com

4

CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/ Veronica Sanford