# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF GEORGE BERNARD
WORRELL, JR.,

       Plaintiff,

vs.

THANG, INC. and
GEORGE CLINTON,

       Defendants.

Case No. 4:22-cv-11009-FKB-DRG
District Judge F. Kay Behm
Magistrate Judge David R. Grand

_____

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
## ENFORCEMENT OF SANCTIONS ORDER (ECF 175)

_____

## <u>ISSUES PRESENTED</u>

1.    When Defendants were ordered to pay fees, then refused and were sanctioned
      further for Plaintiff having to file a motion, should Defendants' latest attempt
      to not pay the fee – which has resulted in yet additional costs for Plaintiff – be
      granted?

      Plaintiff answers:  NO

# MOST CONTROLLING AUTHORITIES

**Cases**

*Baldwin-United Corp. v. Thompson*, 52 B.R. 142, 145 (Bankr. S.D. Ohio 1985)

*Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 628 (6th Cir. 2004)

*Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 207 (2016)

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)

*Nat'l Bev. Sys. v. Leonard Fountain Specialties, Inc.*, No. 12-10658, 2013 U.S. Dist. LEXIS 4326, at *4-5 (E.D. Mich. Jan. 11, 2013) (quoting McGhee v. Sanilac Cnty, 934 F.2d 89, 92 (6th Cir. 1991) (itself quoting Fed. R. Civ. P. 11 Advisory Committee Notes))

*Nat'l Bev. Sys.*, 2013 U.S. Dist. LEXIS 4326, at *8 (citing *Mapother & Mapother, P.S.C. v. Cooper*, 103 F.3d 472, 478 (6th Cir. 1996))

*Nken v. Holder*, 556 U.S. 418, 427 (2009)

## I.     <u>INTRODUCTION</u>

On August 8, 2025, this court granted Plaintiff's Motion for Attorney's Fees (ECF No. 142) and ordered Defendants' counsel to pay $5,280 in attorneys' fees to Plaintiff. (ECF No. 164, hereinafter referred to as the "Order").  That Order included an additional sanction for Plaintiff having to file a motion to obtain the fees. Defendants are at it again with the present motion, forcing Plaintiff to spend yet *more* time to get what should have already been paid.

Defendants have failed to comply with the Order and now seek to stay its enforcement because of their pending Rule 11 motion and anticipated fee motion. This is improper. The monies owed to Plaintiff are certain. Defendants' claim to any money is speculative at best. The mere possibility of a future fee award does not justify adhering to the Order, which should have been satisfied long ago.

## II.     <u>LEGAL STANDARD</u>

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotations and citations omitted). As such, "[t]he power to stay execution should be exercised with caution and never unless the case is plain and the equity of the party seeking it free from doubt or difficulty." *Baldwin-United Corp.*

1

*v. Thompson*, 52 B.R. 142, 145 (Bankr. S.D. Ohio 1985). This alone should end the inquiry.

Nonetheless, Plaintiff will address the factors Courts balance when a party moves for a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken,* 556 U.S. 418, 434 (2009).

## III.   <u>ARGUMENT</u>

### A.    **Likelihood of Success**

Defendants likely will not succeed in obtaining fees based on their pending Rule 11 Motion or their anticipated fee motion (which may not even be brought based on the outcome of appeal).

First, as more fully briefed in Plaintiff's Response in Opposition to Defendants' Motion for Sanctions (ECF 162), Plaintiff's position regarding the pre-1976 works, based on the testimony in the record and interpretation of the 1976 Agreement was in no way brought in bad faith and was not objectively unreasonable. "Rule 11 'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" *Nat'l Bev. Sys. v. Leonard Fountain Specialties, Inc.*, No. 12-10658, 2013 U.S. Dist. LEXIS 4326, at \*4-5 (E.D. Mich. Jan. 11, 2013) (quoting

2

*McGhee v. Sanilac Cnty.*, 934 F.2d 89, 92 (6th Cir. 1991) (itself quoting FED. R. CIV. P. 11 Advisory Committee Notes)). "Sanctions are not to be meted out liberally and should apply only in especially egregious cases." *Nat'l Bev. Sys.*, 2013 U.S. Dist. LEXIS 4326, at *8 (citing *Mapother & Mapother, P.S.C. v. Cooper*, 103 F.3d 472, 478 (6th Cir. 1996)). This is objectively not such an egregious case, for if it were, the issue would have come to a head, or even argued in Defendants' 12(b)(6) and/or 12(c) motion.

Second, with regard to Defendants' intention to file a motion for attorneys' fees (depending on the outcome of Plaintiff's appeal), it is clear that in copyright cases, "[a]ttorney fees are not to be awarded automatically to every prevailing party…This is consistent with the view from other circuits that it generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 628 (6th Cir. 2004).

The Defendants analysis on this point is purely conclusory, amounting to the unsupported insinuation that because it (currently) has prevailed at summary judgement, it necessarily will be awarded anything more than dismissal. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 207 (2016) ("[P]lacing substantial weight on objective reasonableness also treats plaintiffs and defendants even-handedly, as *Fogerty* commands. No matter which side wins a case, the court

3

must assess whether the other side's position was (un)reasonable. … Courts every day see reasonable defenses that ultimately fail (just as they see reasonable claims that come to nothing); in this context, as in any other, they are capable of distinguishing between those defenses (or claims) and the objectively unreasonable variety. And if some court confuses the issue of liability with that of reasonableness, its fee award should be reversed for abuse of discretion.")

Defendants have not, and cannot, show the relevant likelihood of success.

## B.    Irreparable Harm

Defendants identify no irreparable harm cognizable under the law. Their only argument is that if they satisfy the Order now, and later prevail on a separate motion, they ___may___ not be able to collect from Plaintiff. That is not irreparable harm, it is a routine monetary risk based entirely on speculation, and speculation about future collectability is not irreparable injury. "Mere injuries, however substantial, in terms of money…are not enough. In addition, the harm alleged must be both certain and immediate, rather then speculative or theoretical." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).

## C.    Injury to Other Interested Parties

The true harm from a stay would squarely be suffered by Plaintiff. Defendants tacitly admit this by acknowledging Plaintiff's financial struggles (in substantial part due to Defendants' decades long course of conduct). Staying enforcement of the

Order, which should have already been satisfied will undoubtably cause injury to Plaintiff. Plaintiff has already been injured by Defendants' failure to comply with the Order and will continue to suffer if enforcement of the Order is stayed.

### D.    Public Interest

Defendants fail to realize that they have violated, and continue to be in violation of the Order. The public has a serious and vested interest in having parties comply with court orders and not turning them into wait-and-see games. Defendants' attempt to delay compliance undermines the integrity of the Court's orders.

## IV.    <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to stay enforcement of the Order pending resolution of the pending and anticipated motions for attorneys' fees and sanctions.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

 /s/ *Daniel D. Quick*
Daniel D. Quick (P48109)
*Attorney for Plaintiff*
2600 W. Big Beaver Road, Suite 300
Troy, MI 4804
248-433-7200
dquick@dickinsonwright.com

Dated:  October 7, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2025 the foregoing document was electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing upon all registered counsel, and serve same.

By: */s/ Nancy Cohen*
Legal Secretary, Dickinson Wright PLLC

4927-4554-60963[101112-1]