# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ESTATE OF GEORGE BERNARD WORRELL, JR., | Case No. 4:22-cv-11009 |
| Plaintiff, | District Judge F. Kay Behm |
| v. | Magistrate Judge David R. Grand |
| THANG, INC., and GEORGE CLINTON, | |
| Defendants. | |
_____/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY ENFORCEMENT OF SANCTIONS ORDER (ECF 164)**

## I. INTRODUCTION

Plaintiff's opposition confirms that the requested stay is not about avoiding payment or flouting the Court's authority, but about preserving fairness and judicial efficiency while interrelated fee and sanctions motions are adjudicated. The August 8, 2025 sanctions order arose from procedural issues wholly distinct from the merits. Since then, Defendants have prevailed on summary judgment and are now pursuing two related fee and sanctions motions that—if granted—would dwarf the nominal sanction at issue.

The stay sought is temporary and narrow: enforcement is paused only until the Court decides the fee and sanctions motions. Plaintiff's rhetoric about "refusing

to pay" obscures the simple fact that the equitable factors favor maintaining the status quo to avoid inconsistent results and potential irrecoverable loss.

## II. **PLAINTIFF MISAPPLIES THE GOVERNING STANDARD.**

The controlling authority, *Nken v. Holder*, 556 U.S. 418, 427 (2009), confirms that a stay is not automatic, but rather a discretionary tool allowing courts to manage their dockets and ensure fairness. Plaintiff quotes *Nken* for its cautionary language but misapplies its balancing test. Courts in this Circuit repeatedly emphasize that the four factors—likelihood of success, irreparable harm, injury to others, and public interest—are interrelated considerations, not rigid prerequisites. *Mich. Coalition of Radioactive Material Users v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Plaintiff's suggestion that a stay requires certainty of the equities and should "never" be granted "unless the case is plain" overstates the standard. ECF No. 178, PageID.5338 citing *Baldwin-United Corp. v. Thompson*, 52 B.R. 142, 145 (Bankr. S.D. Ohio 1985).[1] The inquiry is flexible: the greater the showing of potential harm

---

[1] Plaintiff's quote from *Baldwin-United* is inapposite. That adversary proceeding in a bankruptcy case dealt with a defendant's request to stay the enforcement of a judgment that exceeded $1 million. The bankrupt plaintiff was facing regulatory deadlines to collect as many assets "as quickly as possible," and the defendant had failed "to offer an acceptable plan for the judgment's satisfaction", precluding the issuance of a stay. *Baldwin-United*, 52 B.R. at 144-145. Here, Plaintiff is under no such deadline, and the amount in judgment Defendants are seeking to stay ($5,280) is a small fraction of the attorneys' fees Defendants are entitled to as the prevailing party under the Copyright Act and the sanctions in Defendants' pending Rule 11 motion.

and inequity, the less stringent the showing of success need be, even though Defendants made a strong showing of likelihood of success on the motions for fees.

### III. DEFENDANTS HAVE SHOWN A STRONG LIKELIHOOD OF SUCCESS OR, AT MINIMUM, SUBSTANTIAL QUESTIONS WARRANTING A STAY.

Plaintiff devotes several pages to re-arguing the merits of its opposition to Defendants' pending Rule 11 and fee motions, asserting that its claims were "not objectively unreasonable." ECF No. 178, PageID.5339. That is a merits issue for those motions—not a reason to deny temporary relief. The stay motion need only demonstrate that Defendants' challenges raise serious questions going to the merits and are not frivolous, which is plainly satisfied here.

The Court has already granted summary judgment in Defendants' favor, finding that Plaintiff's theory could "not plausibly account" for the pre-1976 sound recordings. ECF No. 170, PageID.5219. That finding alone substantiates the seriousness of Defendants' forthcoming fee and sanctions motions. Those motions, if granted, could result in an offset or full reimbursement of any sums currently subject to the sanctions order. It would be inequitable to compel immediate payment only to require repayment after the Court issues those rulings.

Plaintiff's reliance on *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615 (6th Cir. 2004), is misplaced. That case cautions against automatic fee awards to prevailing defendants where the plaintiff's claims are reasonable. It does

not preclude the Court from considering fee shifting or sanctions where, as here, the litigation was pursued long after dispositive precedent, sworn testimony, and discovery had eliminated any colorable claim, especially for recordings prior to 1976.

## IV. IMMEDIATE ENFORCEMENT WOULD CAUSE IRREPARABLE HARM.

Plaintiff asserts that the harm Defendants face is merely "speculative," and the risk that Defendants "may not be able to collect from Plaintiff … is not irreparable harm." ECF No. 178, PageID.5341.. Plaintiff is wrong. The Estate's representative has repeatedly represented that she is destitute and lacks assets. If Defendants satisfy the sanctions order now, and Defendants later prevail on their pending motions, there is a very real risk that Defendants will not obtain reimbursement. The Supreme Court has held that this constitutes irreparable harm:

> Normally the mere payment of money is not considered irreparable, but that is because money can usually be recovered from the person to whom it is paid. If expenditures cannot be recouped, the resulting loss may be irreparable.

*Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010) *citing Mori v. Boilermakers*, 454 U.S. 1301, 1303 (1981). Defendants' loss would be permanent and unrecoverable, satisfying the irreparable harm factor.

By contrast, Plaintiff will suffer no comparable harm from a brief administrative delay. The order at issue does not concern an ongoing right, injunctive relief, or discovery compliance—it concerns only payment timing.

## V. <u>PLAINTIFF, NOT DEFENDANTS, SEEKS TO ALTER THE STATUS QUO.</u>

The stay merely preserves the status quo pending resolution of related motions. Plaintiff's opposition concedes that enforcing the order now would require Defendants' counsel to pay $5,280 immediately, notwithstanding unresolved motions that could offset or eliminate that amount. That is the definition of premature enforcement. Contrary to Plaintiff's assertion, Defendants are not "at it again." Counsel has complied with every directive of the Court, including producing documents, attending hearings, and meeting deadlines. The only issue is whether payment should await resolution of motions that may render the sanction moot. Courts regularly stay execution of monetary sanctions in precisely these circumstances to avoid the "pay now, reimburse later" problem.

## VI. <u>THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR A STAY.</u>

The equities favor Defendants. Plaintiff would experience only a short delay in payment of a relatively small sanction, whereas Defendants face a potentially unrecoverable loss. This harm outweighs a minimal delay in enforcement. *See, Philip Morris USA Inc.*, 561 U.S. at 1305 (where payment may not be recouped,

"[r]efusing a stay may visit an irreversible harm on applicants, but granting it will apparently do no permanent injury to respondents."). Plaintiff argues that public interest favors immediate compliance with all orders. That is true in the abstract—but here, the public interest is better served by consistent and equitable administration of the Court's judgments, not piecemeal enforcement. Granting a stay ensures that the Court's ultimate rulings on sanctions and fees are internally coherent and avoids unnecessary motion practice if repayment later becomes required.

## VII. CONCLUSION

The Court's discretion under Rules 1 and 62 exists precisely for circumstances like this—where simultaneous fee and sanction proceedings create a temporary risk of inequitable outcomes. Defendants' motion seeks only a short, narrowly tailored stay to allow the Court to resolve related issues comprehensively and fairly. For these reasons, and those stated in Defendants' opening brief, the Court should grant the Motion to Stay Enforcement of the Sanctions Order (ECF 164) pending resolution of all pending and anticipated fee and sanctions motions.

Respectfully submitted,

October 14, 2025       SCHENK & BRUETSCH, PLC

/s/James P. Allen, Sr
By: James P. Allen, Sr. (P52885)
Attorney for Defendants Thang, Inc. and George Clinton

> 211 W. Fort St., Suite 1410
> Detroit, MI 48226
> (313) 774-1000
> james.allen@sbdetroit.com

CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2025, I electronically *Defendants' Reply in Support of Motion to Stay Enforcement of Sanctions Order (ECF 164),* and this *Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing and send copy of same to the attorneys of record.

> /s/Veronica Sanford