UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ESTATE OF GEORGE BERNARD WORRELL, JR., | Case No. 22-11009 |
| Plaintiff, | F. Kay Behm<br>United States District Judge |
| v. | |
| THANG, INC., *et al.*, | |
| Defendants.<br>_____ / | |

**OPINION AND ORDER ON DEFENDANTS'
MOTION FOR SANCTIONS (ECF No. 159)**

I.  **PROCEDURAL HISTORY**

Defendants filed this motion for sanctions on July 15, 2025. (ECF No. 159). On July 29, 2025, Plaintiff filed a response. (ECF no. 162). And on August 6, 2025, Defendants filed a reply. (ECF No. 163). The court finds, pursuant to Local Rule 7.1(f)(2), that oral argument is not necessary and it will decide the matter on submission and determination without hearing. For the reasons set forth below, the court **DENIES** the motion for sanctions.

II.  **FACTUAL BACKGROUND**

The court incorporates the factual background from its Opinion and Order on the cross-motions for summary judgment. (ECF No. 170).

1

**III.   ANALYSIS**

    A.   <u>Rule 11 Sanctions</u>

Fed. R. Civ. P. 11 requires an attorney filing a pleading in federal court to certify, to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a belief or a lack of information.

Fed. R. Civ. P. 11(b).  The Sixth Circuit's test for Rule 11 sanctions asks "whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997) (citing *Lemaster v. United States*, 891 F.2d 115, 118 (6th Cir. 1989)).  Courts must use an objective standard and must determine what was reasonable under the circumstances at the time the pleading was filed.  *Salkil v. Mount Sterling*

*Twp. Police Dep't*, 458 F.3d 520, 530 (6th Cir. 2006) (citing *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)) ("Although a district court is given wide discretion in deciding whether counsel have acted reasonably under the circumstances, '[t]he court is expected to avoid using the wisdom of hindsight and should test [counsel]'s conduct by inquiring what was reasonable to believe at the time [counsel acted.]'").

Defendants argue that Plaintiff's claims for any pre-1976 sound recordings are meritless and therefore, Rule 11 sanctions are warranted. More specifically, Defendants argue that Plaintiff's only evidence of mutual intent is the 1976 Agreement. Plaintiff claims that "but for" this agreement, "Worrell would have had a claim to co-authorship given his contributions." (ECF No. 144, PageID.4597). According to Defendants, even if Plaintiff could show that Worrell contributed to each of the Works, there is no evidence or argument that the parties intended to be joint authors when recording any sound recording between 1969 and 1976. This is so, argue Defendants, because the "1976 Agreement" commenced on January 1, 1976 (*see* ECF No. 133-6, PageID.3643, ¶ 1) and has no relevance to any sound recording predating this initial period. Defendants argue that Plaintiff has conceded a

lack of intent for all sound recordings made before 1976 yet has refused to dismiss those Works from this litigation.

Plaintiff contends that from 1976 until Worrell's death in 2016, "Mr. Worrell was under the impression that the 1976 Agreement was in place." (ECF No. 144, PageID.4595). Plaintiff argues that "Worrell and the Estate believed in the validity of the 1976 Agreement until" Clinton filed his affidavit in the 2019 New York action, so the "claims for ownership are thus timely." *Id*. According to Defendants, even if it were plausible that Worrell could ignore all of the binding forms of accrual because he believed in the purported authenticity of the unsigned 1976 Agreement, that would still leave untimely all of Plaintiff's claims for the sound recordings between 1969 and 1976. According to Defendant, Plaintiff's only argument for timeliness is the 1976 Agreement, and that document only covers recordings made after January 1, 1976. Thus, Defendant contends that Plaintiff's assertion that its copyright claims for the sound recordings between 1969 and 1976 did not accrue until 2019 is meritless.

While the court ultimately found that the 1976 Agreement did not apply to the recordings created between 1969 and 1975, that does not mean that

Plaintiff's assertion of its claim for this period is sanctionable.  In response to this motion for sanctions, Plaintiff argues that:

> Prior to entering into the 1976 Agreement, Clinton and Mr. Worrell entered into an oral agreement whereby Clinton would pay Mr. Worrell $200 a week for "Live performances." Ex. 1, Judie Worrell Depo. 12:14. Prior to entering into the 1976 Agreement, "…George told Bernie that he was part of Thang…" (*Id.* at 14:15-17) and that "there was an agreement that everybody was going to share in Thang, Incorporated." Id. at 39:14-16. As such, prior to entering into the 1976 Agreement, Defendants and Mr. Worrell understood that Mr. Worrell would be entitled to royalties for the sound recordings at issue in this case by "sharing in" and "being a part of" Thang, Inc. These Agreements were then formalized and memorialized in the 1976 Agreement. This is why the royalty provisions in the 1976 Agreement state they are payable for "derivatives of Artist's performances sold." ECF 133-6 at PageID#3646-48. This is plainly not limited to derivatives of Artist's performances after the agreement was signed and acknowledges the parties prior understanding. After all, how could Mr. Worrell's first representation and warranty in the 1976 Agreement – "There are now in existence no prior recorded performances by Artist unreleased within the U.S., except as set forth herein." – be true if the agreement did not cover pre-1976 sound recordings? *Id.* at PageID#3649 ¶ 8(a).

Sanctions are not appropriate where the pleading or paper raises issues that "were fairly debatable and not easily resolved," or "[t]here was no clear binding precedent on the issues." *Laborers Loc. 938 Joint Health Welfare Tr.*

*Fund v. B.R. Starnes Co. of Fla.*, 827 F.2d 1454, 1458 (11th Cir. 1987); *accord Hy-Ko Prods. Co. v. Hillman Grp., Inc.*, 2012 WL 892560, at * 6 (N.D. Ohio Mar. 14, 2012).  The question is "whether a competent attorney …, after appropriate investigation, would have reasonably believed that the claim was well grounded in fact and law."  *Elsman v. Standard Fed. Bank (Mich.)*, 238 F. Supp. 2d 903, 909 (E.D. Mich. 2003).  "The analysis of an improper purpose under Rule 11(b)(1) resembles the analysis of bad faith or an improper purpose under a court's inherent power to sanction a party by shifting fees." *Teno v. Iwanski,* 464 F. Supp. 3d 924, 953 (E.D. Tenn. 2020) (*citing BDT Prods., Inc. v. Lexmark Intern., Inc.*, 602 F.3d 742, 752 (6th Cir. 2010).  Under that standard, pursuing an action that is without merit may be evidence of bad faith, but a court "must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings."  *Id*. (quoting *BDT Prods*., 602 F.3d at 753 & 752 n.4 (emphasis in original)). "Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose," but such conduct may *not* be shown *only* by knowing pursuit of a meritless claim.  *Id*. (quoting *BDT Prods*., 602 F.3d at 754).

6

In the court's view, Plaintiff's pre-1976 claims were "fairly debatable" and "not easily resolved." And while the claim was ultimately found barred by the statute of limitations, the court does not find any evidence of bad faith or improper purpose. Thus, Rule 11 sanctions are not warranted.

      B.      <u>28 U.S.C. § 1927 and Inherent Authority of the Court</u>

Title 28 U.S.C. § 1927 similarly provides a basis for sanctions. Specifically, it states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Under this section, "sanctions are warranted when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citing *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987)). "The purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Id.* (citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1230-31 (6th Cir. 1986)). "Unlike

Rule 11 sanctions, a motion for excess costs and attorney fees under § 1927 is not predicated upon a 'safe harbor' period, nor is the motion untimely if made after the final judgment in a case." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) (citing *In re Ruben*, 825 F.2d 977, 981-82) (6th Cir. 1987)). "In addition to Rule 11 and 28 U.S.C. § 1927, a district court may award sanctions pursuant to its inherent powers when bad faith occurs." *Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996).

Sanctions under § 1927 cannot be based on "simple inadvertence or negligence that frustrates the trial judge," rather "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Ridder*, 109 F.3d at 298 (citations omitted). "[T]he mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Id*. Just as with the Rule 11 sanctions, Defendants argue that Plaintiff vastly increased the work on Defendants by advancing "meritless co-

8

authorship claims for pre-1976 sound recordings." (ECF No. 159, PageID.5017). In support of its motion for sanctions under § 1927 and the inherent authority of the court, Defendants essentially rehash the arguments presented in their Rule 11 motion. The court rejects the claims for sanctions under § 1927 and the inherent authority of the court for the same reasons as it rejected the Rule 11 sanctions above, finding no bad faith by Plaintiff. The Defendants' arguments that Plaintiff pursued non-meritorious claims are essentially the same under all three standards and thus, the court's analysis above applies equally here. *See Prim Sec., Inc. v. McCarthy*, 2006 WL 3097214, at *4 (N.D. Ohio Oct. 30, 2006) ("Although the standard between Rule 11, 28 U.S.C. § 1927 and the Court's inherent power may differ slightly, in the context of this case, the analysis is equally applicable.").

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** Defendants' motion for sanctions.

**SO ORDERED.**

Date: February 17, 2026            s/F. Kay Behm
                                   F. Kay Behm
                                   United States District Judge