UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF GEORGE BERNARD
WORRELL, JR.,

       Plaintiff,

v.

THANG, INC., *et al.*,

       Defendants.

_____ /

Case No. 22-11009

F. Kay Behm
United States District Judge

**ORDER ON MOTION TO COMPEL DEFENDANTS TO PAY
PLAINTIFF'S EXPERTS (ECF No. 157) and MOTION TO STAY
ENFORCEMENT OF SANCTIONS ORDER PENDING
RESOLUTION OF MOTION FOR SANCTIONS (ECF No. 175)**

**I.    MOTION TO COMPEL DEFENDANTS TO PAY PLAINTIFF'S EXPERTS**

Defendants took the deposition of Plaintiff's experts Mr. Bob Kohn on

March 4, 2025, and Dr. Ellen Exner on March 6, 2025.  Invoices were provided

to Defendants on March 20, 2025.  (ECF No. 157-3).  These invoices remain

unpaid.  Rule 26(b)(4)(E) provides: "Unless manifest injustice would result,

the court must require that the party seeking discovery … pay the expert a

reasonable fee for time spent in responding to discovery under Rule

26(b)(4)(A)[.]"  This text includes an expert's time in deposition.  *Phillips v.

Tangilag*, 14 F.4th 524, 543 (6th Cir. 2021); *see also El Camino Res., Ltd. v.*

1

*Huntington Nat. Bank*, 2012 WL 4794589, at *1 (W.D. Mich. Sept. 18, 2012), report and recommendation adopted, 2012 WL 4794584 (W.D. Mich. Oct. 9, 2012) ("The rule states that the court *must* require that a party deposing the opponent's expert witness 'pay the expert a reasonable fee for time spent in responding to discovery.'") (emphasis in original, citation omitted).

Defendants acknowledge that they are responsible for paying the expert deposition fees.  But they argue that their counsel would risk violating MRPC 1.8 "if counsel assumed the responsibility for paying Plaintiff's experts."  (ECF No. 158, PageID.4975).  In support of this argument, Defendants cite *Conti v. Am. Axle & Mfg., Inc.*, 2007 U.S. Dist. LEXIS 46440, at *8-9 (E.D. Mich. June 27, 2007), which provides that "Michigan law prohibits an attorney from assuming responsibility for payment of costs, because doing so violates fundamental principles of champerty law that an attorney cannot acquire a financial interest in a lawsuit."  The court so held in the context of determining that a provision of a contingency fee agreement, which purported to absolve the client from paying costs if the firm substituted counsel without the client's consent.  The court concluded that costs cannot be "absolved" and even if the case is lost and the attorney does not recover a contingency fee, the client remains responsible for costs advanced by the attorney.  *Id*. at *8.  Thus, the

2

type of "assumption of costs" not permitted by *Conti* is where the client is purportedly *absolved* of costs, a circumstance not present here.  Notably, MRPC § 1.8(e)(1) provides "A lawyer shall not provide financial assistance to a client  in connection with pending or contemplated litigation *except that a lawyer may advance court costs and expenses of litigation*, *the repayment of which shall ultimately be the responsibility of the client*."  (Emphasis added). Regardless of whether Defendants' counsel advances these costs, Defendants remain responsible for any such costs so advanced.  Plaintiff is not asking and the court is not ordering Defendants' counsel to advance costs, in any event.  But the costs must be paid, as Defendants' acknowledge.

Accordingly, the court **ORDERS** that Defendants' must pay the expert witness deposition fees within 14 days of entry of this Order.  Failure to do so may result in the award of costs and fees to Plaintiff.  The court declines, at this time, to award costs and fees incurred by Plaintiff in bringing this motion.

## II.     MOTION TO STAY ENFORCEMENT OF SANCTIONS ORDER

The court granted Plaintiff's motion for attorney fees and awarded the amount of $5,280, to be paid by Defendants' counsel.  (ECF No. 164, PageID.5110).  Defendants now move for a stay of that order pending a decision on their motion for sanctions (ECF No. 159) and their yet-to-be filed

motion for costs and attorney fees, which the parties stipulated would be filed 30 days after the return of any appellate mandate if the court's judgment is affirmed.  (ECF No. 173).  The court has declined to award sanctions (ECF No. 180) and thus, this aspect of Defendants' motion is now moot.  Accordingly, the court must decide whether to stay the attorney fee award pending a decision on an as yet unfiled motion for attorney fees and costs.

Federal courts apply a four-factor test when considering motions to stay enforcement of orders.  The court balances the traditional factors governing injunctive relief in ruling on motions to stay.  The factors are: "(1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies." *Baker v. Adams County/Ohio Valley Sch. Bd*., 310 F.3d 927, 928 (6th Cir. 2002).  "These factors are to be balanced." *Id*.

As to the first factor – likelihood of success on the merits – it is difficult to analyze with respect to a motion that has yet been filed.  It seems far too speculative for the court to determine whether Defendants are likely to succeed on an as-yet unfiled motion for attorney fees.  The motion is also

4

dependent on their success in the Court of Appeals, adding another layer of speculation to an already speculative scenario.  Thus, the court finds that this factor does not weigh in favor of granting the stay.

Next, the question is will Defendants suffer irreparable harm absent the issuance of a stay.  Defendants argue that the "immediate enforcement of monetary sanctions creates financial harm that may be difficult to recover if Defendants' pending motions are ultimately successful" particularly given Mrs. Worrell's repeated assertions of poverty.  (ECF No. 175, PageID.5235). Plaintiff argues that this alleged harm is speculative, not irreparable.  The court agrees.  "Mere injuries, however substantial, in terms of money … are not enough." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).  And "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id*. (quoting *Sampson*, 415 U.S. at 90).  Here, if Defendants are successful on their future motion for attorney fees, there is only speculation that Plaintiff would be unable to pay.  "In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id*.  Again, because the

5

motion for attorney fees has yet been filed, the alleged harm to Defendants is speculative, and not certain or immediate.  While Defendants characterize the harm to Plaintiff as "brief administrative delay," having to wait while the Court of Appeals decides the appeal is not a "brief administrative delay." Plaintiff has suffered harm by Defendants' counsel's failure to pay the sanctions and will continue to suffer harm if any further delays are permitted. This factor weighs against the issuance of a stay.

As for the public interest factor, the court notes that the public has an interest in the enforcement of valid court orders.  *Miller v. Davis*, 2015 WL 9460311, at *2 (E.D. Ky. Sept. 23, 2015); *see also Gascho v. Glob. Fitness Holdings, LLC*, 2017 WL 2226604, at *10 (S.D. Ohio May 19, 2017).  And here, the public interest in having attorneys, as officers of the court, comply with sanctions orders is particularly strong.  *Stargaze Mgmt., LLC v. George Smith Partners, Inc*., 2015 WL 12656917, at *1 (C.D. Cal. Nov. 6, 2015) ("the public interest lies in the timely resolution of disputes, and the consistent enforcement of court orders.").  Accordingly, this factor weighs against the issuance of a stay.

Balancing all of the foregoing factors, the court finds that a stay is not warranted.  For the reasons set forth above, the court **DENIES** the motion to

stay enforcement of its sanctions order and orders Defendants' counsel to pay the $5,280 in sanctions within 14 days of entry of this Order.  The failure to timely pay the sanctions may result in the award of additional costs and fees.

**SO ORDERED**.

Date: February 17, 2026                    s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge